**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al*.,<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al*.,<br><br>Plaintiffs,<br><br>vs.<br><br>MCKESSON CORPORATION; MCKESSON SPECIALTY CARE DISTRIBUTION LLC; and MCKESSON MEDICAL-SURGICAL, INC.,<br><br>Defendants. | Adv. Proc. No. 24-50042 (KBO) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................................1

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING................................2

FACTUAL SUMMARY .......................................................................................................2

ARGUMENT ......................................................................................................................3

      A.     The Fifth Count for Turnover of Property Fails as a Matter of Law .......................3

      B.     The Sixth Count for Disallowance of Proofs of Claim Fails as a Matter of Law ....................................................................................................................5

CONCLUSION...................................................................................................................6

BN 82903407v2

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asousa P'ship v. Pinnacle Foods, Inc.*,
    264 B.R. 376 (Bankr. E.D. Pa. 2001) ........................................................................4

*City of Chicago, Ill. v. Fulton*,
    592 U.S. 154 (2021) ...................................................................................................3

*In re DHP Holdings II Corp.*,
    435 B.R. 264 (Bankr. D.Del. 2010) ...........................................................................4

*In re Hechinger Inv. Co. of Del., Inc.*,
    282 B.R. 149 (Bankr. D.Del. 2002) ...........................................................................4

*In re IPC Int'l Corp.*,
    2014 WL 5544692 (Bankr. D.Del. Nov. 3, 2014) ......................................................5

*In re Jamuna Real Estate, LLC*,
    357 B.R. 324 (Bankr. E.D. Pa. 2006) ........................................................................4

*Son v. Coal Equity, Inc.*,
    278 B.R. 54 (Bankr. D.Del. 2002) .............................................................................4

*U.S. v. Whiting Pools, Inc.*,
    462 U.S. 198 (1983) ...................................................................................................3

**Statutes**

Bankruptcy Code § 363 ..............................................................................................3, 4

Bankruptcy Code § 365(d)(1) .........................................................................................3

Bankruptcy Code § 542 ........................................................................................ *passim*

UCC § 2-712(1) ...............................................................................................................1

UCC § 2-712(2) ...............................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 7008-1 and 7008.....................................................................................1

Fed. R. Evid. 201(b)(2).....................................................................................................3

BN 82903407v2

Defendants McKesson Corporation, McKesson Specialty Care Distribution LLC, and McKesson Medical-Surgical, Inc. ("McKesson") hereby move to dismiss the fifth and sixth counts of the Complaint filed by plaintiff George L. Miller ("Trustee"), Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, "Debtors").[1]

## INTRODUCTION

1.      McKesson is one of the largest wholesale distributors of pharmaceuticals in the United States and Canada.   Debtors manufactured and distributed generic and branded pharmaceutical goods to McKesson for resale up until the time Debtors filed for bankruptcy in February, 2023 and then ceased their business operations.   In connection with the bankruptcy filing and business cessation, Debtors and the Trustee issued a national recall of a large portion of their pharmaceutical products, including those that had been sold to McKesson.  As a result of the recall, McKesson has incurred significant contractual losses (such as unsellable inventory (possessed by both McKesson and its customers), the cost to "cover" equivalent substitutable products,[2] and lost profits).

2.      McKesson's losses constitute deductions and offsets from monies owed to the Debtors.   Stated simply, McKesson does not owe Debtors for products that McKesson and its customers were unable to sell due to the recall.   Accordingly, Trustee's contractual claims against McKesson are contested and unliquidated.

3.      The fifth and sixth counts for relief seek bankruptcy remedies pursuant to and derivative of Section 542 of the Bankruptcy Code.  The Court should dismiss these claims because

---

[1]  In accordance with Local Rule 7008-1 and Rule 7008 of the Federal Rules of Civil Procedure, McKesson states that it does not consent to entry of final orders or judgment by the Court in this Adversary Proceeding.

[2]  "Cover" is a legal term contained in § 2-712 of the Uniform Commercial Code.  Under this section of the Uniform Commercial Code, when a seller of goods breaches a product supply agreement, the buyer may "cover" by purchasing substitute goods to those due from the breaching seller.  UCC § 2-712(1).  In the situation where the seller of goods breaches, the "covering" buyer is entitled to recover its damages.  UCC § 2-712(2).

BN 82903407v2

a Section 542 turnover claim is legally deficient where, as here, the Trustee's claims are unliquidated and contested contractual claims.   Boiled down, McKesson is simply not in possession of property of the bankruptcy estate.

