## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MCKESSON CORPORATION, MCKESSON SPECIALTY CARE DISTRIBUTION LLC, MCKESSON MEDICAL-SURGICAL, INC.,<br><br>Defendants. | Adv. Proc. No. 24-50042 (KBO)<br>**Related Adv. D.I.: 19, 20** |

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com

Michelle G. Novick
*(admitted pro hac vice)*
161 North Clark Street,
Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7899
michelle.novick@saul.com

Turner N. Falk
*(admitted pro hac vice)*
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-8415
turner.falk@saul.com

Dated:  June 17, 2024

---

[1]     The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

## <u>TABLE OF CONTENTS</u>

**Page(s)**

**I.   THE COMPLAINT MEETS THE STANDARD OF REVIEW ON A MOTION TO DISMISS** ...................................................................................................................4

**II.  COUNT V IS WELL-PLEADED AND THE MOTION TO DISMISS FAILS** ...............6

    A.   The Turnover Claim Adequately Pleads a Debt Owed by Defendants to the Estates ........ 6
    B.   The Debt Owed to the Estates is Matured, Not an Unliquidated Claim ............................ 7
    C.   Defendants Cannot Allege a Bona Fide Dispute Based Upon Setoff ............................... 11
    D.   Defendants' Cited Cases Are Inapposite to this Matter.................................................... 13

**III. THE COMPLAINT STATES A VALID CLAIM FOR TURNOVER, SO COUNT VI FOR DISALLOWANCE IS WELL-PLEADED** ...........................................................14

**IV. DEFENDANTS WAIVED THEIR RIGHTS TO CONTEST THE COURT'S AUTHORITY** ...........................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*American Home Mortgage Corp. v. Showcase of Agents, LLC (In re Am. Home Mortg. Holding)*, 458 B.R. 161 (Bankr. D. Del. 2011) .................................................................10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................5

*Asousa P'ship v. Pinnacle Foods, Inc. (In re Asousa Partnership)*, 264 B.R. 376 (Bankr. E.D. Pa. 2001) ................................................................................................13

*B.D.W. Assocs., Inc. v. Busy Beaver Bldg. Centers, Inc.*, 865 F.2d 65 (3d Cir. 1989)..................14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................5

*Buckley v. Merrill Lynch & Co., Inc. (In re DVI, Inc.)*, 2008 WL 4239120 (Bankr. D. Del. Sept. 16, 2008) ................................................................................................11

*Burtch v. Huston (In re U.S. Digital, Inc.)*, 443 B.R. 22 (Bankr. D. Del. 2011) ...........................5

*DHP Holdings II Corp. v. The Home Depot, Inc. (In re DHP Holdings II Corp.)*, 435 B.R. 264 (Bankr. D. Del. 2010) .....................................................................................14

*Enron Energy Services, Inc. v. Columbia Gas Trans. Corp. (In re Enron Corp.)*, 2006 WL 2400082 (Bankr. S.D.N.Y. June 15, 2006) ..............................................................12

*Gavin Solmonese, LLC v. True Line Wire (In re Boomerang Sys., Inc.)*, 2017 WL 4221095 (Bankr. D. Del. Sept. 21, 2017) ...........................................................................11

*Goldsmith v. Macri Associates, Inc. (In re E & G Waterworks, LLC)*, 571 B.R. 500 (Bankr. D. Mass. 2017).......................................................................................... passim

*HHI FormTech, LLC v. Magna Powertrain USA, Inc. (In re FormTech Indus., LLC)*, 439 B.R. 352 (Bankr. D. Del. 2010) .........................................................................11

*Hoffman v. State of Connecticut (In re Willington Convalescent Home, Inc.)*, 850 F.2d 50 (2d Cir. 1988) ....................................................................................................9

*In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267 (3d Cir. 2004).......................................11

*Hechinger Inv. Co. of Del., Inc. v. Allfirst Bank (In re Hechinger Inv. Co. of Del., Inc.*, 282 B.R. 149 (Bankr. D. Del. 2002) ......................................................................13

*Krasny v. Bagga (In re Jamuna Real Estate, LLC*, 357 B.R. 324 (Bankr. E.D. Pa. 2006)......13, 14

*In re Lids Corp.*, 260 B.R. 680 (Bankr. D. Del. 2001) ................................................15

*In re Trib. Media Co.*, 2023 WL 2624718 (3d Cir. Mar. 24, 2023) ...............................16

*Insys Liquidation Trust v. Quinn Emanuel Urquhart & Sullivan, LLP*
(*In re Insys Therapeutics, Inc.*), 2021 WL 5016127 (Bankr. D. Del. Oct. 28, 2021)..............11

*IPC Int'l Corp. v. Milwaukee Golf Shopping Center LLC (In re IPC Int'l Corp.*), 2014 WL
5544692 (Bankr. D. Del. Nov. 3, 2014)..................................................................14

