# EXHIBIT A

# DEFINITIONS

1. The term "**Plaintiff**" means plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on his behalf.

2. The term "**Debtor**" means Akorn Holding Company LLC, Akorn Intermediate Company LLC, or Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

3. The term "**Affiliate**" is defined to be synonymous in meaning and equal in scope to the definition of this term in 11 U.S.C. § 101(2).

4. The term "**Petition Date**" means February 23, 2023.

5. The term "**McKesson**" means defendant McKesson Corporation and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

6. The term "**MSCD**" means defendant McKesson Specialty Care Distribution LLC and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

7. The term "**MMS**" means defendant McKesson Medical-Surgical, Inc. and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

8. The term "**Complaint**" means the *Complaint for (I) Payment of Goods Sold and Delivered, (II) Breach of Contract, (III) Account Stated, (IV) Unjust Enrichment (in the Alternative), (V) Turnover of Accounts Receivable, and (VI) Disallowance of Claims* [Adv. Dkt.

No. 1] that Plaintiff filed with the United States Bankruptcy Court for the District of Delaware on April 15, 2024, thereby initiating this adversary proceeding.

9. The term "**MPS Agreement**" means the *Member Purchase and Services Agreement between McKesson Corporation and Akorn, Inc.* dated March 14, 2018, a copy of which is attached to the Complaint as Exhibit A-1.

10. The term "**Distribution Agreement**" means the *McKesson Medical-Surgical Inc. Distribution Agreement* dated January 21, 2008, as amended by that certain *Extension Letter* dated December 15, 2021, a copy of which is attached to the Complaint as Exhibit A-2.

11. The term "**Products**" means any specialty pharmaceuticals, including prescription, consumer health, and animal health products, developed, manufactured, and marketed by any Debtor or any Affiliate of any Debtor, including branded and generic products in alternative dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants, and nasal sprays.

12. The term "**communication**" means any correspondence, email, text message, social media post, contact, discussion, or any other kind of written or oral exchange or transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between or amongst two or more persons or entities, including but not limited to all telephone conversations, in-person meetings or conversations, internal or external discussions, or exchanges of a document or documents, whether directly or through "cc" or "bcc" copying.

13. The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a), and includes but is not limited to any writing, email, text message, blog, recording, photograph, computer data base, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, and whether an original or a draft, whatever its origin or location, and regardless of the form in which

such information exists or is maintained. A draft or nonidentical copy is a separate document within the meaning of this term.

14. The term "**electronically stored information**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and Local Rule 7026-3, and includes but is not limited to information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software. This term is to be interpreted broadly to include all types of information, regardless of the storage media. Electronically stored information includes but is not limited to emails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices, network access information and backup materials, TIF files, PDF files, native files, and the corresponding metadata that is ordinarily maintained in connection with any of the foregoing.

15. The term "**identify**" when used with respect to a document means to provide, to the extent known, the type of document, the general subject matter, the date, and each author, addressee, and recipient.

16. The term "**identify**" when used with respect to a person means to provide, to the extent known, the person's full name and present or last known address.

17. The term "**person**" means any natural person or any business, legal, or governmental entity or association.

18. The term "**concerning**" means referring to, relating to, describing, evidencing, or constituting.

19. Any and all other terms are to be interpreted in their common, ordinary sense.

## TOPICS

1. The allegations set forth in the Complaint.

2. The efforts undertaken to identify and produce documents and electronically stored information in response to, and the responses and objections set forth in response to, the *Plaintiff's First Set of Requests for Production to Defendant McKesson Medical-Surgical, Inc.*

3. The contents of any documents or electronically stored information produced in response to *Plaintiff's First Set of Requests for Production to Defendant McKesson Medical-Surgical, Inc.*

4. The responses and objections set forth in response to *Plaintiff's First Set of Interrogatories to Defendant McKesson Medical-Surgical, Inc.*

5. The MPS Agreement.

6. Any communications between any Debtor or any Affiliate of any Debtor and McKesson, MSCD, or MMS concerning any Products supplied to McKesson, MSCD, or MMS pursuant to the MPS Agreement.

7. The Distribution Agreement.

8. Any communications between any Debtor or any Affiliate of any Debtor and McKesson, MSCD, or MMS concerning any Products supplied to McKesson, MSCD, or MMS pursuant to the Distribution Agreement.

9. Any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS accepted.

10. Any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS did not reject.

11. Any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS sold or distributed to any pharmacy, medical provider, or other end-customer.

12. Any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date for which McKesson, MSCD, or MMS has not remitted payment.

13. Any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends are or were unsalable.

14. Any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends were subject to a recall issued on or about May 2, 2023.

15. Any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends should be or should have been repurchased or replaced by any Debtor or any Affiliate of any Debtor.

16. Any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date as to which McKesson, MSCD, or MMS contends it has the right of setoff.

17. Any costs that McKesson, MSCD, or MMS incurred in obtaining substitute pharmaceutical products for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

18. Any amounts alleged to be due to McKesson, MSCD, or MMS resulting from price reductions for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

19. Any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that any pharmacy, medical provider, or other end-customer of McKesson, MSCD, or MMS returned or exchanged.

20. Any inability of McKesson, MSCD, or MMS to sell any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

21. Any relabeling of any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

22. Any destruction by McKesson, MSCD, or MMS of any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.