

Paige N. Topper
Phone: (302) 421-6875
paige.topper@saul.com
www.saul.com

September 20, 2024

**VIA ECF**

Hon. Karen B. Owens, U.S.B.J.
United States Bankruptcy Court for the District of Delaware
824 North Market Street
Wilmington, Delaware 19801

      Re:    *George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC et al. v. McKesson Corporation et al.*
               Adversary Proceeding No. 24-50042 (KBO)

Dear Judge Owens:

      We are special counsel to George Miller, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estates of Akorn Holding Company LLC and its affiliates, and the plaintiff in the above-referenced adversary proceeding.[1]  We write to raise with the Court, before the parties engage in what we believe would be unnecessary motion practice, a dispute that has arisen between the Trustee and defendants McKesson Corporation ("**McKesson**"), McKesson Specialty Care Distribution LLC ("**MSCD**"), and McKesson Medical-Surgical, Inc. ("**MMS**" and together with McKesson and MSCD, "**Defendants**") regarding Defendants' failure to comply with their discovery obligations under Rules 26, 33, and 34 of the Federal Rules of Civil Procedure (the "**Rules**"), as the same are made applicable to this adversary proceeding by Rules 7026, 7033, and 7034 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 7026-1(a) and 7026-3(d)(i) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

---

[1] The debtors in these Chapter 7 cases, along with the last four digits of each debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184).  The debtors' headquarters were located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

Hon. Karen B. Owens, U.S.B.J.
September 20, 2024
Page 2

**Background**

On July 10, 2024, the Trustee served upon Defendants the following:[2]

- *Plaintiff's First Set of Interrogatories to Defendant McKesson Corporation* (the "**McKesson Interrogatories**");

- *Plaintiff's First Set of Interrogatories to Defendant McKesson Specialty Care Distribution LLC* (the "**MSCD Interrogatories**");

- *Plaintiff's First Set of Interrogatories to Defendant McKesson Medical-Surgical, Inc.* (the "**MMS Interrogatories**" and, together with the McKesson Interrogatories and the MSCD Interrogatories, the "**Interrogatories**");

- *Plaintiff's First Set of Requests for Production to Defendant McKesson Corporation* (the "**McKesson Requests for Production**");

- *Plaintiff's First Set of Requests for Production to Defendant McKesson Specialty Care Distribution LLC* (the "**MSCD Requests for Production**"); and

- *Plaintiff's First Set of Requests for Productions to Defendant McKesson Medical-Surgical, Inc.* (the "**MMS Requests for Production**" and, together with the McKesson Requests for Production and the MSCD Request for Production, the "**Requests for Production**").

Defendants' responses to the Interrogatories and the Requests for Production were due by Friday, August 9. On that day, Defendants' counsel emailed us and requested a ten-day extension of the response date. Later that day, Defendants served the following:[3]

- *Defendant McKesson Corporation's Response to Plaintiff's First Set of Interrogatories* (the "**McKesson Interrogatory Responses**");

- *Defendant McKesson Specialty Care Distribution, LLC's Response to Plaintiff's First Set of Interrogatories* (the "**MSCD Interrogatory Responses**");

- *Defendant McKesson Medical-Surgical, Inc.'s Response to Plaintiff's First Set of Interrogatories* (the "**MMS Interrogatory Responses**" and, together with the

---

[2] Service of these requests are memorialized in that certain *Notice of Service* docketed at Adv. D.I. 39.

[3] Defendants never filed the requisite notice memorializing service.

McKesson Interrogatory Responses and the MSCD Interrogatory Responses, the "**Interrogatory Responses**");

• *Defendant McKesson Corporation's Response to Plaintiff's First Set of Requests for Production of Documents* (the "**McKesson Requests for Production Responses**");

• *Defendant McKesson Specialty Care Distribution, LLC's Response to Plaintiff's First Set of Requests for Production of Documents* (the "**MSCD Requests for Production Responses**"); and

• *Defendant McKesson Medical-Surgical, Inc.'s Response to Plaintiff's First Set of Requests for Production of Documents* (the "**MMS Requests for Production Responses**" and, together with the McKesson Requests for Production Responses and the MSCD Requests for Production Responses, the "**Requests for Production Responses**").

On Monday, August 12, we informed Defendants' counsel by email that we were not able to connect with the Trustee until over the weekend after Defendants' counsel had conveyed their request, such that we were not in a position to respond to that request until after Defendants had already served the Interrogatory Responses and the Requests for Production Responses. We also informed Defendants' counsel that the Trustee had agreed to provide Defendants until August 19 to respond to the Interrogatories and the Requests for Production. Based upon our review of the Interrogatory Responses and the Requests for Production Responses, we asked Defendants' counsel to confirm that Defendants would supplement the same by that date and that the responses would be substantive. We also asked Defendants' counsel to advise us as to when they anticipated Defendants would begin to produce documents.

