**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al*., | Case No. 23-10253 (KBO) |
| Debtor. | (Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al*., | |
| Plaintiffs, | |
| vs. | Adv. Proc. No. 24-50042 (KBO) |
| MCKESSON CORPORATION; MCKESSON SPECIALTY CARE DISTRIBUTION LLC; and MCKESSON MEDICAL-SURGICAL, INC., | |
| Defendants. | |

## ANSWER TO COMPLAINT

Defendants McKesson Corporation, McKesson Specialty Care Distribution LLC, and McKesson Medical-Surgical, Inc. (collectively "McKesson") answer the Complaint filed by plaintiff George L. Miller, Chapter 7 Trustee ("Plaintiff") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, "Debtors"), as follows:

1.     Paragraph 1 of the Complaint contains only legal conclusions.  McKesson admits this Court has jurisdiction over this adversary proceeding.

2.     Paragraph 2 of the Complaint contains only a legal conclusion.  McKesson denies that Count I (Goods Sold and Delivered), Count II (Breach of Contract), Count III (Account Stated), and Count IV (Unjust Enrichment) are core proceedings pursuant to 28 U.S.C. § 157(b).

McKesson denies this Court may enter final orders on Count I (Goods Sold and Delivered), Count II (Breach of Contract), Count III (Account Stated), and Count IV (Unjust Enrichment).

3.      Paragraph 3 of the Complaint contains only a legal conclusion.  Defendants admit that venue is proper in this District.

4.      Paragraph 4 of the Complaint does not contain any factual allegations.  McKesson denies this Court may enter final orders on Count I (Goods Sold and Delivered), Count II (Breach of Contract), Count III (Account Stated), and Count IV (Unjust Enrichment).

5.      McKesson admits the allegation contained in paragraph 5 of the Complaint.

6.      McKesson admits the allegations contained in paragraph 6 of the Complaint.

7.      McKesson admits the allegations contained in paragraph 7 of the Complaint.

8.      McKesson admits the allegations contained in paragraph 8 of the Complaint.

9.      McKesson denies the allegations contained in paragraph 9 of the Complaint on the ground that "affiliated entities" is vague and ambiguous and calls for a legal conclusion.

10.     McKesson admits the allegations contained paragraph 10 of the Complaint.

11.      McKesson lacks knowledge or information sufficient to have a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     McKesson lacks knowledge or information sufficient to have a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.     McKesson lacks knowledge or information sufficient to have a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     McKesson lacks knowledge or information sufficient to have a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.      As to the allegations contained in paragraph 15 of the Complaint, McKesson admits

BN 84865690v1

that Defendants were parties to certain agreements with Debtors including the two referenced agreements.

16.    Paragraph 16 contains an incomplete legal conclusion.  McKesson respectfully refers the Court to the complete terms of the MPS Agreement.

17.    Paragraph 17 contains an incomplete legal conclusion.  McKesson respectfully refers the Court to the complete terms of the Distribution Agreement.

18.    Paragraph 18 contains an incomplete legal conclusion.  McKesson respectfully refers the Court to the complete terms of the MPS Agreement and the Distribution Agreement.

19.    As to the allegations contained in Paragraph 19, McKesson admits that Debtors generally supplied products and provided invoices to McKesson.  McKesson lacks knowledge or information sufficient to have a belief as to the remaining factual contentions in the paragraph and, on that basis, denies any implied factual contention.

20.    As to allegations contained in Paragraph 20, McKesson lacks knowledge or information sufficient to have a belief as to the truth of the allegations.  McKesson respectfully refers the Court to relevant documents.

21.    As to the allegations contained in Paragraph 21, McKesson lacks knowledge or information sufficient to have a belief as to the truth of the allegations.  McKesson is currently investigating the amount of monies, if any, that are due to Plaintiff by each of the defendant McKesson entities subject to McKesson's defenses.

22.    McKesson denies the allegations contained in Paragraph 22.

23.    McKesson denies the allegations contained in Paragraph 23.

24.    McKesson denies the allegations contained in Paragraph 24.

25.    As to the allegations contained in Paragraph 25, McKesson admits there has been

BN 84865690v1

written communications between McKesson and Plaintiff and that no resolution has been reached. McKesson denies all other contentions contained in Paragraph 25.

26.    McKesson denies the allegations contained in Paragraph 26.

27.    McKesson admits the allegations contained in Paragraph 27.

<u>COUNT I</u>

28.    As to the allegations contained in Paragraph 28, McKesson repeats and incorporates its response to Paragraphs 1 through 27.

29.    As to the allegations contained in Paragraph 29, McKesson admits that Debtors sold and delivered certain products to McKesson and that the sales were generally governed by the terms of written agreements.  McKesson lacks knowledge or information sufficient to have a belief as to all additional allegations contained in this paragraph.

30.    As to the allegations contained in Paragraph 30, McKesson generally admits that it accepted products from Debtors.  McKesson lacks knowledge or information sufficient to have a belief as to all additional allegations contained in this paragraph.

31.    Paragraph 31 only contains a legal conclusion.

32.    As to the allegations contained in Paragraph 32, McKesson admits that is has not paid certain of the amounts listed on Exhibit B.  McKesson denies that this is the total amount owed after taking into account offsets, credits, deductions, recoupment, applicable fees, and other defenses.  McKesson is currently investigating the amount of monies, if any, that are due to Plaintiff by each of the defendant McKesson entities subject to McKesson's defenses.

