# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MCKESSON CORPORATION, MCKESSON SPECIALTY CARE DISTRIBUTION LLC, MCKESSON MEDICAL-SURGICAL, INC.,<br><br>Defendants. | Adv. Proc. No. 24-50042 (KBO)<br><br>**Related Adv. D.I.: 39** |

**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER (I) COMPELLING DEFENDANTS TO RESPOND TO INTERROGATORIES AND TO PRODUCE DOCUMENTS, AND (II) GRANTING RELATED RELIEF**

Plaintiff George Miller, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "**Debtors**"), by and through his counsel, hereby moves (this "**Motion**"), pursuant to Rule 37 of the Federal Rules of Civil Procedure (the "**Rules**"), which is made applicable to this adversary proceeding by Rules 7037 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and pursuant to Rule 7026-1 of the Local Rules

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the entry of an order, substantially in the form submitted herewith as **Exhibit A**, (a) compelling defendants McKesson Corporation ("**McKesson**"), McKesson Specialty Care Distribution LLC ("**MSCD**"), and McKesson Medical-Surgical, Inc. ("**MMS**" and together with McKesson and MSCD, "**Defendants**") to respond substantively to the interrogatories that the Trustee propounded upon each of Defendants pursuant to Rule 33, (b) compelling Defendants to produce documents (including electronically stored information) in response to the requests for production that the Trustee propounded upon each of Defendants pursuant to Rule 34, and (c) requiring Defendants to pay the Trustee's reasonable attorneys' fees and costs incurred in making this Motion.

In support of this Motion, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1.  This Motion should not have been necessary. Since mid-2023, Defendants have been working to determine what amounts they agree are due and owing to the Debtors' estates for products sold and delivered to, and accepted by, Defendants, and what amounts they believe are appropriately applied as a setoff to their obligations to the Debtors.

2.  Despite those efforts, Defendants contend that they cannot, or will not, respond substantively and fulsomely to the Trustee's discovery requests. In light of that position, and in light of Defendants' failure to cooperate in good faith with the Trustee in an effort to resolve the present dispute, the Trustee has been left with no alternative but to file this Motion and thereby ask the Court to compel Defendants to comply with their discovery obligations. Because Defendants unnecessarily put the Trustee in that position, and because Defendants are improperly delaying the Trustee's prosecution of this adversary proceeding, the Trustee also seeks an award of the attorneys' fees incurred in connection with this dispute.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Section 105(a) of the Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, Rule 37, Bankruptcy Rules 7037 and 9014, and Local Rule 7026-1.

## PERTINENT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

5. On February 23, 2023 (the "**Petition Date**"), each of the Debtors—Akorn Holding Company LLC, Case No. 23-10253, Akorn Intermediate Company LLC, Case No. 23-10254, and Akorn Operating Company, LLC, Case No. 23-10255—filed voluntary petitions in this Court for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "**Chapter 7 Cases**"). The Chapter 7 Cases are being jointly administered. *See* Adv. D.I. 2 at ¶ 10.

6. Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. *See* Adv. D.I. 2 at ¶ 12.

7. Also prior to the Petition Date, the Debtors and Defendants were parties to certain agreements, including but not necessarily limited to that certain *Member Purchase and Services Agreement between McKesson Corporation and Akorn, Inc.* dated March 14, 2018 (the "**MPS Agreement**"), and that certain *McKesson Medical-Surgical Inc. Distribution Agreement* dated January 21, 2008, as amended by that certain *Extension Letter* dated December 15, 2021 (the "**Distribution Agreement**"). *See* Adv. D.I. 2 at ¶ 15.

8. Also prior to the Petition Date, the Debtors supplied products ordered by Defendants and invoiced Defendants for those products pursuant to the MPS Agreement and the Distribution Agreement; however, Defendants failed to pay the full amount owed to the Debtors under the MPS Agreement and the Distribution Agreement. *See* Adv. D.I. 2 at ¶¶ 19-24.

