**EXHIBIT A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*,[8] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 24-50042 (KBO) |
| MCKESSON CORPORATION, MCKESSON SPECIALTY CARE DISTRIBUTION LLC, MCKESSON MEDICAL-SURGICAL, INC., | **Related Adv. D.I.: _____** |
| Defendants. | |

### ORDER (I) COMPELLING DEFENDANTS TO RESPOND TO INTERROGATORIES AND TO PRODUCE DOCUMENTS, AND (II) GRANTING RELATED RELIEF

**THIS MATTER** having come before the Court upon *Plaintiff's Motion for Entry of an Order (I) Compelling Defendants to Respond to Interrogatories and to Produce Documents, and (II) Granting Related Relief* (the "**Motion**") filed by plaintiff George Miller, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, pursuant to Rule 37 of the Federal Rules of Civil Procedure (the "**Rules**"), which is made applicable to this adversary proceeding by Rules

---

[1]    The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

7037 and 9014 of the Federal Rules of Bankruptcy Procedure, and pursuant to Rule 7026-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), which seeks the entry of an order (a) compelling defendants McKesson Corporation ("**McKesson**"), McKesson Specialty Care Distribution LLC ("**MSCD**"), and McKesson Medical-Surgical, Inc. ("**MMS**" and together with McKesson and MSCD, "**Defendants**") to respond substantively to the interrogatories that the Trustee propounded upon each of Defendants pursuant to Rule 33, (b) compelling Defendants to produce documents (including electronically stored information) in response to the requests for production that the Trustee propounded upon each of Defendants pursuant to Rule 34, and (c) requiring Defendants to pay the Trustee's reasonable attorneys' fees and costs incurred in making the Motion; and the Court having held a hearing (the "**Hearing**") on _____, 2024 in connection with the Motion; and the Court having considered the arguments presented at the hearing in favor of the Motion and in opposition thereto; and the Court otherwise being fully advised in the premises, hereby **ORDERS** as follows:

1.      The Motion is **GRANTED**.

2.      Within ten (10) days of the date of this order, McKesson shall serve upon the Trustee substantive responses to each of the interrogatories set forth in *Plaintiff's First Set of Interrogatories to Defendant McKesson Corporation* and shall file with the Court a notice of service in respect thereof pursuant to Local Rule 7026-2(b).

3.      Within ten (10) days of the date of this order, MSCD shall serve upon the Trustee substantive responses to each of the interrogatories set forth in *Plaintiff's First Set of Interrogatories to Defendant McKesson Specialty Care Distribution LLC* and shall file with the Court a notice of service in respect thereof pursuant to Local Rule 7026-2(b).

4.      Within ten (10) days of the date of this order, MMS shall serve upon the Trustee substantive responses to each of the interrogatories set forth in *Plaintiff's First Set of Interrogatories to Defendant McKesson Medical-Surgical, Inc.* and shall file with the Court a notice of service in respect thereof pursuant to Local Rule 7026-2(b).

5.      Subject to Paragraph 8 hereof, within ten (10) days of the date of this order, McKesson shall serve upon the Trustee the non-privileged documents (including electronically stored information) within McKesson's possession, custody or control that are responsive to each of the requests set forth in *Plaintiff's First Set of Requests for Production to Defendant McKesson Corporation* and a privilege log prepared pursuant to Rule 26(b)(5)(A), and shall file with the Court a notice of service in respect thereof pursuant to Local Rule 7026-2(b).

6.      Subject to Paragraph 8 hereof, within ten (10) days of the date of this order, MSCD shall serve upon the Trustee the non-privileged documents (including electronically stored information) within MSCD's possession, custody or control that are responsive to each of the requests set forth in *Plaintiff's First Set of Requests for Production to Defendant McKesson Specialty Care Distribution LLC* and a privilege log prepared pursuant to Rule 26(b)(5)(A), and shall file with the Court a notice of service in respect thereof pursuant to Local Rule 7026-2(b).

7.      Subject to Paragraph 8 hereof, within ten (10) days of the date of this order, MMS shall serve upon the Trustee the non-privileged documents (including electronically stored information) within MMS's possession, custody or control that are responsive to each of the requests set forth in *Plaintiff's First Set of Requests for Production to Defendant McKesson Medical-Surgical, Inc.* and a privilege log prepared pursuant to Rule 26(b)(5)(A), and shall file with the Court a notice of service in respect thereof pursuant to Local Rule 7026-2(b).

8.      Nothing contained in this order shall prevent the Trustee and Defendants from agreeing to Defendants' production of fewer than all of the documents (including electronically stored information) required to be produced by this order, subject to the Trustee's right to request and receive additional documents (including electronically stored information); provided, however, that such documents (including electronically stored information) that are the subject of any such agreement shall be produced within ten (10) days of the date of this order or by such other date as the Trustee and Defendants may agree, and provided, further, that if the Trustee and Defendants are unable to reach such an agreement, Defendants shall fully comply with the terms of this order.

9.      Within twenty (20) days of the date of this order, the Trustee shall file with the Court a declaration setting forth the attorneys' fees and expenses that the Trustee incurred in connection with the preparation of the Motion and in connection with the preparation for and attendance at the Hearing.

10.     The Court shall retain continuing jurisdiction to enforce the terms of this order.