# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MCKESSON CORPORATION, MCKESSON SPECIALTY CARE DISTRIBUTION LLC, MCKESSON MEDICAL-SURGICAL, INC.,<br><br>Defendants. | Adv. Proc. No. 24-50042 (KBO) |

## DECLARATION OF STEVEN C. REINGOLD IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER (I) COMPELLING DEFENDANTS TO RESPOND TO INTERROGATORIES AND TO PRODUCE DOCUMENTS, AND (II) GRANTING RELATED RELIEF

I, Steven C. Reingold, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner at the law firm of Saul Ewing LLP, special counsel for George Miller, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

"**Debtors**"). I respectfully submit this declaration in support of *Plaintiff's Motion for Entry of an Order (I) Compelling Defendants to Respond to Interrogatories and to Produce Documents, and (II) Granting Related Relief* (the "**Motion**"), pursuant to which the Trustee seeks the entry of an order (a) compelling defendants McKesson Corporation ("**McKesson**"), McKesson Specialty Care Distribution LLC ("**MSCD**"), and McKesson Medical-Surgical, Inc. ("**MMS**" and together with McKesson and MSCD, "**Defendants**") to respond substantively to the interrogatories that the Trustee propounded upon each of Defendants pursuant to Rule 33 of the Federal Rules of Civil Procedure (the "**Rules**"), (b) compelling Defendants to produce documents (including electronically stored information) in response to the requests for production that the Trustee propounded upon each of Defendants pursuant to Rule 34, and (c) requiring Defendants to pay the Trustee's reasonable attorneys' fees and costs incurred in making the Motion.

2. On July 10, 2024, the Trustee served upon Defendants the following:

    a. *Plaintiff's First Set of Interrogatories to Defendant McKesson Corporation* (the "**McKesson Interrogatories**");

    b. *Plaintiff's First Set of Interrogatories to Defendant McKesson Specialty Care Distribution LLC* (the "**MSCD Interrogatories**"); and

    c. *Plaintiff's First Set of Interrogatories to Defendant McKesson Medical-Surgical, Inc.* (the "**MMS Interrogatories**" and, together with the McKesson Interrogatories and the MSCD Interrogatories, the "**Interrogatories**").

3. Attached hereto as **Exhibit A** are copies of the Interrogatories.

4. Also on July 10, 2024, the Trustee also served upon Defendants the following:

    a. *Plaintiff's First Set of Requests for Production to Defendant McKesson Corporation* (the "**McKesson Requests for Production**");

    b. *Plaintiff's First Set of Requests for Production to Defendant McKesson Specialty Care Distribution LLC* (the "**MSCD Requests for Production**"); and

    c.    *Plaintiff's First Set of Requests for Productions to Defendant McKesson Medical-Surgical, Inc.* (the "**MMS Requests for Production**" and together with the McKesson Requests for Production and the MSCD Request for Production, the "**Requests for Production**").

5.    Attached hereto as **Exhibit B** are copies of the Requests for Production.

6.    Defendants' responses to the Interrogatories and the Requests for Production were due by Friday, August 9, 2024. On that day, Defendants' counsel emailed us and requested a ten-day extension of the response date.

7.    On August 9, 2024, Defendants served the following:

    a.    *Defendant McKesson Corporation's Response to Plaintiff's First Set of Interrogatories* (the "**McKesson Interrogatory Responses**");

    b.    *Defendant McKesson Specialty Care Distribution, LLC's Response to Plaintiff's First Set of Interrogatories* (the "**MSCD Interrogatory Responses**"); and

    c.    *Defendant McKesson Medical-Surgical, Inc.'s Response to Plaintiff's First Set of Interrogatories* (the "**MMS Interrogatory Responses**" and, together with the McKesson Interrogatory Responses and the MSCD Interrogatory Responses, the "**Interrogatory Responses**").

8.    Attached hereto as **Exhibit C** are copies of the Interrogatory Responses.

9.    Also on August 9, 2024, Defendants also served the following:

    a.    *Defendant McKesson Corporation's Response to Plaintiff's First Set of Requests for Production of Documents* (the "**McKesson Requests for Production Responses**");

    b.    *Defendant McKesson Specialty Care Distribution, LLC's Response to Plaintiff's First Set of Requests for Production of Documents* (the "**MSCD Requests for Production Responses**"); and

    c.    *Defendant McKesson Medical-Surgical, Inc.'s Response to Plaintiff's First Set of Requests for Production of Documents* (the "**MMS Requests for Production Responses**" and, together with the McKesson Requests for Production Responses and the MSCD Requests for Production Responses, the "**Requests for Production Responses**").

