# EXHIBIT A

## Interrogatories

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) |  |
| AKORN HOLDING COMPANY LLC *et al.*,[1] | ) | Case No. 23-10253 (KBO) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |
| GEORGE MILLER, Chapter 7 Trustee of the | ) | Adversary Proceeding |
| bankruptcy estates of Akorn Holding Company | ) | No. 24-50042 (KBO) |
| LLC *et al.*, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| McKESSON CORPORATION, McKESSON | ) |  |
| SPECIALTY CARE DISTRIBUTION LLC, and | ) |  |
| McKESSON MEDICAL-SURGICAL, INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT McKESSON CORPORATION

Plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding

Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, by and

through his counsel, hereby requests, pursuant to Rules 26 and 33 of the Federal Rules of Civil

Procedure (the "**Rules**"), which are made applicable to this adversary proceeding by Rules 7026

and 7033 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and pursuant

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters were located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

to Rules 7026-1 through 7026-3 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), that defendant McKesson Corporation answer the following interrogatories (each, an "**Interrogatory**" and collectively, the "**Interrogatories**") within thirty (30) days of the date hereof.

## INSTRUCTIONS

1.      The instructions set forth in Rule 33 and Local Rule 7026-3 are incorporated herein by reference.

2.      Each Interrogatory and each portion of each Interrogatory is to be answered separately.  Each response to an Interrogatory shall set forth in full the Interrogatory preceding the response.

3.      The Interrogatories shall be deemed continuing so as to require additional answers as additional information is received.  Such additional answers shall be served from time to time but not later than thirty (30) days after such additional information is received.

4.      If any Interrogatory cannot be answered in full, then answer to the extent possible, specify the reason(s) for your inability to answer the remainder and state whatever information, knowledge, or belief you do have concerning the unanswered portion.

5.      Whenever an Interrogatory calls for the identity of a document or non-written communication claimed to be privileged or otherwise protected, identify the document or non-written communication and include in the statement of the identity of such document or non-written communication the fact of such claim of privilege or other protection and the basis for the assertion of such claim.

6.      Each Interrogatory shall be read to be inclusive rather than exclusive.  Accordingly, the words "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the Interrogatory all information that might otherwise be construed to

be outside its scope.  "Including" shall be construed to mean "without any limitation."  "All" includes the word "any" and vice versa.  The past tense shall include the present tense and the present tense shall include the past tense so as to make the Interrogatory inclusive rather than exclusive.  The singular shall include the plural.

7.      If you decline to respond to any Interrogatory on the claim of privilege or protection, furnish a list identifying each document for which the privilege or protection is claimed, together with the following information for each such document:  date, sender, recipient, persons to whom or to which copies were furnished, subject matter of the document, number of pages, the basis on which the privilege or protection is claimed, and whether any matter that is not privileged or protected is discussed in that document.

8.      If any document that would have been responsive to an Interrogatory has been destroyed, discarded, or misplaced, identify that document and also state the date of the document's destruction or the date on which the document was last seen, state the reason for the destruction of the document, identify the person authorizing or carrying out the destruction of the document, and identify by name, last known business address and home address, and title of the person last in possession of the document.

## DEFINITIONS

1.      The term "**Plaintiff**" means plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on his behalf.

2.      The term "**Debtor**" means Akorn Holding Company LLC, Akorn Intermediate Company LLC, or Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

3.      The term "**Affiliate**" is defined to be synonymous in meaning and equal in scope to the definition of this term in 11 U.S.C. § 101(2).

4.      The term "**Petition Date**" means February 23, 2023.

5.      The term "**McKesson**" means defendant McKesson Corporation and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

6.      The term "**MSCD**" means defendant McKesson Specialty Care Distribution LLC and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

7.      The term "**MMS**" means defendant McKesson Medical-Surgical, Inc. and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

8.      The term "**Complaint**" means the *Complaint for (I) Payment of Goods Sold and Delivered, (II) Breach of Contract, (III) Account Stated, (IV) Unjust Enrichment (in the Alternative), (V) Turnover of Accounts Receivable, and (VI) Disallowance of Claims* [Adv. Dkt. No. 1] that Plaintiff filed with the United States Bankruptcy Court for the District of Delaware on April 15, 2024, thereby initiating this adversary proceeding.