4.      Trustee's sixth claim for disallowance of McKesson's proofs of claim is similarly faulty because it is premised on an alleged Section 542 turnover right.  For the same reason that the turnover claim fails, so too does the claim disallowance cause of action.

### STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

5.      This is an adversary proceeding brought by the Chapter 7 Trustee against McKesson.  McKesson's motion to dismiss is its first appearance in this proceeding.

### FACTUAL SUMMARY

6.      Debtors were national manufacturers of branded and generic pharmaceuticals. (Complaint ¶ 11.)

7.      McKesson purchased pharmaceutical products from Debtors pursuant to written agreements (the "Agreements") and invoices. (Complaint ¶¶ 15, 19 & 20.)

8.      Debtors allege that they are owed monies from McKesson for products they delivered.  (Complaint ¶¶ 21 & 23.)

9.      Debtors filed voluntary petitions for Chapter 7 bankruptcy relief on February 23, 2023.  (Complaint ¶ 10.)  George L. Miller is the appointed Chapter 7 trustee.

10.     Concurrent with the bankruptcy filing, Debtors ceased all business operations. (Complaint ¶ 14.)

11.     On or about May 2, 2023, the Trustee and/or Debtors issued a nationwide recall of a significant number of pharmaceutical products, which Debtors announced was in connection with the bankruptcy filings and the cessation of business operations.   The FDA publicly posted the recall announcement.  A copy of the announcement can be found from the following hyperlink.

BN 82903407v2

https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/update-akorn-issues-voluntary-nationwide-recall-various-human-and-animal-drug-products-within-expiry.[3]

12.     McKesson filed a Proof of Claim in the Debtors' lead bankruptcy case on June 23, 2023 based on the damages it had incurred and was continuing to incur as a result of the cessation of business and product recall.  (Claim 345-1, Attachment 1 at ¶ 6.)   In that proof of claim, McKesson asserted a secured claim for its setoff, netting, and deduction rights against any accounts payable owed to the Debtors.  (Claim 345-1, Attachment 1 at ¶ 7.)

13.     During the applicable time period of Bankruptcy Code § 365(d)(1), the Trustee never assumed the Agreements.  As a result, pursuant to Bankruptcy Code § 365(d)(1), the Agreements are now deemed rejected.

## ARGUMENT

**A.     The Fifth Count for Turnover of Property Fails as a Matter of Law**

14.     Trustee is wrongly attempting to dress up a contract claim as a turnover action under Section 542 of the Bankruptcy Code.  Because Section 542 does not apply to contested and unliquidated contract claims, the Court should dismiss this claim.

15.     A claim under Section 542(a) is premised and dependent on defendant's possession of "property of the estate."  Section 542(a) provides in pertinent part:

> [A]n entity … in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title  …  shall deliver to the trustee, and account for, such property or the value of such property ….

Likewise, under Section 363 of the Bankruptcy Code, a trustee may only use, sell or lease "property of the estate."

16.     To trigger a turnover obligation under Section § 542(a), the defendant thus must actually be in possession of "property of the estate."  *See e.g.*, *U.S. v. Whiting Pools, Inc.,* 462 U.S. 198 (1983); *City of Chicago, Ill. v. Fulton*, 592 U.S. 154 (2021).

---

[3]  The Court can take judicial notice of the recall notice pursuant to Rule 201(b)(2) of the Federal Rules of Evidence because the asserted fact can be accurately and readily determined from accurate sources (the FDA's public website).

BN 82903407v2

17.    In the present instance, McKesson is not in possession of property of the estate. Trustee has asserted unliquidated breach of contract claims for alleged non-payment.  Trustee may have standing to pursue Debtors' contract claims, but there is no "property of the estate" in McKesson's possession to turnover.  The subject property are the causes of action for alleged breach of contract, and the Trustee (not McKesson) is in possession of that.  *See In re Hechinger Inv. Co. of Del., Inc.*, 282 B.R. 149 (Bankr. D.Del. 2002) ("[t]he fact that the debtor may have equitable interest in certain breach of contract claims which seek to recover [funds], which interests constitute property of the estate" does not make the funds "subject to turnover under § 542 as property that the [d]ebtor may use under section 363"); *In re Jamuna Real Estate, LLC*, 357 B.R. 324, 334 (Bankr. E.D. Pa. 2006) ("At this stage in the litigation, the Court does not know whether the funds sought to be recovered are (or are not) estate property.  There exists then, a *bona fide* dispute on that material issue which means that the claims … are not strictly turnover claims").