*Kids World of America, Inc. v. Georgia Dept. of Early Care and Learning*
(*In re Kids World of Am., Inc.*), 349 B.R. 152 (Bankr. W.D. Ky. 2006) .......................8, 9, 10

*Lamonica v. CEVA Group PLC (In re CIL Ltd.*), 2024 WL 1693626 (Bankr. S.D.N.Y. Apr. 18,
2024) ..............................................................................................................8

*Maio v. Aetna, Inc.*, 221 F.3d 472 (3d Cir. 2000) .....................................................5, 7

*Miller v. D&M Holdings US Inc. (In re Digital Networks North America, Inc.*), 2018 WL
3869599 (Bankr. D. Del. Aug. 13, 2018)..............................................................7, 8, 9

*Nat'l Enterprises, Inc. v. Koger Partnership (In re Nat'l Enterprises, Inc.*),
128 B.R. 956 (E.D. Va. 1991)................................................................................9

*Newman v. Tyberg (In re Steel Wheels Transp., LLC*), 2011 WL 5900958
(Bankr. D.N.J. Oct. 28, 2011)................................................................................8

*OCUC v. Bahrain Islamic Bank (In re Arcapita Bank B.S.C.*), 628 B.R. 414
(Bankr. S.D.N.Y. 2021) ..............................................................................6, 8, 9, 11

*OCUC v. Oberting (In re Interstate Commodities Inc.*), 2023 WL 8101269
(Bankr. N.D.N.Y. Nov. 21, 2023)............................................................................8

*Pardo v. Pacificare of Texas, Inc. (In re APF Co.*), 264 B.R. 344 (Bankr. D. Del. 2001)............12

*Paul v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.*), 496 F. Supp. 2d 404 (D.
Del. 2007) ........................................................................................................5

*Sec. Investor Prot. Corp. v. Rossi (In re Cambridge Capital, LLC*), 331 B.R. 47 (Bankr.
E.D.N.Y. 2005) ..................................................................................................8

*Shaia v. Taylor (In re Connelly*), 476 B.R. 223 (Bankr. E.D. Va. 2012) .....................................10

*Shields v. Stangler (In re Stangler*), 186 B.R. 460 (Bankr. D. Minn. 1995) ................................12

*Son v. Coal Equity, Inc. (In re Centennial Coal, Inc.*), 278 B.R. 54 (Bankr. D. Del. 2002) .........14

*Travellers Int'l AG v. Robinson*, 982 F.2d 96 (3d Cir. 1992) .......................................................16

*U.S. v. Inslaw, Inc.*, 932 F.2d 1467 (D.C. Cir. 1991)..................................................................13

**STATUTES AND RULES**

11 U.S.C. § 303(b)(1) ...............................................................................................14

11 U.S.C. § 502(d) ......................................................................................................2

11 U.S.C. § 542 ...........................................................................................................2

11 U.S.C. § 553(a) .....................................................................................................13

FRCP 8 ...............................................................................................................4, 5, 7

FRCP 12(b)(6) ....................................................................................................5, 11

Federal Rule of Bankruptcy Procedure 7012 ...........................................................2

Local Rule 7008-1 .....................................................................................................15

Local Rule 7012-1 ............................................................................................5, 6, 15

Plaintiff, George L. Miller, in his capacity as chapter 7 trustee ("**Plaintiff**") for the estate of the above-captioned debtors ("**Debtors**"), submits this brief in response (the "**Response**") to the above-captioned Defendants' ("**Defendants**", and together with the Debtors, the "**Parties**") *Motion to Dismiss* [Adv. D.I. 19] ("**Motion to Dismiss**") the instant complaint [Adv. D.I. 1] ("**Complaint**").  In support of the Response, Plaintiff respectfully states as follows.

## NATURE AND STAGE OF THE PROCEEDING

On April 15, 2024, Plaintiff filed the Complaint.

On June 3, 2024, Defendants filed the Motion to Dismiss, seeking dismissal of Counts V (turnover of property) and VI (disallowance of Defendants' claim), and filed a *Memorandum of Law* in support of the same [Adv. D.I. 20] ("**MOL**").

For the reasons set forth below, Plaintiff respectfully requests that this Court deny the Motion to Dismiss.

## SUMMARY OF ARGUMENT

Plaintiff filed this action to collect amounts owed to the Debtors and invoiced prepetition. There is no dispute that Defendants took possession of the products as contemplated under the Agreements[2] and invoices that governed the Parties' relationship set forth the amounts due.  Stated simply, the estates are owed more than $100 million based on those Agreements, a sum that Defendants should have remitted more than a year ago without need of the instant litigation. Instead, they have avoided satisfying their obligations (to the detriment of the estates) for nearly 18 months since these cases began, with no end in sight.