Unfortunately, we received no response to our August 12 email, and Defendants neither supplemented the Interrogatory Responses and the Requests for Production Responses as required by Rule 26(e)(1)(A), nor began their document production, by August 19.[4] Accordingly, on August 20, we sent a letter to Defendants' counsel detailing the deficiencies in the Interrogatory Responses and the Requests for Production Responses, and asking that we be provided with their availability during the remainder of that week and during the week of August 26 to meet and confer regarding the deficiencies in the Interrogatory Responses and the Requests for Production Responses, and regarding dates for which the depositions of Defendants' Rule 30(b)(6) designees could be rescheduled.

---

[4] The Trustee also served a deposition notice upon each of McKesson, MSCD, and MMS pursuant to Rule 30(b)(6), requiring them to produce one or more designees for depositions on September 9, 10, and 11. *See* Adv. D.I. 36-38. In light of the issues discussed herein, those depositions did not take place and have yet to be rescheduled.

**The Deficiencies in the Interrogatory Responses**

<u>The McKesson Interrogatory Responses</u>: The McKesson Interrogatories consist of two prefatory interrogatories (Interrogatory Nos. 1-2) that ask McKesson to identify who provided information used in, or who participated in, preparing any of the McKesson Interrogatory Responses, as well as the documents or electronically stored information ("**ESI**") used or relied upon in preparing the McKesson Interrogatory Responses. The remainder of the McKesson Interrogatories (Interrogatory Nos. 3-18) seek information relevant to the Trustee's claims and to Defendants' defenses thereto, and information likely to lead to the discovery of admissible evidence.

In the McKesson Interrogatory Responses, McKesson failed to respond substantively to every single one of the McKesson Interrogatories. Rather, McKesson asserted numerous boilerplate general and specific objections without regard to whether any of those objections actually applies—including but not limited to the remarkable objection that "the time specified for production is inadequate" despite the fact that the introductory language to the McKesson Interrogatories expressly refers to the thirty-day period for responding set forth in Rule 33(b)(2), along with the objection that certain of the McKesson Interrogatories seek "the factual or legal basis for McKesson's position in this case," which ignores the purpose of discovery as well as the permissible scope of an interrogatory under Rule 33(a)(2)—and stated that "[s]ubject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do [*sic*] not unduly burden McKesson." Further, in response to most of the McKesson Interrogatories (Interrogatory Nos. 4, 6, and 8-18), McKesson stated that it "has not completed its investigation," which is surprising to say the least given what we understood to be efforts that have been undertaken over the course of many months, including efforts that were undertaken prior to the initiation of this adversary proceeding, to respond to the Trustee's demands for payment.[5]

<u>The MSCD Interrogatory Responses and the MMS Interrogatory Responses</u>: Similar to the McKesson Interrogatories, the MSCD Interrogatories and the MMS Interrogatories consist of two prefatory interrogatories (Interrogatory Nos. 1-2) that ask MSCD and MMS to identify who provided information used in, or who participated in, preparing any of the MSCD Interrogatory Responses and the MMS Interrogatory Responses, as well as the documents or ESI used or relied upon in preparing the MSCD Interrogatory Responses and the MMS Interrogatory Responses, with the remainder of the MSCD Interrogatories and the MMS Interrogatories (Interrogatory Nos. 3-18) seeking information relevant to the Trustee's claims and to Defendants' defenses thereto, and information likely to lead to the discovery of admissible evidence.

---

[5] By way of reminder, the Trustee first sent a demand letter to Defendants more than a year ago. *See* Adv. D.I. 11 at ¶ 25.

The MSCD Interrogatory Responses and the MMS Interrogatory Responses are, with the exception of MSCD's and MMS's names being substituted for McKesson's where applicable, identical to the McKesson Interrogatory Responses, and are therefore deficient for the same reasons as are the McKesson Interrogatory Responses.

**The Deficiencies in the Requests for Production Responses**

<u>The McKesson Requests for Production Responses</u>: The McKesson Requests for Production require McKesson to identify and produce documents and ESI in response to fourteen separate requests (Requests No. 1-14), each of which seeks documents and ESI relevant to the Trustee's claims and to Defendants' defenses thereto, and documents and ESI likely to lead to the discovery of admissible evidence.