33.    As to the allegations contained in Paragraph 33, McKesson admits that is has not paid certain of the amounts listed on Exhibit B.  McKesson denies that this is the total amount owed after taking into account offsets, credits, deductions, recoupment, applicable fees, and other

defenses.  McKesson is currently investigating the amount of monies, if any, that are due to Plaintiff by each of the defendant McKesson entities subject to McKesson's defenses.

34.    McKesson denies the allegations of Paragraph 34.

COUNT II

35.    As to the allegations contained in Paragraph 35, McKesson repeats and incorporates its response to Paragraphs 1 through 27.

36.    McKesson admits it entered into the referenced Agreements with Debtors. McKesson denies the remainder of the allegations contained in Paragraph 36 on the ground that it is overbroad to summarize the Agreements as stated.  McKesson respectfully refers the Court to the Agreements.

37.    McKesson admits the referenced Agreements were generally valid and enforceable subject to the specific terms of the Agreements.

38.    McKesson denies the allegations contained in Paragraph 38.

39.    McKesson denies the allegations contained in Paragraph 39.

40.    McKesson denies the allegations contained in Paragraph 40.

COUNT III

41.    As to the allegations contained in Paragraph 41, McKesson repeats and incorporates its response to Paragraphs 1 through 27.

42.    As to the allegations contained in Paragraph 42, McKesson generally admits that it ordered products from Debtors and that Debtors provided invoices.  McKesson lacks knowledge or information sufficient to admit that Debtors always provided invoices.

43.    As to the allegations contained in Paragraph 43, McKesson denies that Exhibit B accurately reflects the open amount of invoices.  McKesson lacks knowledge or information

sufficient to admit that the invoices accurately match the products that were ordered and delivered.

44.    As to the allegations contained in Paragraph 44, McKesson lacks knowledge or information sufficient to have a belief as to the truth of the allegations.

45.    McKesson admits the allegation of Paragraph 45.

46.    As to the allegations contained in Paragraph 46, McKesson admits that is has not paid certain of the amounts demanded by Debtors.  McKesson denies that this is the total amount owed after taking into account offsets, credits, deductions, recoupment, applicable fees, and other defenses.  McKesson is currently investigating the amount of monies, if any, that are due to Plaintiff by each of the defendant McKesson entities subject to McKesson's defenses.

47.    McKesson denies the allegations contained in paragraph 47.

<u>COUNT IV</u>

48.    As to the allegations contained in Paragraph 48, McKesson repeats and incorporates its response to Paragraphs 1 through 27.

49.     As to the allegations contained in Paragraph 49, McKesson denies that Debtor's alleged "expectation" was reasonable or consistent with the terms of the referenced Agreements or governing law.   McKesson otherwise lacks knowledge or information sufficient to have a belief as to the truth of the allegations.

50.    McKesson generally admits that it accepted certain products from Debtors.  What McKesson "should have reasonably expected" is a legal conclusion.  McKesson denies that it should have expected to pay for more than is required under the terms of the parties' agreement and governing law.

51.    As to the allegations contained in Paragraph 51, McKesson admits that is has not paid the amounts demanded by Plaintiff.  McKesson denies that this is the total amount owed after

BN 84865690v1

taking into account offsets, credits, applicable fees, and other defenses. McKesson is currently investigating the amount of monies, if any, that are due to Plaintiff by each of the defendant McKesson entities subject to McKesson's defenses.

52.    McKesson denies the allegations contained in Paragraph 52.

53.    McKesson denies the allegations contained in Paragraph 53.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

McKesson alleges that the complaint in its entirety, and each of the purported claims for relief, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Recoupment/Deduction/Netting)**

McKesson alleges that by virtue of the acts of Debtors and Plaintiff, McKesson has been damaged in an amount equal to or greater than the amount of damages, if any, to which Plaintiff may be entitled and by operation of law McKesson is entitled to exercise its recoupment, deduction, and netting rights as against any amounts due and owing to Plaintiff from the sale of pharmaceutical products to McKesson.

### THIRD AFFIRMATIVE DEFENSE
**(Offset)**

McKesson alleges that by virtue of the acts of the Debtors and Plaintiff, McKesson has been damaged in an amount equal to or greater than the amount of damages, if any, to which Plaintiff may be entitled.

### FOURTH AFFIRMATIVE DEFENSE
**(Waiver and Estoppel)**

McKesson alleges that Plaintiff is barred in whole or in part from prosecuting the

purported causes of action set forth in the Complaint by the doctrines of waiver and estoppel.

DATED:  October 1, 2024          By:/s/*Jason C. Powell* (No. 3768)                        
                                     JASON C. POWELL (NO. 3768)
                                     THE POWELL FIRM, LLC
                                     1813 N. Franklin St.
                                     P.O. Box 289
                                     Wilmington, DE 19899
                                     Telephone: 302-650-1572
                                     Email: jpowell@delawarefirm.com

                                     and

                                     JEFFREY K. GARFINKLE
                                     (Cal. SBN:  153496; *Pro Hac Vice* pending)
                                     STEVEN H. WINICK
                                     (Cal. SBA:  160815; *Pro Hac Vice* pending)
                                     BUCHALTER, a Professional Corporation
                                     18400 Von Karman Avenue, Suite 800
                                     Irvine, CA  92612-0514
                                     Telephone: 949-760-1121
                                     Email:  jgarfinkle@buchalter.com
                                             swinick@buchalter.com

                                     *Attorneys for Defendants*
                                     MCKESSON CORPORATION; MCKESSON
                                     SPECIALTY CARE DISTRIBUTION LLC; and
                                     MCKESSON MEDICAL-SURGICAL, INC.

8