9. On April 15, 2024, after consultants whom the Trustee engaged, who were former employees of the Debtors and who were very familiar with the course of dealings between the Debtors and Defendants, contacted Defendants numerous times in an attempt to resolve this matter before resorting to litigation, the Trustee filed the *Complaint for (I) Payment of Goods Sold and Delivered, (II) Breach of Contract, (III) Account Stated, (IV) Unjust Enrichment (In the Alternative),(V) Turnover of Accounts Receivable, and (VI) Disallowance of Claims* [Adv. D.I. 2] (the "**Complaint**"), in which the Trustee asserts against Defendants causes of action seeking to recover more than $104.4 million due and owing to the Debtors' estates for products sold to Defendants under the MPS Agreement and the Distribution Agreement.

10. On July 10, 2024, the Trustee served upon Defendants the following:

    a. *Plaintiff's First Set of Interrogatories to Defendant McKesson Corporation* (the "**McKesson Interrogatories**");

    b. *Plaintiff's First Set of Interrogatories to Defendant McKesson Specialty Care Distribution LLC* (the "**MSCD Interrogatories**");

    c. *Plaintiff's First Set of Interrogatories to Defendant McKesson Medical-Surgical, Inc.* (the "**MMS Interrogatories**" and, together with the McKesson Interrogatories and the MSCD Interrogatories, the "**Interrogatories**");[2]

    d. *Plaintiff's First Set of Requests for Production to Defendant McKesson Corporation* (the "**McKesson Requests for Production**");

---

[2] Copies of the Interrogatories are submitted as **Exhibit A** to the *Declaration of Steven C. Reingold in Support of Plaintiff's Motion for Entry of an Order (I) Compelling Defendants to Respond to Interrogatories and to Produce Documents, and (II) Granting Related Relief* (the "**Reingold Declaration**" or "**Reingold Decl.**").

4

   e. *Plaintiff's First Set of Requests for Production to Defendant McKesson Specialty Care Distribution LLC* (the "**MSCD Requests for Production**"); and

   f. *Plaintiff's First Set of Requests for Productions to Defendant McKesson Medical-Surgical, Inc.* (the "**MMS Requests for Production**" and together with the McKesson Requests for Production and the MSCD Request for Production, the "**Requests for Production**"). *See* Adv. D.I. 39.[3]

  11. Defendants' responses to the Interrogatories and the Requests for Production were due by Friday, August 9, 2024. On that day, Defendants' counsel emailed the Trustee's counsel and requested a ten-day extension of the response date. *See* Reingold Decl. at ¶¶ 6; 9. Later that day, Defendants served the following:

   a. *Defendant McKesson Corporation's Response to Plaintiff's First Set of Interrogatories* (the "**McKesson Interrogatory Responses**");

   b. *Defendant McKesson Specialty Care Distribution, LLC's Response to Plaintiff's First Set of Interrogatories* (the "**MSCD Interrogatory Responses**");

   c. *Defendant McKesson Medical-Surgical, Inc.'s Response to Plaintiff's First Set of Interrogatories* (the "**MMS Interrogatory Responses**" and, together with the McKesson Interrogatory Responses and the MSCD Interrogatory Responses, the "**Interrogatory Responses**");[4]

   d. *Defendant McKesson Corporation's Response to Plaintiff's First Set of Requests for Production of Documents* (the "**McKesson Requests for Production Responses**");

   e. *Defendant McKesson Specialty Care Distribution, LLC's Response to Plaintiff's First Set of Requests for Production of Documents* (the "**MSCD Requests for Production Responses**"); and

   f. *Defendant McKesson Medical-Surgical, Inc.'s Response to Plaintiff's First Set of Requests for Production of Documents* (the "**MMS Requests for Production Responses**" and, together with the McKesson Requests for

---

[3] Copies of the Requests for Production are submitted as **Exhibit B** to the Reingold Declaration.

[4] Copies of the Interrogatory Responses are submitted as **Exhibit C** to the Reingold Declaration.