10.    Attached hereto as **Exhibit D** are copies of the Requests for Production Responses.

11. On Monday, August 12, 2024, we informed Defendants' counsel by email that we were not able to connect with the Trustee until over the weekend after Defendants' counsel had conveyed their request, such that we were not in a position to respond to that request until after Defendants had already served the Interrogatory Responses and the Requests for Production Responses. We also informed Defendants' counsel that the Trustee had agreed to provide Defendants until August 19, 2024 to respond to the Interrogatories and the Requests for Production. Based upon our review of the Interrogatory Responses and the Requests for Production Responses, we asked Defendants' counsel to confirm that Defendants would supplement the same by that date and that the responses would be substantive. We also asked Defendants' counsel to advise us as to when Defendants' counsel anticipated Defendants would begin to produce documents.

12. Unfortunately, we received no response to our August 12, 2024 email, and Defendants neither supplemented the Interrogatory Responses and the Requests for Production Responses as required by Rule 26(e)(1)(A), nor began their document production, by August 19, 2024.[2] Accordingly, on August 20, 2024, we sent a letter to Defendants' counsel detailing the deficiencies in the Interrogatory Responses and the Requests for Production Responses, and asking that we be provided with their availability during the remainder of that week and during the week of August 26, 2024 to meet and confer regarding the deficiencies in the Interrogatory Responses and the Requests for Production Responses, and regarding dates for which the depositions of Defendants' Rule 30(b)(6) designees could be rescheduled. Attached hereto as **Exhibit E** is a copy of our August 20, 2024 letter.

---

[2] The Trustee also served a deposition notice upon each of McKesson, MSCD, and MMS pursuant to Rule 30(b)(6), requiring them to produce one or more designees for depositions on September 9, 10, and 11, 2024. *See* Adv. D.I. 36-38. In light of the issues discussed in the Motion, those depositions did not take place and have yet to be rescheduled.

13. Late in the day on August 29, 2024, Defendants' counsel responded to the request in our August 20, 2024 letter to schedule a time to meet and confer regarding the deficiencies in the Interrogatory Responses and the Requests for Production Responses, offering to meet on September 4 or 5, 2024. The parties ultimately agreed to meet on, and did meet on, Thursday, September 5, 2024.

14. Defendants took the position, amongst others, that the Interrogatories and the Requests for Production are overly broad and seek information and documentation that are not relevant, and that Defendants do not have the ability to identify, collect, review, and produce the documents and communications the Trustee seeks. While the Trustee disagreed with Defendants' positions regarding the breadth of the Interrogatories and the Requests for Production and relevance (and continues to do so), and while the Trustee is of the mind that simply because Defendants are part of a large corporate structure in which many people may have worked on the issues at hand does not excuse Defendants from meeting their discovery obligations, the Trustee attempted to work with Defendants to narrow the issues. It was agreed that Defendants would advise the Trustee of those documents that Defendants could readily produce that pertain to the amounts the Trustee contends are due and owing in respect of the invoices sent to Defendants, and those documents that Defendants could readily produce that pertain to the amounts that Defendants contend relate to their right of setoff arising from the recall of certain products, all being subject to the Trustee's right to seek additional documents. The Trustee also requested that Defendants produce Defendants' internal communications that relate to the amounts owed and to the setoff amounts; to that end, the Trustee asked Defendants to provide a list of custodians who do or may have such communications, along with a list of proposed search terms to be applied to their communications, so as to limit the number of documents to be produced. Given the passage of

time, the Trustee asked Defendants to respond with their proposal during the early part of the week of September 9, 2024.

15. On Friday, September 13, 2024, Defendants provided their proposal as to what documents they would be willing to produce in response to the Interrogatories and the Requests for Production; they also indicated that they would identify for a deposition an individual who can speak to the subject matter of those documents. Defendants have not, however, supplemented any of the Interrogatory Responses or any of the Requests for Production Responses, nor have they produced a single document to the Trustee.

16. On Monday, September 16, 2024, the Trustee asked that Defendants provide the additional information that the Trustee requested so that Defendants' internal communications can be produced. To date, Defendants have failed to respond.

Dated: October 3, 2024            */s/ Steven C. Reingold*
                                  Steven C. Reingold