9.      The term "**MPS Agreement**" means the *Member Purchase and Services Agreement between McKesson Corporation and Akorn, Inc.* dated March 14, 2018, a copy of which is attached to the Complaint as Exhibit A-1.

10. The term "**Distribution Agreement**" means the *McKesson Medical-Surgical Inc. Distribution Agreement* dated January 21, 2008, as amended by that certain *Extension Letter* dated December 15, 2021, a copy of which is attached to the Complaint as Exhibit A-2.

11. The term "**Products**" means any specialty pharmaceuticals, including prescription, consumer health, and animal health products, developed, manufactured, and marketed by any Debtor or any Affiliate of any Debtor, including branded and generic products in alternative dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants, and nasal sprays.

12. The term "**communication**" means any correspondence, email, text message, social media post, contact, discussion, or any other kind of written or oral exchange or transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between or amongst two or more persons or entities, including but not limited to all telephone conversations, in-person meetings or conversations, internal or external discussions, or exchanges of a document or documents, whether directly or through "cc" or "bcc" copying.

13. The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a), and includes but is not limited to any writing, email, text message, blog, recording, photograph, computer data base, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, and whether an original or a draft, whatever its origin or location, and regardless of the form in which such information exists or is maintained. A draft or nonidentical copy is a separate document within the meaning of this term.

14. The term "**electronically stored information**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and Local Rule 7026-3, and includes but is not limited to information created, manipulated, communicated, stored, and best

utilized in digital form, requiring the use of computer hardware and software. This term is to be interpreted broadly to include all types of information, regardless of the storage media. Electronically stored information includes but is not limited to emails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices, network access information and backup materials, TIF files, PDF files, native files, and the corresponding metadata that is ordinarily maintained in connection with any of the foregoing.

15.     The term "**identify**" when used with respect to a document means to provide, to the extent known, the type of document, the general subject matter, the date, and each author, addressee, and recipient.

16.     The term "**identify**" when used with respect to a person means to provide, to the extent known, the person's full name and present or last known address.

17.     The term "**person**" means any natural person or any business, legal, or governmental entity or association.

18.     The term "**concerning**" means referring to, relating to, describing, evidencing, or constituting.

19.     Any and all other terms are to be interpreted in their common, ordinary sense.

## INTERROGATORIES

1.     Please identify each person who provided information used in, or who participated in, preparing the response to any of the Interrogatories.

2.      Please identify all documents and electronically stored information used or relied upon, in whole or in part, in preparing the response to any of the Interrogatories.

3.      Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS accepted.

4.      If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

5.      Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS did not reject.

6.      If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

7.      Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS sold or distributed to any pharmacy, medical provider, or other end-customer.

8.      If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

9.      If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date are or were unsalable, please set forth such Products and all reasons why such Products are or were unsalable.

10.     If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date were subject to a recall issued on or about May 2, 2023, please set forth which Products were subject to such recall and all reasons for such recall.

11.     If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date should be or should have been repurchased or replaced by any Debtor or any Affiliate of any Debtor, please set forth such Products and all reasons why such Products should be or should have been repurchased or replaced.

12.     If McKesson, MSCD, or MMS contends that it has the right of setoff with respect to any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such Products and all reasons why McKesson, MSCD, or MMS contends it has the right of setoff with respect to such Products.

13.     If McKesson, MSCD, or MMS contends that it incurred any costs in obtaining substitute pharmaceutical products for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution

Agreement during the period of January 1, 2020 to the Petition Date, please set forth such costs and the substitute pharmaceutical products to which they relate and all reasons why McKesson, MSCD, or MMS obtained such substitute pharmaceutical products.

14.     If McKesson, MSCD, or MMS contends that it is owed any amounts resulting from price reductions for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such amounts and the Products to which they relate.

15.     If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date were returned or exchanged by any pharmacy, medical provider, or other end-customer of McKesson, MSCD, or MMS, please set forth which Products were returned or exchanged and all reasons why such Products were returned or exchanged.

16.     If McKesson, MSCD, or MMS contends that it was unable to sell any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS was unable to sell and all reasons why McKesson, MSCD, or MMS was unable to sell such Products.

17.     If McKesson, MSCD, or MMS contends that it relabeled any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition

Date, please set forth which Products McKesson, MSCD, or MMS relabeled and all reasons why McKesson, MSCD, or MMS relabeled such Products.