18.    Likewise, Trustee's potential[4] claim under Section 542(b) also fails.  A claim under Section 542(b) is premised and dependent on the defendant owing a "debt" to the debtor that is both "property of the estate" and "matured, payable on demand, or payable on order."

19.    The Trustee's contract claim against McKesson does not meet these requirements. It is well established in this Circuit that Section 542(b) cannot be used to liquidate contract disputes.  *In re DHP Holdings II Corp.*, 435 B.R. 264, 271 (Bankr. D.Del. 2010) (citing *U.S. v. Inslaw, Inc.*, 932 F.2d 1467, 1472 (D.C. Cir. 1991) ("[i]t is settled law that the debtor cannot use the turnover provisions of [section 542] to liquidate contract disputes or otherwise demand assets whose title is in dispute"); *Son v. Coal Equity, Inc.*, 278 B.R. 54, 58 (Bankr. D.Del. 2002) (holding that an action to collect amounts owed under a pre-petition agreement, that was disputed, is non-core); *Asousa P'ship v. Pinnacle Foods, Inc.*, 264 B.R. 376, 384 (Bankr. E.D. Pa. 2001) (stating that section 542(b) is "available to debtors to obtain what is acknowledged to be property of the bankruptcy estate.").

20.    Furthermore, a trustee may not use section 542(b) to recover a debt where there is

---

[4] The Trustee's complaint is unclear which provision of Section 542 it is basing its turnover claim.

a *bona fide* dispute. *In re IPC Int'l Corp.*, 2014 WL 5544692, at *2 (Bankr. D.Del. Nov. 3, 2014) (citing *Stanziale v. Pepper Hamilton, LLC*, 335 B.R. 539, 554 (D.Del. 2005); *Hechinger Inv. Co. of Del., Inc. v. Allfirst Bank*, 282 B.R. 149, 162 (Bankr. D.Del. 2002)). A *bona fide* dispute exists "[i]f there is a genuine issue of a material fact that bears upon the [] liability, or a meritorious contention as to the application of law to undisputed facts." *In re IPC* at *3 (quoting *B.D.W. Assocs., Inc. v. Busy Beaver Bldg. Centers, Inc.*, 865 F.2d 65, 66 (3d Cir. 1989)).

21.     Here, the Trustee is attempting to use section 542(b) to liquidate a disputed contract claim.  It is beyond dispute that Debtor's pharmaceutical products were recalled.   It is beyond dispute that the Debtors breached the Agreements (which are now rejected) and that McKesson suffered significant damages as a result of these breaches.  The amount of money owed under the Agreements (if any) is unclear.  Only by full resolution of the adversary proceeding, and the breach of contract claims therein, will the amount owed be determined.

**B.     The Sixth Count for Disallowance of Proofs of Claim Fails as a Matter of Law**

22.     Trustee's sixth count for disallowance of McKesson's proof of claim similarly is premised on its right to recover property under Section 542.  (Complaint ¶¶ 65-66.)  Accordingly, for the same reasons that Trustee's turnover claim is flawed, so too is the claim disallowance cause of action.

BN 82903407v2

## CONCLUSION

For the foregoing reasons, McKesson respectfully requests the Court to dismiss with prejudice Trustee's fifth count for turnover of property and sixth count for disallowance of proofs of claim.

DATED:  June 3, 2024

By:/s/Jason C. Powell (No. 3768)
    JASON C. POWELL (NO. 3768)
    THE POWELL FIRM, LLC
    1813 N. Franklin St.
    P.O. Box 289
    Wilmington, DE 19899
    Telephone: 302-650-1572
    Email: jpowell@delawarefirm.com

    and

    JEFFREY K. GARFINKLE
    (Cal. SBN:  153496; *Pro Hac Vice* pending)
    STEVEN H. WINICK
    (Cal. SBA:  160815; *Pro Hac Vice* pending)
    BUCHALTER, a Professional Corporation
    18400 Von Karman Avenue, Suite 800
    Irvine, CA  92612-0514
    Telephone: 949-760-1121
    Email:  jgarfinkle@buchalter.com
          swinick@buchalter.com

    *Attorneys for Defendants*
    MCKESSON CORPORATION; MCKESSON
    SPECIALTY CARE DISTRIBUTION LLC; and
    MCKESSON MEDICAL-SURGICAL, INC.