Defendants now attempt to obfuscate the otherwise straightforward nature of the accounts receivable action brought to this Court by way of the Complaint.  While not challenging the

---

[2]    Terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

majority of the counts in the Complaint, Defendants seek dismissal of the turnover and disallowance counts because there are purportedly disputes regarding the amounts owed thereunder.  The grounds raised by Defendants are tenuous at best, and do not withstand even passing scrutiny.

In the first instance, Defendants do not even make clear which statutory predicate they are relying upon in their motion to dismiss, leaving it to Plaintiff and the Court to decipher same.  To wit, the Motion to Dismiss seemingly sounds in Rule 12 of the Federal Rules of Civil Procedure ("**FRCP**"), as made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure ("**FRBP**"), but Defendants make no attempt to address the standard set forth under those statutes. In any event, even if Defendants had properly asserted a FRBP 7012 motion, the Complaint more than satisfies that standard under applicable law.  To pass muster under the same, Plaintiff need only provide a short and plain statement of facts demonstrating a right to relief pursuant to Sections 542 and 502(d) of the Bankruptcy Code.  That burden has been met—the Complaint adequately pleads that the receivables are (i) property of the estate in possession of Defendants that the trustee could use under Section 363, and/or (ii) prepetition debts which are matured, due, and owing by Defendants to the Debtors.  *See* Complaint ¶¶ 20, 21, 23, 26, 31, 47, 55-62, Exhibit B.

Notwithstanding, Defendants claim that the amounts owed under the Agreements *are* in dispute.  They make this assertion not based upon any disagreement with the terms of the Agreements or invoices, or that those contracts do not govern the amounts owed; rather, Defendants seek to manufacture a dispute by denying liability to the estate and (primarily) arguing certain *post-petition* events justify their non-compliance via setoff.  As with their FRBP 7012 analysis, Defendants cite to no case law for this proposition, leaving Plaintiff and the Court (yet

again) to fill in the jurisprudential gaps—unsurprisingly, that jurisprudence does Defendants no favors.

As an initial matter, courts have routinely found that simply denying liability for a claim does not render a turnover demand disputed for purposes of the statute—such a finding would quite obviously swallow up the statute in its entirety and render it meaningless.  More importantly, the Complaint is not required to address potential affirmative defenses at the Motion to Dismiss stage.  Even if it was, Defendants' alleged affirmative defense of setoff is legally insufficient to create a bona fide dispute over liability on the accounts receivable; this is all beside the fact that as a matter of law, the post-petition damages Defendants allege as setoffs *cannot* be applied against prepetition amounts owed to the estate.

At bottom, the Complaint pleads a right to turnover and a corresponding claim for disallowance.  The Motion to Dismiss should be denied.

## STATEMENT OF FACTS

1.      Before the Debtors' chapter 7 cases, the Debtors and Defendants were parties to certain Agreements whereby Defendants would order pharmaceutical products from the Debtors. Complaint at ¶¶ 15-17.

2.      Defendants ordered products, and the Debtors supplied and invoiced Defendants for those products.  Complaint at ¶¶ 19-20.

3.      Upon information and belief, Defendants sold the ordered products to their customers and were paid in full.  Complaint at ¶ 22.

4.      Despite the invoices having been issued at least sixteen months ago (others are many months older), Defendants have not paid any amounts due and invoiced by the Debtors.  The total amount owed to the Debtors by each Defendant is as follows:

| McKesson Corp. | $103,810,386.85 |
| MSCD | $111,436.59 |
| MMS | $512,849.70 |
| **TOTAL:** | **$104,434,673.14** |

Complaint at ¶¶ 21, 23, 26.

5.      The amounts due and owing—all of which matured prepetition by evidence of, *inter alia*, their due date—are itemized in Exhibit B to the Complaint.  *See* Complaint, Exhibit B.

6.      On June 23, 2023, Defendants filed a proof of claim against each Debtor for an undetermined amount (the "**Proofs of Claim**").  Complaint ¶ 27.

7.      The Complaint alleges claims for goods sold and delivered (Count I), breach of contract (Count II), account stated (Count III), unjust enrichment (Count IV), turnover of property (Count V), and disallowance of the Proofs of Claim (Count VI) and seeks recovery of $104,434,673.14, which remains due and owing to the Debtors under the Agreements. The Motion to Dismiss is limited to Plaintiffs' claims for turnover of property and disallowance of the Proofs of Claim.

## **ARGUMENT**

**I.      The Complaint Meets the Standard of Review on a Motion to Dismiss**

8.      The start of any analysis of a motion to dismiss a complaint based on asserted improper pleading of facts or claims is FRCP 8, which provides:

A pleading that states a claim for relief must contain:

(1)      a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)      a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)      a demand for the relief sought, which may include relief in the alternative or different types of relief.