In the McKesson Requests for Production Responses, McKesson failed to respond substantively to every single one of the McKesson Requests for Production. As was the case with the McKesson Interrogatory Responses, McKesson asserted numerous boilerplate general and specific objections without regard to whether any of those objections actually applies—including once again the wholly improper objection that "the time specified for production is inadequate," this time despite the fact that the introductory language to the McKesson Requests for Production expressly refers to the thirty-day period for responding set forth in Rule 34(b)(2), and the objection in response to one of the McKesson Requests for Production (Request No. 8) that it seeks "the factual and legal basis for McKesson's position in this case"—and stated once more that "[s]ubject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do [*sic*] not unduly burden McKesson." Further, in response to one of the McKesson Requests for Production (Request No. 8), McKesson stated that it "has not completed its investigation," which is surprising for the reason noted above.

<u>The MSCD Requests for Production Responses and the MMS Requests for Production Responses</u>: The MSCD Requests for Production Responses and the MMS Requests for Production Responses are, with the exception of MSCD's and MMS's names being substituted for McKesson's where applicable, identical to the McKesson Requests for Production Responses, and are therefore deficient for the same reasons as are the McKesson Requests for Production Responses.

**The Trustee's Efforts to Address Defendants' Discovery Failures**

Late in the day on August 29, Defendants' counsel responded to the request in our August 20 letter to schedule a time to meet and confer regarding the deficiencies in the Interrogatory Responses and the Requests for Production Responses, offering to meet on September 4 or September 5. The parties ultimately agreed to meet on, and did meet on, Thursday, September 5.

      Defendants took the position, amongst others, that the Interrogatories and the Requests for Production are overly broad and seek information and documentation that are not relevant, and that Defendants do not have the ability to identify, collect, review, and produce the documents and communications the Trustee seeks. While the Trustee disagreed with Defendants' positions regarding the breadth of the Interrogatories and the Requests for Production and relevance (and continues to do so), and while the Trustee is of the mind that simply because Defendants are part of a large corporate structure in which many people may have worked on the issues at hand does not excuse Defendants from meeting their discovery obligations, the Trustee attempted to work with Defendants to narrow the issues. It was agreed that Defendants would advise the Trustee of those documents that Defendants could readily produce that pertain to the amounts the Trustee contends are due and owing in respect of the invoices sent to Defendants, and those documents that Defendants could readily produce that pertain to the amounts that Defendants contend relate to their right of setoff arising from the recall of certain products, all being subject to the Trustee's right to seek additional documents. The Trustee also requested that Defendants produce Defendants' internal communications that relate to the amounts owed and to the setoff amounts; to that end, the Trustee asked Defendants to provide a list of custodians who do or may have such communications, along with a list of proposed search terms to be applied to their communications, so as to limit the number of documents to be produced. Given the passage of time, the Trustee asked Defendants to respond with their proposal during the early part of the week of September 9.

      On Friday, September 13, Defendants provided their proposal as to what documents they would be willing to produce in response to the Interrogatories and the Requests for Production; they also indicated that they would identify for a deposition an individual who can speak to the subject matter of those documents. While the Trustee appreciates the proposal and considers it a good first step—albeit one that should not have taken so long to get to given that Defendants' efforts to reconcile their obligations to the estate have been going on for well more than a year—it does not go far enough and ignores part of the parties' discussion. Specifically, the Trustee seeks, and is entitled to, Defendants' internal communications regarding products that Defendants received but did not pay for, whether or not the failure to pay related to the recall, and to that end asked Defendants to identify custodians and to provide a list of search terms to be applied to those custodians' communications. Merely producing selected documents that itemize or detail amounts owed and amounts relating to a claimed setoff, and taking the position that the Trustee should simply trust Defendants' accounting of the numbers without having any ability to verify that accounting for himself or to determine if there are any issues with Defendants' claimed setoff rights, is neither sufficient nor consistent with Defendants' discovery obligations.

      On Monday, September 16, the Trustee asked that Defendants provide the additional information so that Defendants' internal communications can be produced. To date, Defendants have failed to respond, which has left the Trustee no alternative but to seek the Court's assistance. The Trustee having already discharged his meet and confer obligations on several occasions under Local Rule 7026-1, we respectfully request that the Court schedule a conference to resolve the

discovery disputes discussed herein without the need for motion practice—though the Trustee will file a motion if that is the Court's preference—and we thank the Court for its time and attention to this matter.

                                            Respectfully submitted,

                                            SAUL EWING LLP

                                            */s/ Paige N. Topper*
By:         _____
                                            Paige N. Topper

cc:      All counsel of record (via ECF)