Production Responses and the MSCD Requests for Production Responses, the "**Requests for Production Responses**").[5]

12. On Monday, August 12, 2024, the Trustee's counsel informed Defendants' counsel by email that they were not able to connect with the Trustee until over the weekend after Defendants' counsel had conveyed their request, such that they were not in a position to respond to that request until after Defendants had already served the Interrogatory Responses and the Requests for Production Responses. The Trustee's counsel also informed Defendants' counsel that the Trustee had agreed to provide Defendants until August 19, 2024 to respond to the Interrogatories and the Requests for Production. Based upon the Trustee's counsel's review of the Interrogatory Responses and the Requests for Production Responses, the Trustee's counsel asked Defendants' counsel to confirm that Defendants would supplement the same by that date and that the responses would be substantive. The Trustee's counsel also asked Defendants' counsel to advise them as to when Defendants' counsel anticipated Defendants would begin to produce documents. *See* Reingold Decl. at ¶ 11.

13. Unfortunately, the Trustee's counsel's received no response to their August 12, 2024 email, and Defendants neither supplemented the Interrogatory Responses and the Requests for Production Responses as required by Rule 26(e)(1)(A), nor began their document production, by August 19, 2024.[6] Accordingly, on August 20, 2024, the Trustee's counsel's sent a letter to Defendants' counsel detailing the deficiencies in the Interrogatory Responses and the Requests for Production Responses, and asking that they be provided with their availability during the remainder of that week and during the week of August 26, 2024 to meet and confer regarding the

---

[5] Copies of the Requests for Production Responses are submitted as **Exhibit D** to the Reingold Declaration.

[6] The Trustee also served a deposition notice upon each of McKesson, MSCD, and MMS pursuant to Rule 30(b)(6), requiring them to produce one or more designees for depositions on September 9, 10, and 11, 2024. *See* Adv. D.I. 36-38. In light of the issues discussed in this Motion, those depositions did not take place and have yet to be rescheduled.

deficiencies in the Interrogatory Responses and the Requests for Production Responses, and regarding dates for which the depositions of Defendants' Rule 30(b)(6) designees could be rescheduled.  *See* Reingold Decl. at ¶ 12, Exh. E.

14.   Late in the day on August 29, 2024, Defendants' counsel responded to the request in the Trustee's counsel's August 20, 2024 letter to schedule a time to meet and confer regarding the deficiencies in the Interrogatory Responses and the Requests for Production Responses, offering to meet on September 4 or 5, 2024.  The parties ultimately agreed to meet on, and did meet on, Thursday, September 5, 2024.  *See* Reingold Decl. at ¶ 13.

15.   Defendants took the position, amongst others, that the Interrogatories and the Requests for Production are overly broad and seek information and documentation that are not relevant, and that Defendants do not have the ability to identify, collect, review, and produce the documents and communications the Trustee seeks.  While the Trustee disagreed with Defendants' positions regarding the breadth of the Interrogatories and the Requests for Production and relevance (and continues to do so), and while the Trustee is of the mind that simply because Defendants are part of a large corporate structure in which many people may have worked on the issues at hand does not excuse Defendants from meeting their discovery obligations, the Trustee attempted to work with Defendants to narrow the issues.  It was agreed that Defendants would advise the Trustee of those documents that Defendants could readily produce that pertain to the amounts the Trustee contends are due and owing in respect of the invoices sent to Defendants, and those documents that Defendants could readily produce that pertain to the amounts that Defendants contend relate to their right of setoff arising from the recall of certain products, all being subject to the Trustee's right to seek additional documents.  The Trustee also requested that Defendants produce Defendants' internal communications that relate to the amounts owed and to the setoff

amounts; to that end, the Trustee asked Defendants to provide a list of custodians who do or may have such communications, along with a list of proposed search terms to be applied to their communications, so as to limit the number of documents to be produced. Given the passage of time, the Trustee asked Defendants to respond with their proposal during the early part of the week of September 9, 2024. *See* Reingold Decl. at ¶ 14.

16. On Friday, September 13, 2024, Defendants provided their proposal as to what documents they would be willing to produce in response to the Interrogatories and the Requests for Production; they also indicated that they would identify for a deposition an individual who can speak to the subject matter of those documents. *See* Reingold Decl. at ¶ 15.

17. On Monday, September 16, 2024, the Trustee asked that Defendants provide the additional information that the Trustee requested so that Defendants' internal communications can be produced. To date, Defendants have failed to respond. *See* Reingold Decl. at ¶ 16.