18.     If McKesson, MSCD, or MMS contends that it destroyed any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS destroyed and all reasons why McKesson, MSCD, or MMS destroyed such Products.

Dated: July 10, 2024                         SAUL EWING LLP


                                            /s/ Evan T. Miller
                                            _____
                                            Evan T. Miller (DE Bar No. 5364)
                                            Paige N. Topper (DE Bar No. 6470)
                                            1201 N. Market Street, Suite 2300
                                            P.O. Box 1266
                                            Wilmington, DE 19899
                                            telephone:  (302) 421-6800
                                            email:  evan.miller@saul.com
                                                      paige.topper@saul.com

                                            Michelle G. Novick (admitted pro hac vice)
                                            161 North Clark Street, Suite 4200
                                            Chicago, IL 60601
                                            telephone: (312) 876-7899
                                            email:  michelle.novick@saul.com

                                            Turner N. Falk (admitted pro hac vice)
                                            1500 Market Street, 38th Floor
                                            Philadelphia, PA 19102
                                            telephone: (215) 972-8415
                                            email:  turner.falk@saul.com

                                            Special Counsel to George Miller, Chapter 7
                                            Trustee of the bankruptcy estates of Akorn
                                            Holding Company LLC *et al.*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) |  |
| AKORN HOLDING COMPANY LLC *et al.*,[1] | ) | Case No. 23-10253 (KBO) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |
| GEORGE MILLER, Chapter 7 Trustee of the | ) | Adversary Proceeding |
| bankruptcy estates of Akorn Holding Company | ) | No. 24-50042 (KBO) |
| LLC *et al.*, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| McKESSON CORPORATION, McKESSON | ) |  |
| SPECIALTY CARE DISTRIBUTION LLC, and | ) |  |
| McKESSON MEDICAL-SURGICAL, INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT McKESSON SPECIALTY CARE DISTRIBUTION LLC

Plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding

Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, by and

through his counsel, hereby requests, pursuant to Rules 26 and 33 of the Federal Rules of Civil

Procedure (the "**Rules**"), which are made applicable to this adversary proceeding by Rules 7026

and 7033 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and pursuant

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters were located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

to Rules 7026-1 through 7026-3 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), that defendant McKesson Specialty Care Distribution LLC answer the following interrogatories (each, an "**Interrogatory**" and collectively, the "**Interrogatories**") within thirty (30) days of the date hereof.

## INSTRUCTIONS

1.      The instructions set forth in Rule 33 and Local Rule 7026-3 are incorporated herein by reference.

2.      Each Interrogatory and each portion of each Interrogatory is to be answered separately.  Each response to an Interrogatory shall set forth in full the Interrogatory preceding the response.

3.      The Interrogatories shall be deemed continuing so as to require additional answers as additional information is received.  Such additional answers shall be served from time to time but not later than thirty (30) days after such additional information is received.

4.      If any Interrogatory cannot be answered in full, then answer to the extent possible, specify the reason(s) for your inability to answer the remainder and state whatever information, knowledge, or belief you do have concerning the unanswered portion.

5.      Whenever an Interrogatory calls for the identity of a document or non-written communication claimed to be privileged or otherwise protected, identify the document or non-written communication and include in the statement of the identity of such document or non-written communication the fact of such claim of privilege or other protection and the basis for the assertion of such claim.

6.      Each Interrogatory shall be read to be inclusive rather than exclusive.  Accordingly, the words "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the Interrogatory all information that might otherwise be construed to

be outside its scope.  "Including" shall be construed to mean "without any limitation."  "All" includes the word "any" and vice versa.  The past tense shall include the present tense and the present tense shall include the past tense so as to make the Interrogatory inclusive rather than exclusive.  The singular shall include the plural.

7.    If you decline to respond to any Interrogatory on the claim of privilege or protection, furnish a list identifying each document for which the privilege or protection is claimed, together with the following information for each such document:  date, sender, recipient, persons to whom or to which copies were furnished, subject matter of the document, number of pages, the basis on which the privilege or protection is claimed, and whether any matter that is not privileged or protected is discussed in that document.