9.      A motion to dismiss pursuant to FRCP 12(b)(6)[3] must be denied when a complaint alleges sufficient facts that, when accepted as true, "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While a plaintiff must allege "more than labels or conclusions, [or] a formulaic recitation of the elements of a cause of action," plausibility does not require that the complaint include detailed factual allegations.  *Id*. at 550. Rather, a claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

10.     In determining whether a claim meets the requirements of FRCP 8, a court must accept as true all factual allegations in the complaint and draw reasonable inferences based upon "its judicial experience and common sense." *Burtch v. Huston (In re U.S. Digital, Inc.)*, 443 B.R. 22, 34 (Bankr. D. Del. 2011).  The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) "is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *Paul v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.)*, 496 F. Supp. 2d 404, 407 (D. Del. 2007) (internal citations omitted).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

11.     Finally, FRBP 7012(b) and Rule 7012-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") require movants to state in their motion whether the party does or does not consent to the entry of final orders or judgments by the Court.  Under Local Rule 7012-1, failure to properly aver results in the waiver of the

---

[3]      As noted *supra*, Defendants fail to identify the proper statutory scheme they are proceeding under for purposes of their Motion to Dismiss and MOL.  Nevertheless, Plaintiff analyzes same under FRCP 12(b)(6), but reserves all rights to respond further as needed.

movant's "right to contest the authority of the Court to enter final orders or judgments." Local Rule 7012-1.

12.     As discussed below, Plaintiff has plead facts satisfying each element of the challenged claims.  The Complaint states a facially plausible right to turnover and disallowance of the Proofs of Claim, so Counts V and VI cannot be dismissed.

## II.     Count V is Well-Pleaded and the Motion to Dismiss Fails

### A.     The Turnover Claim Adequately Pleads a Debt Owed by Defendants to the Estates

13.     The Motion to Dismiss seeks dismissal of Count V for turnover, alleging that the Complaint does not establish a debt that is property of the estates.

14.     Pursuant to Section 542,

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

> (b) an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542.  Among other things, Section 542 is a "mechanism for monetizing a receivable that is property of the estate." *OCUC v. Bahrain Islamic Bank (In re Arcapita Bank B.S.C.)*, 628 B.R. 414, 477 (Bankr. S.D.N.Y. 2021) (internal quotations omitted).

15.     The Complaint pleads that the Debtors – and thus the estates – are owed receivables by Defendants.  *See* Complaint at ¶¶ 21, 23, 26; *id.* at ¶ 31 ("Upon delivery, Defendants became obligated to pay for those products at the agreed prices pursuant to the terms of the Agreements."); *id.* at ¶ 47 ("There is an account stated, due and owing to the Debtors, in the amount of

6

$104,434,673.14, and Plaintiff is entitled to a judgment in that amount."). Accounts receivable are routinely sold or dealt with by trustees by utilizing Section 363, and such is plead here as well. *Id.* at ¶ 58. Defendants are presently in custody, control, or possession of those amounts. *Id.* at ¶ 57. Finally, the Complaint is replete with references indicating the debts are matured, due, and owing by Defendants to the Debtors. *See, e.g.*, Complaint at ¶¶ 20, 21, 23, 26, 31, 47, 55-62, Exhibit B.

16.     These allegations demonstrate that a debt in the nature of an account receivable is owed by Defendants to the estates. This element is well-pleaded and satisfies the requirements of FRCP 8. As this is all that is required at the pleading stage, Plaintiff should be permitted to move forward and introduce evidence in support of his claims. *See Aetna*, 221 F.3d at 482.

        B.    <u>The Debt Owed to the Estates is Matured, Not an Unliquidated Claim</u>

17.     The Motion to Dismiss alleges that Plaintiff is seeking to use the turnover count to liquidate an unliquidated claim. Section 542 requires that the debt owed to the estate be matured, payable on demand or payable to order; as already demonstrated *supra*, the Complaint adequately pleads the existence of a matured debt. Regarding the question of liquidation, the "relevant inquiry [in addressing a motion to dismiss a turnover claim] is not 'did the Trustee determine the exact monetary value of the claim?' Rather, the relevant inquiry is 'did the Trustee present plausible facts that would warrant allowing the claim to proceed." *Miller v. D&M Holdings US Inc. (In re Digital Networks North America, Inc.)*, 2018 WL 3869599, at *6 (Bankr. D. Del. Aug. 13, 2018) (denying motion to dismiss turnover claim, finding "the Trustee asserts a value for his claim and does not ask the Court to make a finding," and noting that "[e]stimating the value of estate property early in the litigation process is difficult.").