18. On September 20, 2024, the Trustee filed that certain *Letter to Honorable Karen B. Owens Regarding Discovery Dispute* [Adv. D.I. 48], which letter detailed the same dispute recited herein. The Court subsequently advised the Trustee that the Court's preference is to address discovery disputes such as this via motion practice, which is the impetus for the instant Motion.

**ARGUMENT**

19. Rule 26 provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999) (holding it was abuse of discretion to deny plaintiff's relevant discovery requests); *Marshall v. Elec. Hose & Rubber Co.,* 68 F.R.D. 287, 295 (D. Del. 1975) (providing that "discovery will be permitted unless it is clear that the information

sought can have no possible bearing upon the subject matter of the action") (internal citations omitted).

20. Bankruptcy Rules 7037 and 9014(c) instruct that Rule 37 governs motions to compel discovery in adversary proceedings. As the Court is well aware, Rule 37(a) permits a party to seek an order compelling discovery when another party fails to respond to interrogatories under Rule 33 or to produce documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) & (iv); *see also Sempier v. Johnson & Higgins*, 45 F.3d 724, 735 (3d Cir. 1995) ("Rule 37 provides the court with tools to give the litigants new and proper bearings. A court may compel answers to interrogatories or deposition questions, compel the production of documents, or conversely, grant protective orders.").

21. In that regard, Rule 37 provides that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

22. Relevant here, Rule 37 provides that if a motion to compel is granted, or if the discovery being sought is provided after the filing of that motion, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such an award will not be entered if one of three factors is present, including that the non-moving party's failure to satisfy its discovery obligations was "substantially justified" or that "other circumstances" make the entry of such an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii) & (iii); *see also Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513-14 (D. Nev. 2020) (awarding expenses after granting motion to compel discovery); *Burkett ex rel. Estate of Burkett v. AIG Claim Services, Inc.*, 244

F.R.D. 328, 330-31 (N.D. W. Va. 2005) (discussing what constitutes "substantially justified" failure to comply with discovery obligations and awarding attorneys' fees); *Biovail Corp. v. Lylan Laboratories, Inc.*, 217 F.R.D. 380, 382-83 (N.D. W.Va. 2003) (discussing circumstances in which award of attorneys' fees and expenses should be considered and how courts may determine amount of award); *Aerwey Laboratories, Inc. v. Arco Polymers, Inc.*, 90 F.R.D. 563, 565-66 (N.D. Ill. 1981) (awarding reasonable attorneys' fees and expenses after undue delay in responding to interrogatories and requests for production following repeated requests for responses).

23. A party will prevail on a motion to compel where it complied with the Rules in furnishing its discovery requests and the responding party was deficient in its response. *See, e.g.*, *SWIMC, Inc. v. Hy-Tech Thermal Solutions, LLC*, Civ. No. 08-084-SLR, 2009 WL 1795177, at *3 (D. Del. Jun. 24, 2009) (granting motion to compel responses to interrogatories and documents requests); *Marshall v. Elec. Hose & Rubber Co.*, 69 F.R.D. 287, 295 (D. Del. 1975) (compelling discovery where it was merely "conceivable that it might have a bearing upon the subject matter of this action.").

24. In the August 20, 2024 letter, *see* Reingold Decl. at ¶ 12, Exh. E, the Trustee's counsel identified the following deficiencies in the Interrogatory Responses:

    a.    <u>The McKesson Interrogatory Responses</u>: The McKesson Interrogatories consist of two prefatory interrogatories (Interrogatory Nos. 1-2) that ask McKesson to identify who provided information used in, or who participated in, preparing any of the McKesson Interrogatory Responses, as well as the documents or electronically stored information ("**ESI**") used or relied upon in preparing the McKesson Interrogatory Responses. The remainder of the McKesson Interrogatories (Interrogatory Nos. 3-18) seek information relevant to the Trustee's claims and to Defendants' defenses thereto, and information likely to lead to the discovery of admissible evidence.