8.    If any document that would have been responsive to an Interrogatory has been destroyed, discarded, or misplaced, identify that document and also state the date of the document's destruction or the date on which the document was last seen, state the reason for the destruction of the document, identify the person authorizing or carrying out the destruction of the document, and identify by name, last known business address and home address, and title of the person last in possession of the document.

## DEFINITIONS

1.    The term "**Plaintiff**" means plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on his behalf.

2.      The term "**Debtor**" means Akorn Holding Company LLC, Akorn Intermediate Company LLC, or Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

3.      The term "**Affiliate**" is defined to be synonymous in meaning and equal in scope to the definition of this term in 11 U.S.C. § 101(2).

4.      The term "**Petition Date**" means February 23, 2023.

5.      The term "**McKesson**" means defendant McKesson Corporation and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

6.      The term "**MSCD**" means defendant McKesson Specialty Care Distribution LLC and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

7.      The term "**MMS**" means defendant McKesson Medical-Surgical, Inc. and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

8.      The term "**Complaint**" means the *Complaint for (I) Payment of Goods Sold and Delivered, (II) Breach of Contract, (III) Account Stated, (IV) Unjust Enrichment (in the Alternative), (V) Turnover of Accounts Receivable, and (VI) Disallowance of Claims* [Adv. Dkt. No. 1] that Plaintiff filed with the United States Bankruptcy Court for the District of Delaware on April 15, 2024, thereby initiating this adversary proceeding.

9.      The term "**MPS Agreement**" means the *Member Purchase and Services Agreement between McKesson Corporation and Akorn, Inc.* dated March 14, 2018, a copy of which is attached to the Complaint as Exhibit A-1.

10.     The term "**Distribution Agreement**" means the *McKesson Medical-Surgical Inc. Distribution Agreement* dated January 21, 2008, as amended by that certain *Extension Letter* dated December 15, 2021, a copy of which is attached to the Complaint as Exhibit A-2.

11.     The term "**Products**" means any specialty pharmaceuticals, including prescription, consumer health, and animal health products, developed, manufactured, and marketed by any Debtor or any Affiliate of any Debtor, including branded and generic products in alternative dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants, and nasal sprays.

12.     The term "**communication**" means any correspondence, email, text message, social media post, contact, discussion, or any other kind of written or oral exchange or transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between or amongst two or more persons or entities, including but not limited to all telephone conversations, in-person meetings or conversations, internal or external discussions, or exchanges of a document or documents, whether directly or through "cc" or "bcc" copying.

13.     The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a), and includes but is not limited to any writing, email, text message, blog, recording, photograph, computer data base, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, and whether an original or a draft, whatever its origin or location, and regardless of the form in which such information exists or is maintained.  A draft or nonidentical copy is a separate document within the meaning of this term.

14.     The term "**electronically stored information**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and Local Rule 7026-3, and includes but is not limited to information created, manipulated, communicated, stored, and best

utilized in digital form, requiring the use of computer hardware and software.  This term is to be interpreted broadly to include all types of information, regardless of the storage media. Electronically stored information includes but is not limited to emails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices, network access information and backup materials, TIF files, PDF files, native files, and the corresponding metadata that is ordinarily maintained in connection with any of the foregoing.

15.    The term "**identify**" when used with respect to a document means to provide, to the extent known, the type of document, the general subject matter, the date, and each author, addressee, and recipient.

16.    The term "**identify**" when used with respect to a person means to provide, to the extent known, the person's full name and present or last known address.

17.    The term "**person**" means any natural person or any business, legal, or governmental entity or association.

18.    The term "**concerning**" means referring to, relating to, describing, evidencing, or constituting.

19.    Any and all other terms are to be interpreted in their common, ordinary sense.

## INTERROGATORIES

1.    Please identify each person who provided information used in, or who participated in, preparing the response to any of the Interrogatories.

2.      Please identify all documents and electronically stored information used or relied upon, in whole or in part, in preparing the response to any of the Interrogatories.

3.      Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS accepted.

4.      If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

5.      Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS did not reject.

6.      If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

7.      Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS sold or distributed to any pharmacy, medical provider, or other end-customer.

8.      If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

9.      If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date are or were unsalable, please set forth such Products and all reasons why such Products are or were unsalable.

10.     If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date were subject to a recall issued on or about May 2, 2023, please set forth which Products were subject to such recall and all reasons for such recall.