18.    Furthermore, matured debt "refers to debts that are presently payable, as opposed to those that are contingent and become payable only upon the occurrence of a certain act or event." *Sec. Investor Prot. Corp. v. Rossi (In re Cambridge Capital, LLC)*, 331 B.R. 47, 57 (Bankr. E.D.N.Y. 2005).  A debt is not matured where there is a bona fide dispute over liability on the debt.  *Digital Networks*, 2018 WL 3869599, at *6 (noting that a bona fide dispute exists "where there is a genuine issue of material fact that bears upon the . . . liability, or a meritorious contention as to the application of law to undisputed facts").  A matured debt is pleaded where the plaintiff establishes that the contracting party was "unconditionally liable" under the contract's terms. *Arcapita*, 628 B.R. at 478 (finding that certain transaction proceeds were property of the estate and subject to turnover).  As is directly applicable here, a turnover action is appropriate where a plaintiff "provided the services and expected . . . payments in return," as "[t]here is no future event or act that [plaintiff] needed to make this money due and owing; the Plaintiff has provided its consideration." *Kids World of America, Inc. v. Georgia Dept. of Early Care and Learning (In re Kids World of Am., Inc.)*, 349 B.R. 152, 164 (Bankr. W.D. Ky. 2006).

19.    Conversely, a "conclusory allegation that the property at issue is not estate property does not create a bona fide dispute as to the ownership of the property." *Lamonica v. CEVA Group PLC (In re CIL Ltd.)*, 2024 WL 1693626, at *46 (Bankr. S.D.N.Y. Apr. 18, 2024).  Bare assertions that property falls outside of the estate is simply insufficient for defeating a Section 542 claim. *OCUC v. Oberting (In re Interstate Commodities Inc.)*, 2023 WL 8101269, at *8 (Bankr. N.D.N.Y. Nov. 21, 2023) (holding that without evidentiary support, a "bare assertion that [the] alleged loans are not property of the estate is insufficient to persuade the Court" that the alleged loans are not the "undisputed property of the estate"); *Newman v. Tyberg (In re Steel Wheels Transp., LLC)*, 2011 WL 5900958, at *5 (Bankr. D.N.J. Oct. 28, 2011) (granting summary judgment for trustee

on turnover claim because an unsupported belief that the property does not belong to the estate is not a legitimate dispute); *Hoffman v. State of Connecticut (In re Willington Convalescent Home, Inc.)*, 850 F.2d 50, 52 n.2 (2d Cir. 1988) ("mere fact" that defendant denied that it owed a matured debt to debtor "because of a recoupment right" did not render Section 542 inapplicable); *Nat'l Enterprises, Inc. v. Koger Partnership (In re Nat'l Enterprises, Inc.)*, 128 B.R. 956, 959 (E.D. Va. 1991) ("[F]or an action to be a turnover proceeding, it is not relevant that the defendant disputes the existence of the debt…").  Indeed, "the existence of a debt is a distinct inquiry from whether a debt is matured." *Kids World*, 349 B.R. at 164 (finding plaintiff "provided services to [defendant], which [defendant] was aware of, and for which the Plaintiff expected to receive consideration," and that defendant's "denial that the debt exists does not make the debt unmatured and/or not payable on demand.").

20.     The foregoing cases underscore two critical aspects for the Court.  First, merely asserting that parties disagree that money is owed does not abrogate a turnover claim; and second, resolution over whether Section 542 applies is best done once the Court has seen evidence and the parties have taken discovery—*i.e.,* at the earliest, such arguments should be heard at the summary judgment stage. *See, e.g.*, *Arcapita*, 628 B.R. at 477 (granting summary judgment in favor of plaintiff's breach of contract and turnover counts after having considered evidence regarding defendant's defenses (including setoff)).  To "hold otherwise would mean that a defendant could defeat all turnover claims by merely denying that money was owed." *Kids World*, 349 B.R. at 164; *Digital Networks*, 2018 WL 3869599, at *6 (denying motion to dismiss despite defendants "strongly oppos[ing] the validity of the Receivable," finding the chapter 7 trustee satisfied his pleading burden by asserting the receivable was property of the estate based upon the debtor's records).

21. The Complaint repeatedly pleads that all amounts due from Defendants are due and owing. *See* Complaint ¶¶ 20-24 and Exhibit B. The Debtors provided the products and expected compensation. The Motion to Dismiss does not identify any provision of the relevant contracts or invoices that contradicts the well-pleaded fact that these debts are presently due in the amounts stated, or the resulting conclusion that the invoiced amounts are matured debts; nor does the Motion to Dismiss assert that the Debtors did not fulfill their obligation to supply Defendants. Regardless, as this Court has held, "[w]hile a legitimate dispute may exist, the motion to dismiss is limited to the facts alleged in the complaint." *American Home Mortgage Corp. v. Showcase of Agents, LLC (In re Am. Home Mortg. Holding)*, 458 B.R. 161, 169 (Bankr. D. Del. 2011) (denying motion to dismiss turnover count, despite defendant asserting that debtors had no interest in or entitlement to the disputed funds). Moreover, Defendants' position is akin to that rejected in *Kids World*, as they seemingly take issue with the *existence* of the debt, not whether a debt is matured. *Kids World*, 349 B.R. at 164 ("If a court determines that if a debt would be matured and payable on demand, it is a turnover action despite the fact that the parties dispute whether the debt exists."). The facts pleaded here are fatal to the Motion to Dismiss.