            In the McKesson Interrogatory Responses, McKesson failed to respond substantively to every single one of the McKesson Interrogatories. Rather, McKesson asserted numerous boilerplate general and specific objections without regard to whether any of those objections actually applies—

including but not limited to the remarkable objection that "the time specified for production is inadequate" despite the fact that the introductory language to the McKesson Interrogatories expressly refers to the thirty-day period for responding set forth in Rule 33(b)(2), along with the objection that certain of the McKesson Interrogatories seek "the factual or legal basis for McKesson's position in this case," which ignores the purpose of discovery as well as the permissible scope of an interrogatory under Rule 33(a)(2)—and stated that "[s]ubject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do [*sic*] not unduly burden McKesson." Further, in response to most of the McKesson Interrogatories (Interrogatory Nos. 4, 6, and 8-18), McKesson stated that it "has not completed its investigation," which is surprising to say the least given what the Trustee's counsel understood to be efforts that have been undertaken over the course of many months, including efforts that were undertaken prior to the initiation of this adversary proceeding, to respond to the Trustee's demands for payment.[7]

      b.    <u>The MSCD Interrogatory Responses and the MMS Interrogatory Responses</u>: Similar to the McKesson Interrogatories, the MSCD Interrogatories and the MMS Interrogatories consist of two prefatory interrogatories (Interrogatory Nos. 1-2) that ask MSCD and MMS to identify who provided information used in, or who participated in, preparing any of the MSCD Interrogatory Responses and the MMS Interrogatory Responses, as well as the documents or ESI used or relied upon in preparing the MSCD Interrogatory Responses and the MMS Interrogatory Responses, with the remainder of the MSCD Interrogatories and the MMS Interrogatories (Interrogatory Nos. 3-18) seeking information relevant to the Trustee's claims and to Defendants' defenses thereto, and information likely to lead to the discovery of admissible evidence.

           The MSCD Interrogatory Responses and the MMS Interrogatory Responses are, with the exception of MSCD's and MMS's names being substituted for McKesson's where applicable, identical to the McKesson Interrogatory Responses, and are therefore deficient for the same reasons as are the McKesson Interrogatory Responses.

25.    Also in the August 20, 2024 letter, *see* Reingold Decl. at ¶ 12, Exh. E, the Trustee's counsel identified the following deficiencies in the Requests for Production Responses:

      a.    <u>The McKesson Requests for Production Responses</u>: The McKesson Requests for Production require McKesson to identify and produce

---

[7] By way of reminder, the Trustee first sent a demand letter to Defendants more than a year ago. *See* Adv. D.I. 2 at ¶ 25.

11

documents and ESI in response to fourteen separate requests (Requests No. 1-14), each of which seeks documents and ESI relevant to the Trustee's claims and to Defendants' defenses thereto, and documents and ESI likely to lead to the discovery of admissible evidence.

In the McKesson Requests for Production Responses, McKesson failed to respond substantively to every single one of the McKesson Requests for Production. As was the case with the McKesson Interrogatory Responses, McKesson asserted numerous boilerplate general and specific objections without regard to whether any of those objections actually applies—including once again the wholly improper objection that "the time specified for production is inadequate," this time despite the fact that the introductory language to the McKesson Requests for Production expressly refers to the thirty-day period for responding set forth in Rule 34(b)(2), and the objection in response to one of the McKesson Requests for Production (Request No. 8) that it seeks "the factual and legal basis for McKesson's position in this case"—and stated once more that "[s]ubject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do [*sic*] not unduly burden McKesson." Further, in response to one of the McKesson Requests for Production (Request No. 8), McKesson stated that it "has not completed its investigation," which is surprising for the reason noted above.

b. <u>The MSCD Requests for Production Responses and the MMS Requests for Production Responses</u>: The MSCD Requests for Production Responses and the MMS Requests for Production Responses are, with the exception of MSCD's and MMS's names being substituted for McKesson's where applicable, identical to the McKesson Requests for Production Responses, and are therefore deficient for the same reasons as are the McKesson Requests for Production Responses.

26. Notably, Defendants have failed to supplement any of the Interrogatory Responses or any of the Requests for Production Responses to address the foregoing deficiencies. And while Defendants did make a proposal as to which documents they were willing to produce, they have yet to produce a single document to the Trustee. *See* Reingold Decl. at ¶ 15.