11.     If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date should be or should have been repurchased or replaced by any Debtor or any Affiliate of any Debtor, please set forth such Products and all reasons why such Products should be or should have been repurchased or replaced.

12.     If McKesson, MSCD, or MMS contends that it has the right of setoff with respect to any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such Products and all reasons why McKesson, MSCD, or MMS contends it has the right of setoff with respect to such Products.

13.     If McKesson, MSCD, or MMS contends that it incurred any costs in obtaining substitute pharmaceutical products for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution

Agreement during the period of January 1, 2020 to the Petition Date, please set forth such costs and the substitute pharmaceutical products to which they relate and all reasons why McKesson, MSCD, or MMS obtained such substitute pharmaceutical products.

14.     If McKesson, MSCD, or MMS contends that it is owed any amounts resulting from price reductions for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such amounts and the Products to which they relate.

15.     If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date were returned or exchanged by any pharmacy, medical provider, or other end-customer of McKesson, MSCD, or MMS, please set forth which Products were returned or exchanged and all reasons why such Products were returned or exchanged.

16.     If McKesson, MSCD, or MMS contends that it was unable to sell any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS was unable to sell and all reasons why McKesson, MSCD, or MMS was unable to sell such Products.

17.     If McKesson, MSCD, or MMS contends that it relabeled any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition

Date, please set forth which Products McKesson, MSCD, or MMS relabeled and all reasons why McKesson, MSCD, or MMS relabeled such Products.

18.     If McKesson, MSCD, or MMS contends that it destroyed any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS destroyed and all reasons why McKesson, MSCD, or MMS destroyed such Products.

Dated: July 10, 2024                       SAUL EWING LLP


                                           /s/ Evan T. Miller
                                           _____
                                           Evan T. Miller (DE Bar No. 5364)
                                           Paige N. Topper (DE Bar No. 6470)
                                           1201 N. Market Street, Suite 2300
                                           P.O. Box 1266
                                           Wilmington, DE 19899
                                           telephone:  (302) 421-6800
                                           email:  evan.miller@saul.com
                                                        paige.topper@saul.com

                                           Michelle G. Novick (admitted pro hac vice)
                                           161 North Clark Street, Suite 4200
                                           Chicago, IL 60601
                                           telephone: (312) 876-7899
                                           email:  michelle.novick@saul.com

                                           Turner N. Falk (admitted pro hac vice)
                                           1500 Market Street, 38th Floor
                                           Philadelphia, PA 19102
                                           telephone: (215) 972-8415
                                           email:  turner.falk@saul.com

                                           Special Counsel to George Miller, Chapter 7
                                           Trustee of the bankruptcy estates of Akorn
                                           Holding Company LLC *et al.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) |  |
| AKORN HOLDING COMPANY LLC *et al.*,[1] | ) | Case No. 23-10253 (KBO) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |
| GEORGE MILLER, Chapter 7 Trustee of the | ) | Adversary Proceeding |
| bankruptcy estates of Akorn Holding Company | ) | No. 24-50042 (KBO) |
| LLC *et al.*, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| McKESSON CORPORATION, McKESSON | ) |  |
| SPECIALTY CARE DISTRIBUTION LLC, and | ) |  |
| McKESSON MEDICAL-SURGICAL, INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT McKESSON MEDICAL-SURGICAL, INC.**

Plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding

Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, by and

through his counsel, hereby requests, pursuant to Rules 26 and 33 of the Federal Rules of Civil

Procedure (the "**Rules**"), which are made applicable to this adversary proceeding by Rules 7026

and 7033 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and pursuant

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters were located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

1

to Rules 7026-1 through 7026-3 of the Local Rules for the United States Bankruptcy Court for the

District of Delaware (the "**Local Rules**"), that defendant McKesson Medical-Surgical, Inc. answer

the following interrogatories (each, an "**Interrogatory**" and collectively, the "**Interrogatories**")

within thirty (30) days of the date hereof.

## INSTRUCTIONS

1.     The instructions set forth in Rule 33 and Local Rule 7026-3 are incorporated herein

by reference.

2.     Each Interrogatory and each portion of each Interrogatory is to be answered

separately.  Each response to an Interrogatory shall set forth in full the Interrogatory preceding the

response.