22. In any event, the Motion to Dismiss also misapprehends the purpose of Count V. A cause of action is a turnover proceeding "where it seeks the collection rather than creation or liquidation of a matured debt." *Shaia v. Taylor (In re Connelly)*, 476 B.R. 223, 230 (Bankr. E.D. Va. 2012). In that sense, turnover functions similarly to a claim for recovery under Section 550 or disallowance under Section 502(d). The Complaint does not seek to "liquidate" the amounts owed and asserted in the Complaint. To the contrary, the Complaint pleads that those amounts are owed, and demands that they be turned over to Plaintiff. Bringing Section 542 counts along with breach and related counts in one complaint is not only common, it is an efficient use of judicial

resources that eliminates the need for a successful plaintiff-trustee to file additional complaints to obtain relief under Sections 502, 542, or 550 should the case result in such posture. *See, e.g.*, *Goldsmith v. Macri Associates, Inc. (In re E & G Waterworks, LLC)*, 571 B.R. 500 (Bankr. D. Mass. 2017) (complaint sounding in turnover, breach of contract, accounts stated, and unjust enrichment); *Arcapita*, 628 B.R. at 476 (complaint sounding in breach of contract and turnover). The Complaint adequately pleads the existence of a matured, liquidated debt.

C.    <u>Defendants Cannot Allege a Bona Fide Dispute Based Upon Setoff</u>

23.    The crux of Defendants' arguments in the Motion to Dismiss rely upon their assertion of purportedly viable affirmative defenses. Yet, "there is no requirement that a plaintiff plead around potential affirmative defenses." *Insys Liquidation Trust v. Quinn Emanuel Urquhart & Sullivan, LLP (In re Insys Therapeutics, Inc.)*, 2021 WL 5016127, at *3 (Bankr. D. Del. Oct. 28, 2021). It is well-established that "an affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6)." *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 277 (3d Cir. 2004); *Gavin Solmonese, LLC v. True Line Wire (In re Boomerang Sys., Inc.)*, 2017 WL 4221095, at *2 (Bankr. D. Del. Sept. 21, 2017) (citing *Adams*). Said differently, "an affirmative defense cannot form the basis of a motion to dismiss." *Buckley v. Merrill Lynch & Co., Inc. (In re DVI, Inc.)*, 2008 WL 4239120, at *3 (Bankr. D. Del. Sept. 16, 2008) (distinguishing the motion to dismiss context from summary judgment and noting "the existence of a defense does not undercut the adequacy of the claim").

24.    It follows that Defendants' allegations of setoff in hopes of creating a bona fide dispute are an affirmative defense. *See HHI FormTech, LLC v. Magna Powertrain USA, Inc. (In re FormTech Indus., LLC)*, 439 B.R. 352, 361 (Bankr. D. Del. 2010) (quoting *Folger Adam Sec., Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 256 (3d Cir. 2000)) ("recoupment and setoff

rights are 'defenses,' because they have no independent value 'separate and apart from a debtor's or purchaser's claim.'"); *Waterworks*, 571 B.R. at 507 (denying relief to defendant and holding that alleged setoff based upon breach of contract is an affirmative defense to turnover claim); *Enron Energy Services, Inc. v. Columbia Gas Trans. Corp. (In re Enron Corp.)*, 2006 WL 2400082, at *7 (Bankr. S.D.N.Y. June 15, 2006) (same, further finding "mere refusal" to pay the estate the amounts sought because of recoupment rights does not take the claim beyond the scope of Section 542). The *Waterworks* court held there was no bona fide dispute where the defendant did not "deny the amount or validity of the debt per se, but appears to raise an argument that the amount owed to the Debtor should be offset by some amount owed to [defendant]… this defense does not give rise to a bona fide dispute…" *Waterworks*, 571 B.R. at 503, 507 (further finding "no allegation [by defendant] that the parties were involved in ***prepetition*** negotiations or discussions, to say nothing of litigation, in which [defendant] was contesting the existence or scope of its liability to the Debtor") (emphasis added). Indeed, where a complaint pleads the existence of a matured debt, an alleged setoff is legally insufficient to merit dismissal; a setoff right, even if valid, does not convert a matured debt into an unmatured one. *Pardo v. Pacificare of Texas, Inc. (In re APF Co.)*, 264 B.R. 344, 356 (Bankr. D. Del. 2001) (motion to dismiss denied when defendant "does not give a reason why the [amounts owed] are not fully matured other than to assert its contractual right to setoff as a defense to payment."); *see also Shields v. Stangler (In re Stangler)*, 186 B.R. 460, 465 (Bankr. D. Minn. 1995) (Section 542 requires turnover of matured debts "not subject to any nonbankruptcy defenses other than set off").