27. While the Trustee appreciates Defendants' belated proposal to produce a limited set of documents and considers it a good first step—albeit one that should not have taken so long to get to given that Defendants' efforts to reconcile their obligations to the estate have been going on for well more than a year—it does not go far enough and ignores part of the parties' discussion.

12

Specifically, the Trustee informed Defendants that he seeks, and is entitled to, Defendants' internal communications regarding products that Defendants received but did not pay for, whether or not the failure to pay related to the recall, and to that end asked Defendants to identify custodians and to provide a list of search terms to be applied to those custodians' communications. *See* Reingold Decl. at ¶ 14.

28. Merely producing selected documents that itemize or detail amounts owed and amounts relating to a claimed setoff, and taking the position that the Trustee should simply trust Defendants' accounting of the numbers without having any ability to verify that accounting for himself or to determine if there are any issues with Defendants' claimed setoff rights, is neither sufficient nor consistent with Defendants' discovery obligations. So, too, failing to respond to any of the Interrogatories in the hope that the information the Trustee seeks will be found in those selected documents is wholly inappropriate.

29. In light of the foregoing, in light of Defendants' continuing failure to correct any of the deficiencies in the Interrogatory Responses or any of the deficiencies in the Requests for Production Responses, and in light of Defendants' continuing failure to provide any information or produce any documents whatsoever, the Trustee respectfully requests that the Court grant this Motion and compel Defendants to comply with their discovery obligations under Rule 33 and Rule 34. In addition, because the Trustee was forced to file this Motion as a result of Defendants' dilatory and obfuscatory conduct, the Trustee respectfully requests that the Court grant the Trustee additional relief in the form of reasonable attorneys' fees pursuant to Rule 37(a)(5)(A).

### **RULE 37(a)(1) AND LOCAL RULE 7026-1(d) CERTIFICATION**

30. The undersigned counsel for the Trustee hereby certifies pursuant to Rule 37(a)(1) and Local Rule 7026-1(d) that counsel has in good faith conferred or attempted to confer with

counsel for Defendants regarding the issues discussed in this Motion in an attempt to obtain the information and documents sought without Court action.

31.     Specifically, as noted above, the Trustee's counsel sent a letter to Defendants' counsel detailing the deficiencies in the Interrogatory Responses and the Requests for Production Responses and attempting to schedule a meeting to confer regarding those deficiencies. *See supra* at ¶¶ 24-25.

32.     The Trustee's counsel and Defendants' counsel met on September 5, 2024, and on September 13, 2024 Defendants provided their proposal as to what documents they would be willing to produce in response to the Interrogatories and the Requests for Production. *See supra* at ¶¶ 14-16. That proposal did not go far enough and ignored part of the parties' discussion, so on September 16, 2024 the Trustee asked that Defendants provide additional information that the Trustee had requested. *See supra* at ¶ 17. The Trustee also detailed these efforts in his September 20, 2024 filing with this Court at Adv. D.I. 48. As of the date of this Motion, Defendants have failed to respond. *See supra* at ¶ 17.

[Remainder of page intentionally left blank.]

## CONCLUSION

33. For all of the foregoing reasons, the Trustee respectfully requests that the Court enter an order, substantially in the form submitted herewith as **Exhibit A**, (a) granting this Motion in its entirety, (b) compelling Defendants to respond substantively to the Interrogatories, (c) compelling Defendants to produce documents (including electronically stored information) in response to the Requests for Production, (d) requiring Defendants to pay the Trustee's reasonable attorneys' fees and costs incurred in making this Motion, and (e) granting to the Trustee such other and further relief as the Court deems just and proper.

Dated: October 3, 2024

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com

and

Michelle G. Novick (*admitted pro hac vice*)
161 North Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7899
michelle.novick@saul.com

and

Steven C. Reingold *(admitted pro hac vice)*
131 Dartmouth Street, Suite 501
Boston, MA 02116
Telephone: (617) 723-3300
steven.reingold@saul.com

*Special Counsel to the Chapter 7 Trustee*