3.     The Interrogatories shall be deemed continuing so as to require additional answers

as additional information is received.  Such additional answers shall be served from time to time

but not later than thirty (30) days after such additional information is received.

4.     If any Interrogatory cannot be answered in full, then answer to the extent possible,

specify the reason(s) for your inability to answer the remainder and state whatever information,

knowledge, or belief you do have concerning the unanswered portion.

5.     Whenever an Interrogatory calls for the identity of a document or non-written

communication claimed to be privileged or otherwise protected, identify the document or non-

written communication and include in the statement of the identity of such document or non-

written communication the fact of such claim of privilege or other protection and the basis for the

assertion of such claim.

6.     Each Interrogatory shall be read to be inclusive rather than exclusive.  Accordingly,

the words "and" and "or" shall be construed disjunctively or conjunctively as necessary in order

to bring within the scope of the Interrogatory all information that might otherwise be construed to

be outside its scope.  "Including" shall be construed to mean "without any limitation."  "All" includes the word "any" and vice versa.  The past tense shall include the present tense and the present tense shall include the past tense so as to make the Interrogatory inclusive rather than exclusive.  The singular shall include the plural.

7.     If you decline to respond to any Interrogatory on the claim of privilege or protection, furnish a list identifying each document for which the privilege or protection is claimed, together with the following information for each such document:  date, sender, recipient, persons to whom or to which copies were furnished, subject matter of the document, number of pages, the basis on which the privilege or protection is claimed, and whether any matter that is not privileged or protected is discussed in that document.

8.     If any document that would have been responsive to an Interrogatory has been destroyed, discarded, or misplaced, identify that document and also state the date of the document's destruction or the date on which the document was last seen, state the reason for the destruction of the document, identify the person authorizing or carrying out the destruction of the document, and identify by name, last known business address and home address, and title of the person last in possession of the document.

### DEFINITIONS

1.     The term "**Plaintiff**" means plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on his behalf.

2.      The term "**Debtor**" means Akorn Holding Company LLC, Akorn Intermediate Company LLC, or Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

3.      The term "**Affiliate**" is defined to be synonymous in meaning and equal in scope to the definition of this term in 11 U.S.C. § 101(2).

4.      The term "**Petition Date**" means February 23, 2023.

5.      The term "**McKesson**" means defendant McKesson Corporation and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

6.      The term "**MSCD**" means defendant McKesson Specialty Care Distribution LLC and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

7.      The term "**MMS**" means defendant McKesson Medical-Surgical, Inc. and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

8.      The term "**Complaint**" means the *Complaint for (I) Payment of Goods Sold and Delivered, (II) Breach of Contract, (III) Account Stated, (IV) Unjust Enrichment (in the Alternative), (V) Turnover of Accounts Receivable, and (VI) Disallowance of Claims* [Adv. Dkt. No. 1] that Plaintiff filed with the United States Bankruptcy Court for the District of Delaware on April 15, 2024, thereby initiating this adversary proceeding.

9.      The term "**MPS Agreement**" means the *Member Purchase and Services Agreement between McKesson Corporation and Akorn, Inc.* dated March 14, 2018, a copy of which is attached to the Complaint as Exhibit A-1.

10.     The term "**Distribution Agreement**" means the *McKesson Medical-Surgical Inc. Distribution Agreement* dated January 21, 2008, as amended by that certain *Extension Letter* dated December 15, 2021, a copy of which is attached to the Complaint as Exhibit A-2.

11.     The term "**Products**" means any specialty pharmaceuticals, including prescription, consumer health, and animal health products, developed, manufactured, and marketed by any Debtor or any Affiliate of any Debtor, including branded and generic products in alternative dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants, and nasal sprays.

12.     The term "**communication**" means any correspondence, email, text message, social media post, contact, discussion, or any other kind of written or oral exchange or transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between or amongst two or more persons or entities, including but not limited to all telephone conversations, in-person meetings or conversations, internal or external discussions, or exchanges of a document or documents, whether directly or through "cc" or "bcc" copying.

13.     The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a), and includes but is not limited to any writing, email, text message, blog, recording, photograph, computer data base, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, and whether an original or a draft, whatever its origin or location, and regardless of the form in which such information exists or is maintained.  A draft or nonidentical copy is a separate document within the meaning of this term.