25.    The Motion to Dismiss advances similar allegations to those *supra*: instead of denying the foundations of liability, it merely alleges that at some future point Defendants will assert affirmative defenses to a portion of the amount owed. There is no allegation that Defendants

raised these issues with the Debtors prior to the Petition Date or that they attempted to effectuate setoff prepetition.  The Complaint is not required to preemptively address threadbare and conclusory allegations of purported setoff defenses at this stage of the pleadings.[4]

> D.    Defendants' Cited Cases Are Inapposite to this Matter

26.    Defendants refer generally to a litany of cases that upon close examination simply do not apply to this matter for a variety of reasons.  Certain of the cases, for instance, deal with facially inapposite sets of facts.  *See, e.g.*, *Hechinger Inv. Co. of Del., Inc. v. Allfirst Bank (In re Hechinger Inv. Co. of Del., Inc.*, 282 B.R. 149, 161 (Bankr. D. Del. 2002) (addressing a dispute between ownership of funds deposited at defendant bank); *Krasny v. Bagga (In re Jamuna Real Estate, LLC*, 357 B.R. 324 (Bankr. E.D. Pa. 2006) (addressing wrongful transfer of money claims which were intertwined with claims for fraud, conversion, and breach of fiduciary duty, such that each party's entitlement to the disputed funds was unclear); *U.S. v. Inslaw, Inc.*, 932 F.2d 1467, 1472 (D.C. Cir. 1991) (dispute over physical hardware allegedly owned by the debtor or the defendant contractor); *Asousa P'ship v. Pinnacle Foods, Inc. (In re Asousa Partnership)*, 264 B.R. 376, 384 (Bankr. E.D. Pa. 2001) (dispute as to whether defendant breached a lease prepetition);

---

[4]    Even if the alleged affirmative defense is considered on its merits (which it should not, given that the assertions go beyond the four corners of the Complaint), it is legally invalid on its face.  A claim under Section 542 is subject to setoff, but only as permitted by Section 553.  Section 553 leaves in place any setoff rights existing under applicable non-bankruptcy law, but only as to a "right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case."  11 U.S.C. § 553(a).  Only prepetition claims owed by a debtor may be setoff against prepetition amounts owed to the debtor.

The Complaint pleads that all amounts due from Defendants were due and owing prepetition.  *See* Complaint ¶¶ 20-24 and Exhibit B.  By contrast, the Motion to Dismiss alleges "damages it had incurred and was continuing to incur ***as a result of the cessation of business and product recall***."  MOL ¶ 12 (emphasis added).  The MOL clearly indicates that these damages occurred because the Debtors ceased operations on the Petition Date and that this cessation caused a ***post-petition*** recall of their products.  *Id.* at ¶¶ 10-11.  The claimed damages occurred post-petition by Defendants' own admission and, therefore, are not even capable of setoff in this context.

*IPC Int'l Corp. v. Milwaukee Golf Shopping Center LLC (In re IPC Int'l Corp.)*, 2014 WL 5544692, at *2 (Bankr. D. Del. Nov. 3, 2014) (dispute as to whether the defendant was even a party to the applicable contract).  In stark contrast to *IPC*, for instance, the Complaint pleads, and the Proofs of Claim acknowledge, that Defendants are parties to the applicable Agreements and invoices.  These cases are factually beyond comparison to a simple collections action for accounts receivable.

27.    The same and other cases cited by Defendants address entirely different legal questions than a motion to dismiss. *See Jamuna*, 357 B.R. at 324 (addressing motion to withdraw reference); *Son v. Coal Equity, Inc. (In re Centennial Coal, Inc.)*, 278 B.R. 54, 58 (Bankr. D. Del. 2002) (addressing core/non-core determinations where defendant alleged the debtor breached *prepetition*); *IPC Int'l Corp.*, 2014 WL 5544692, at *2 (addressing motion to transfer venue); *B.D.W. Assocs., Inc. v. Busy Beaver Bldg. Centers, Inc.*, 865 F.2d 65, 66 (3d Cir. 1989) (addressing whether a bona fide dispute existed under 11 U.S.C. § 303(b)(1) for purposes of an involuntary bankruptcy petition); *DHP Holdings II Corp. v. The Home Depot, Inc. (In re DHP Holdings II Corp.)*, 435 B.R. 264, 271 (Bankr. D. Del. 2010) (addressing core/non-core determinations in the context of a motion to transfer venue and forum selection clause).  The *Home Depot* case in particular is especially irrelevant, given that Defendants filed the Proofs of Claim (unlike the defendant in *Home Depot*), thus mooting any need for discussing core vs. non-core issues.  Simply put, virtually none of Defendants' support deals with the legal question and factual posture in front of this Court.