14.     The term "**electronically stored information**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and Local Rule 7026-3, and includes but is not limited to information created, manipulated, communicated, stored, and best

utilized in digital form, requiring the use of computer hardware and software.  This term is to be interpreted broadly to include all types of information, regardless of the storage media. Electronically stored information includes but is not limited to emails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices, network access information and backup materials, TIF files, PDF files, native files, and the corresponding metadata that is ordinarily maintained in connection with any of the foregoing.

15.    The term "**identify**" when used with respect to a document means to provide, to the extent known, the type of document, the general subject matter, the date, and each author, addressee, and recipient.

16.    The term "**identify**" when used with respect to a person means to provide, to the extent known, the person's full name and present or last known address.

17.    The term "**person**" means any natural person or any business, legal, or governmental entity or association.

18.    The term "**concerning**" means referring to, relating to, describing, evidencing, or constituting.

19.    Any and all other terms are to be interpreted in their common, ordinary sense.

## INTERROGATORIES

1.    Please identify each person who provided information used in, or who participated in, preparing the response to any of the Interrogatories.

2.      Please identify all documents and electronically stored information used or relied upon, in whole or in part, in preparing the response to any of the Interrogatories.

3.      Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS accepted.

4.      If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

5.      Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS did not reject.

6.      If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

7.      Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS sold or distributed to any pharmacy, medical provider, or other end-customer.

8.      If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

9.      If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date are or were unsalable, please set forth such Products and all reasons why such Products are or were unsalable.

10.      If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date were subject to a recall issued on or about May 2, 2023, please set forth which Products were subject to such recall and all reasons for such recall.

11.      If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date should be or should have been repurchased or replaced by any Debtor or any Affiliate of any Debtor, please set forth such Products and all reasons why such Products should be or should have been repurchased or replaced.

12.      If McKesson, MSCD, or MMS contends that it has the right of setoff with respect to any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such Products and all reasons why McKesson, MSCD, or MMS contends it has the right of setoff with respect to such Products.

13.      If McKesson, MSCD, or MMS contends that it incurred any costs in obtaining substitute pharmaceutical products for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution

Agreement during the period of January 1, 2020 to the Petition Date, please set forth such costs and the substitute pharmaceutical products to which they relate and all reasons why McKesson, MSCD, or MMS obtained such substitute pharmaceutical products.

14.      If McKesson, MSCD, or MMS contends that it is owed any amounts resulting from price reductions for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such amounts and the Products to which they relate.

15.      If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date were returned or exchanged by any pharmacy, medical provider, or other end-customer of McKesson, MSCD, or MMS, please set forth which Products were returned or exchanged and all reasons why such Products were returned or exchanged.

16.      If McKesson, MSCD, or MMS contends that it was unable to sell any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS was unable to sell and all reasons why McKesson, MSCD, or MMS was unable to sell such Products.

17.      If McKesson, MSCD, or MMS contends that it relabeled any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition

Date, please set forth which Products McKesson, MSCD, or MMS relabeled and all reasons why McKesson, MSCD, or MMS relabeled such Products.

18.     If McKesson, MSCD, or MMS contends that it destroyed any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS destroyed and all reasons why McKesson, MSCD, or MMS destroyed such Products.

Dated: July 10, 2024                              SAUL EWING LLP


                                                  /s/ Evan T. Miller
                                                  _____
                                                  Evan T. Miller (DE Bar No. 5364)
                                                  Paige N. Topper (DE Bar No. 6470)
                                                  1201 N. Market Street, Suite 2300
                                                  P.O. Box 1266
                                                  Wilmington, DE 19899
                                                  telephone:  (302) 421-6800
                                                  email:  evan.miller@saul.com
                                                          paige.topper@saul.com

                                                  Michelle G. Novick (admitted pro hac vice)
                                                  161 North Clark Street, Suite 4200
                                                  Chicago, IL 60601
                                                  telephone: (312) 876-7899
                                                  email:  michelle.novick@saul.com

                                                  Turner N. Falk (admitted pro hac vice)
                                                  1500 Market Street, 38th Floor
                                                  Philadelphia, PA 19102
                                                  telephone: (215) 972-8415
                                                  email:  turner.falk@saul.com

                                                  Special Counsel to George Miller, Chapter 7
                                                  Trustee of the bankruptcy estates of Akorn
                                                  Holding Company LLC *et al*.