### III.   The Complaint States a Valid Claim for Turnover, so Count VI for Disallowance is Well-Pleaded

28.    Defendants argue that Count VI, seeking disallowance of the Proofs of Claim under Section 502(d), must be dismissed because Plaintiff has failed to allege sufficient facts to support

the causes of action under Section 542.  As explained above, Plaintiff sufficiently pleads a cause

of action under Section 542 of the Bankruptcy Code, rendering Defendants' argument under

Section 502(d) moot.  Moreover, Section 502(d) serves only as a remedy, which is in effect

inapplicable until Plaintiff's claims under Section 542 have been adjudicated.  *See*, *e.g.*, *In re Lids

Corp.*, 260 B.R. 680, 684 (Bankr. D. Del. 2001) (reasoning that "[t]o disallow a claim under section

502(d) requires a judicial determination that a claimant is liable").

29.     Defendants' efforts to seek dismissal of Count VI, in addition to being meritless

because Count V is properly pleaded, are premature.

### IV.    Defendants Waived Their Rights to Contest the Court's Authority

30.     While only addressed in a passing footnote in the MOL, Defendants appear to

eschew this Court's jurisdiction or, at a minimum, contest its ability to render final judgments in

this case.  Numerous inarguable points refute that position.  As a gating and practical matter,

Defendants invoke FRBP 7008 and Local Rule 7008-1 for their MOL statement denying this

Court's authority; those sections apply, of course, to *parties filing a complaint or cross-claim*, *not

moving parties* such as Defendants. *See* MOL, p. 1, n.1.  As noted above, FRBP 7012 and Local

Rule 7012-1 govern the statements required of movants; arguably then, Defendants have failed to

make the proper statement under the FRBP and Local Rules. *See* Local Rule 7012-1 (failure to so

aver results in the waiver of the movant's "right to contest the authority of the Court to enter final

orders or judgments.").

31.     Leaving that aside, Defendants have otherwise long since waived any objections to

this Court's jurisdiction by way of their active involvement in these cases.  To wit, Defendants

have filed not one, but *three* separate notices of appearance in the main case and this Adversary

Proceeding [D.I. 17, 825; Adv. D.I. 22], in addition to filing a sale objection [D.I. 189].  While

sufficient in and of itself for this Court to exercise jurisdiction over Defendants and this matter,

Defendants also filed the Proofs of Claim in the bankruptcy cases, as alleged in the Complaint and conceded in the MOL. *See* Complaint, ¶7; MOL, ¶12.  It is binding, hornbook law that such a filing is fatal to any creditor or litigant contesting the Court's jurisdiction, irrespective of any voluminous reservations of rights in which that party may have couched their claim. *Travellers Int'l AG v. Robinson*, 982 F.2d 96, 98-99 (3d Cir. 1992) (*citing Langenkamp v. Culp*, 498 U.S. 42, 43-44 (1990)) (finding party who filed a proof of claim with a reservation of rights was "neither entitled to a jury trial nor is it entitled, in the alternative, to be heard by an Article III judge. Rather, by submitting a proof of claim to the debtor's estate, [creditor] effectively waived its right to a jury trial and submitted itself to the equitable jurisdiction of the bankruptcy court."); *In re Trib. Media Co.*, 2023 WL 2624718, at *2 (3d Cir. Mar. 24, 2023) (citing *Travellers*) (finding creditor "waived his right to a jury trial by filing his proof of claim in the Bankruptcy Court").  The assertion that Defendants can write their own jurisdictional ticket at this point is simply not credible; writ large, it would turn the administration of bankruptcy estates on its head.

## <u>CONCLUSION</u>

Plaintiff's Complaint pleads matured, liquidated debts, and the Motion to Dismiss does not challenge the claims in Counts I through IV of the Complaint.  Because these debts are well-pleaded, the Complaint clearly articulates a plausible claim for turnover, and thus disallowance of the Proofs of Claim.  Plaintiff respectfully requests that the Court enter an order denying Defendants' Motion to Dismiss and granting such other and further relief as the Court deems just and proper under the circumstances.

Alternatively, if the Court is inclined to agree with Defendants' positions, Plaintiff respectfully requests that it be without prejudice to Plaintiff's ability to amend the Complaint.

FRCP 15 (leave to amend a complaint pursuant to FRCP 15 is soundly within this Court's discretion and should be "freely given when justice so requires.").

Dated:  June 17, 2024

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone:  (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com

and

Michelle G. Novick (*admitted pro hac vice*)
161 North Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7899
michelle.novick@saul.com

and

Turner N. Falk (*admitted pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-8415
turner.falk@saul.com

*Special Counsel to the Chapter 7 Trustee*