**EXHIBIT B**

**Requests for Production**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| AKORN HOLDING COMPANY LLC *et al.*,[1] | ) | Case No. 23-10253 (KBO) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| GEORGE MILLER, Chapter 7 Trustee of the | ) | Adversary Proceeding |
| bankruptcy estates of Akorn Holding Company | ) | No. 24-50042 (KBO) |
| LLC *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| McKESSON CORPORATION, McKESSON | ) | |
| SPECIALTY CARE DISTRIBUTION LLC, and | ) | |
| McKESSON MEDICAL-SURGICAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT McKESSON CORPORATION**

Plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding

Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, by and

through his counsel, hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure (the "**Rules**"), which are made applicable to this adversary proceeding by Rules 7026

and 7034 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and pursuant

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184).  The Debtors' headquarters were located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

to Rules 7026-1 through 7026-3 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), that defendant McKesson Corporation produce the documents requested herein within thirty (30) days of the date hereof.

**INSTRUCTIONS**

1.     The instructions set forth in Rule 34 and Local Rule 7026-3 are incorporated herein by reference.

2.     Each request (each, a "**Request**" and collectively, the "**Requests**") and each portion of each Request is to be answered separately.  Each response to a Request shall set forth in full the Request preceding the response.

3.     These Requests shall be deemed continuing so as to require additional answers as additional information is received.  Such additional answers shall be served from time to time but not later than thirty (30) days after such additional information is received.

4.     If any Request cannot be answered in full, then answer to the extent possible, specify the reason(s) for your inability to answer the remainder and state whatever information, knowledge, or belief you do have concerning the unanswered portion.

5.     Whenever a Request calls for the identity of a document or non-written communication claimed to be privileged or otherwise protected, identify the document or non-written communication and include in the statement of the identity of such document or non-written communication the fact of such claim of privilege or other protection and the basis for the assertion of such claim.

6.     Each Request shall be read to be inclusive rather than exclusive.  Accordingly, the words "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.  "Including" shall be construed to mean "without any limitation."  "All" includes

2

the word "any" and vice versa.  The past tense shall include the present tense and the present tense shall include the past tense so as to make the Request inclusive rather than exclusive.  The singular shall include the plural.

7.      If you decline to respond to any Request on the claim of privilege or protection, furnish a list identifying each document for which the privilege or protection is claimed, together with the following information for each such document:  date, sender, recipient, persons to whom or to which copies were furnished, subject matter of the document, number of pages, the basis on which the privilege or protection is claimed, and whether any matter that is not privileged or protected is discussed in that document.

8.      If any document that would have been responsive to a Request has been destroyed, discarded, or misplaced, identify that document and also state the date of the document's destruction or the date on which the document was last seen, state the reason for the destruction of the document, identify the person authorizing or carrying out the destruction of the document, and identify by name, last known business address and home address, and title of the person last in possession of the document.

## DEFINITIONS

1.      The term "**Plaintiff**" means plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on his behalf.

2.      The term "**Debtor**" means Akorn Holding Company LLC, Akorn Intermediate Company LLC, or Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

3.      The term "**Affiliate**" is defined to be synonymous in meaning and equal in scope to the definition of this term in 11 U.S.C. § 101(2).

4.      The term "**Petition Date**" means February 23, 2023.

5.      The term "**McKesson**" means defendant McKesson Corporation and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

6.      The term "**MSCD**" means defendant McKesson Specialty Care Distribution LLC and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

7.      The term "**MMS**" means defendant McKesson Medical-Surgical, Inc. and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

8.      The term "**Complaint**" means the *Complaint for (I) Payment of Goods Sold and Delivered, (II) Breach of Contract, (III) Account Stated, (IV) Unjust Enrichment (in the Alternative), (V) Turnover of Accounts Receivable, and (VI) Disallowance of Claims* [Adv. Dkt. No. 1] that Plaintiff filed with the United States Bankruptcy Court for the District of Delaware on April 15, 2024, thereby initiating this adversary proceeding.

9.      The term "**MPS Agreement**" means the *Member Purchase and Services Agreement between McKesson Corporation and Akorn, Inc.* dated March 14, 2018, a copy of which is attached to the Complaint as Exhibit A-1.

10.     The term "**Distribution Agreement**" means the *McKesson Medical-Surgical Inc. Distribution Agreement* dated January 21, 2008, as amended by that certain *Extension Letter* dated December 15, 2021, a copy of which is attached to the Complaint as Exhibit A-2.

11.     The term "**Products**" means any specialty pharmaceuticals, including prescription, consumer health, and animal health products, developed, manufactured, and marketed by any

Debtor or any Affiliate of any Debtor, including branded and generic products in alternative dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants, and nasal sprays.

12.     The term "**communication**" means any correspondence, email, text message, social media post, contact, discussion, or any other kind of written or oral exchange or transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between or amongst two or more persons or entities, including but not limited to all telephone conversations, in-person meetings or conversations, internal or external discussions, or exchanges of a document or documents, whether directly or through "cc" or "bcc" copying.

13.     The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a), and includes but is not limited to any writing, email, text message, blog, recording, photograph, computer data base, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, and whether an original or a draft, whatever its origin or location, and regardless of the form in which such information exists or is maintained.  A draft or nonidentical copy is a separate document within the meaning of this term.

14.     The term "**electronically stored information**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and Local Rule 7026-3, and includes but is not limited to information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software.  This term is to be interpreted broadly to include all types of information, regardless of the storage media. Electronically stored information includes but is not limited to emails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs,

transaction logs, internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices, network access information and backup materials, TIF files, PDF files, native files, and the corresponding metadata that is ordinarily maintained in connection with any of the foregoing.

15.      The term "**identify**" when used with respect to a document means to provide, to the extent known, the type of document, the general subject matter, the date, and each author, addressee, and recipient.

16.      The term "**identify**" when used with respect to a person means to provide, to the extent known, the person's full name and present or last known address.

17.      The term "**person**" means any natural person or any business, legal, or governmental entity or association.

18.      The term "**concerning**" means referring to, relating to, describing, evidencing, or constituting.

19.      Any and all other terms are to be interpreted in their common, ordinary sense.

## REQUESTS

1.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS accepted.

2.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the

Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS did not reject.

3.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS sold or distributed to any pharmacy, medical provider, or other end-customer.

4.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date for which McKesson, MSCD, or MMS has not remitted payment.

5.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends are or were unsalable.

6.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends were subject to a recall issued on or about May 2, 2023.

7.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends should be or should have been repurchased or replaced by any Debtor or any Affiliate of any Debtor.

8.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date as to which McKesson, MSCD, or MMS contends it has the right of setoff.

9.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any costs that McKesson, MSCD, or MMS incurred in obtaining substitute pharmaceutical products for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

10.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any amounts alleged to be due to McKesson, MSCD, or MMS resulting from price reductions for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

11.    Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that any pharmacy, medical provider, or other end-customer of McKesson, MSCD, or MMS returned or exchanged.

12.    Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the inability of McKesson, MSCD, or MMS to sell any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

13.    Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the relabeling of any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

14.    Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the destruction by McKesson, MSCD, or MMS of any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

Dated: July 10, 2024

SAUL EWING LLP


/s/ Evan T. Miller

_____
Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
telephone:  (302) 421-6800
email:  evan.miller@saul.com
         paige.topper@saul.com

Michelle G. Novick (admitted pro hac vice)
161 North Clark Street, Suite 4200
Chicago, IL 60601
telephone: (312) 876-7899
email:  michelle.novick@saul.com

Turner N. Falk (admitted pro hac vice)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
telephone: (215) 972-8415
email:  turner.falk@saul.com

Special Counsel to George Miller, Chapter 7
Trustee of the bankruptcy estates of Akorn
Holding Company LLC *et al.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| AKORN HOLDING COMPANY LLC *et al.*,[1] | ) | Case No. 23-10253 (KBO) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| GEORGE MILLER, Chapter 7 Trustee of the | ) | Adversary Proceeding |
| bankruptcy estates of Akorn Holding Company | ) | No. 24-50042 (KBO) |
| LLC *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| McKESSON CORPORATION, McKESSON | ) | |
| SPECIALTY CARE DISTRIBUTION LLC, and | ) | |
| McKESSON MEDICAL-SURGICAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
## TO DEFENDANT McKESSON SPECIALTY CARE DISTRIBUTION LLC

Plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding

Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, by and

through his counsel, hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure (the "**Rules**"), which are made applicable to this adversary proceeding by Rules 7026

and 7034 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and pursuant

---

[1]  The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184).  The Debtors' headquarters were located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

1

to Rules 7026-1 through 7026-3 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), that defendant McKesson Specialty Care Distribution LLC produce the documents requested herein within thirty (30) days of the date hereof.

## INSTRUCTIONS

1.      The instructions set forth in Rule 34 and Local Rule 7026-3 are incorporated herein by reference.

2.      Each request (each, a "**Request**" and collectively, the "**Requests**") and each portion of each Request is to be answered separately.  Each response to a Request shall set forth in full the Request preceding the response.

3.      These Requests shall be deemed continuing so as to require additional answers as additional information is received.  Such additional answers shall be served from time to time but not later than thirty (30) days after such additional information is received.

4.      If any Request cannot be answered in full, then answer to the extent possible, specify the reason(s) for your inability to answer the remainder and state whatever information, knowledge, or belief you do have concerning the unanswered portion.

5.      Whenever a Request calls for the identity of a document or non-written communication claimed to be privileged or otherwise protected, identify the document or non-written communication and include in the statement of the identity of such document or non-written communication the fact of such claim of privilege or other protection and the basis for the assertion of such claim.

6.      Each Request shall be read to be inclusive rather than exclusive.  Accordingly, the words "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.  "Including" shall be construed to mean "without any limitation."  "All" includes

the word "any" and vice versa.  The past tense shall include the present tense and the present tense shall include the past tense so as to make the Request inclusive rather than exclusive.  The singular shall include the plural.

7.      If you decline to respond to any Request on the claim of privilege or protection, furnish a list identifying each document for which the privilege or protection is claimed, together with the following information for each such document:  date, sender, recipient, persons to whom or to which copies were furnished, subject matter of the document, number of pages, the basis on which the privilege or protection is claimed, and whether any matter that is not privileged or protected is discussed in that document.

8.      If any document that would have been responsive to a Request has been destroyed, discarded, or misplaced, identify that document and also state the date of the document's destruction or the date on which the document was last seen, state the reason for the destruction of the document, identify the person authorizing or carrying out the destruction of the document, and identify by name, last known business address and home address, and title of the person last in possession of the document.

## DEFINITIONS

1.      The term "**Plaintiff**" means plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on his behalf.

2.      The term "**Debtor**" means Akorn Holding Company LLC, Akorn Intermediate Company LLC, or Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

3.      The term "**Affiliate**" is defined to be synonymous in meaning and equal in scope to the definition of this term in 11 U.S.C. § 101(2).

4.      The term "**Petition Date**" means February 23, 2023.

5.      The term "**McKesson**" means defendant McKesson Corporation and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

6.      The term "**MSCD**" means defendant McKesson Specialty Care Distribution LLC and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

7.      The term "**MMS**" means defendant McKesson Medical-Surgical, Inc. and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

8.      The term "**Complaint**" means the *Complaint for (I) Payment of Goods Sold and Delivered, (II) Breach of Contract, (III) Account Stated, (IV) Unjust Enrichment (in the Alternative), (V) Turnover of Accounts Receivable, and (VI) Disallowance of Claims* [Adv. Dkt. No. 1] that Plaintiff filed with the United States Bankruptcy Court for the District of Delaware on April 15, 2024, thereby initiating this adversary proceeding.

9.      The term "**MPS Agreement**" means the *Member Purchase and Services Agreement between McKesson Corporation and Akorn, Inc.* dated March 14, 2018, a copy of which is attached to the Complaint as Exhibit A-1.

10.     The term "**Distribution Agreement**" means the *McKesson Medical-Surgical Inc. Distribution Agreement* dated January 21, 2008, as amended by that certain *Extension Letter* dated December 15, 2021, a copy of which is attached to the Complaint as Exhibit A-2.

11.     The term "**Products**" means any specialty pharmaceuticals, including prescription, consumer health, and animal health products, developed, manufactured, and marketed by any

4

Debtor or any Affiliate of any Debtor, including branded and generic products in alternative dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants, and nasal sprays.

12.     The term "**communication**" means any correspondence, email, text message, social media post, contact, discussion, or any other kind of written or oral exchange or transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between or amongst two or more persons or entities, including but not limited to all telephone conversations, in-person meetings or conversations, internal or external discussions, or exchanges of a document or documents, whether directly or through "cc" or "bcc" copying.

13.     The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a), and includes but is not limited to any writing, email, text message, blog, recording, photograph, computer data base, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, and whether an original or a draft, whatever its origin or location, and regardless of the form in which such information exists or is maintained.  A draft or nonidentical copy is a separate document within the meaning of this term.

14.     The term "**electronically stored information**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and Local Rule 7026-3, and includes but is not limited to information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software.  This term is to be interpreted broadly to include all types of information, regardless of the storage media. Electronically stored information includes but is not limited to emails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs,

transaction logs, internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices, network access information and backup materials, TIF files, PDF files, native files, and the corresponding metadata that is ordinarily maintained in connection with any of the foregoing.

15.    The term "**identify**" when used with respect to a document means to provide, to the extent known, the type of document, the general subject matter, the date, and each author, addressee, and recipient.

16.    The term "**identify**" when used with respect to a person means to provide, to the extent known, the person's full name and present or last known address.

17.    The term "**person**" means any natural person or any business, legal, or governmental entity or association.

18.    The term "**concerning**" means referring to, relating to, describing, evidencing, or constituting.

19.    Any and all other terms are to be interpreted in their common, ordinary sense.

## REQUESTS

1.    Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS accepted.

2.    Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the

Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS did not reject.

3.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS sold or distributed to any pharmacy, medical provider, or other end-customer.

4.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date for which McKesson, MSCD, or MMS has not remitted payment.

5.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends are or were unsalable.

6.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends were subject to a recall issued on or about May 2, 2023.

7.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends should be or should have been repurchased or replaced by any Debtor or any Affiliate of any Debtor.

8.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date as to which McKesson, MSCD, or MMS contends it has the right of setoff.

9.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any costs that McKesson, MSCD, or MMS incurred in obtaining substitute pharmaceutical products for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

10.      Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any amounts alleged to be due to McKesson, MSCD, or MMS resulting from price reductions for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

8

11.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that any pharmacy, medical provider, or other end-customer of McKesson, MSCD, or MMS returned or exchanged.

12.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the inability of McKesson, MSCD, or MMS to sell any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

13.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the relabeling of any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

14.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the destruction by McKesson, MSCD, or MMS of any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

Dated: July 10, 2024                    SAUL EWING LLP


                                        /s/ Evan T. Miller
                                        _____
                                        Evan T. Miller (DE Bar No. 5364)
                                        Paige N. Topper (DE Bar No. 6470)
                                        1201 N. Market Street, Suite 2300
                                        P.O. Box 1266
                                        Wilmington, DE 19899
                                        telephone:  (302) 421-6800
                                        email:  evan.miller@saul.com
                                                paige.topper@saul.com

                                        Michelle G. Novick (admitted pro hac vice)
                                        161 North Clark Street, Suite 4200
                                        Chicago, IL 60601
                                        telephone: (312) 876-7899
                                        email:  michelle.novick@saul.com

                                        Turner N. Falk (admitted pro hac vice)
                                        1500 Market Street, 38th Floor
                                        Philadelphia, PA 19102
                                        telephone: (215) 972-8415
                                        email:  turner.falk@saul.com

                                        Special Counsel to George Miller, Chapter 7
                                        Trustee of the bankruptcy estates of Akorn
                                        Holding Company LLC *et al.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) |  |
| AKORN HOLDING COMPANY LLC *et al.*,[1] | ) | Case No. 23-10253 (KBO) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |
| GEORGE MILLER, Chapter 7 Trustee of the | ) | Adversary Proceeding |
| bankruptcy estates of Akorn Holding Company | ) | No. 24-50042 (KBO) |
| LLC *et al.*, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| McKESSON CORPORATION, McKESSON | ) |  |
| SPECIALTY CARE DISTRIBUTION LLC, and | ) |  |
| McKESSON MEDICAL-SURGICAL, INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
## TO DEFENDANT McKESSON MEDICAL-SURGICAL, INC.

Plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding

Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, by and

through his counsel, hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure (the "**Rules**"), which are made applicable to this adversary proceeding by Rules 7026

and 7034 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and pursuant

---

[1]  The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184).  The Debtors' headquarters were located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

to Rules 7026-1 through 7026-3 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), that defendant McKesson Medical-Surgical, Inc. produce the documents requested herein within thirty (30) days of the date hereof.

## INSTRUCTIONS

1.      The instructions set forth in Rule 34 and Local Rule 7026-3 are incorporated herein by reference.

2.      Each request (each, a "**Request**" and collectively, the "**Requests**") and each portion of each Request is to be answered separately.  Each response to a Request shall set forth in full the Request preceding the response.

3.      These Requests shall be deemed continuing so as to require additional answers as additional information is received.  Such additional answers shall be served from time to time but not later than thirty (30) days after such additional information is received.

4.      If any Request cannot be answered in full, then answer to the extent possible, specify the reason(s) for your inability to answer the remainder and state whatever information, knowledge, or belief you do have concerning the unanswered portion.

5.      Whenever a Request calls for the identity of a document or non-written communication claimed to be privileged or otherwise protected, identify the document or non-written communication and include in the statement of the identity of such document or non-written communication the fact of such claim of privilege or other protection and the basis for the assertion of such claim.

6.      Each Request shall be read to be inclusive rather than exclusive.  Accordingly, the words "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.  "Including" shall be construed to mean "without any limitation."  "All" includes

the word "any" and vice versa. The past tense shall include the present tense and the present tense shall include the past tense so as to make the Request inclusive rather than exclusive. The singular shall include the plural.

7.      If you decline to respond to any Request on the claim of privilege or protection, furnish a list identifying each document for which the privilege or protection is claimed, together with the following information for each such document: date, sender, recipient, persons to whom or to which copies were furnished, subject matter of the document, number of pages, the basis on which the privilege or protection is claimed, and whether any matter that is not privileged or protected is discussed in that document.

8.      If any document that would have been responsive to a Request has been destroyed, discarded, or misplaced, identify that document and also state the date of the document's destruction or the date on which the document was last seen, state the reason for the destruction of the document, identify the person authorizing or carrying out the destruction of the document, and identify by name, last known business address and home address, and title of the person last in possession of the document.

## DEFINITIONS

1.      The term "**Plaintiff**" means plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on his behalf.

2.      The term "**Debtor**" means Akorn Holding Company LLC, Akorn Intermediate Company LLC, or Akorn Operating Company LLC, and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

3

3.      The term "**Affiliate**" is defined to be synonymous in meaning and equal in scope to the definition of this term in 11 U.S.C. § 101(2).

4.      The term "**Petition Date**" means February 23, 2023.

5.      The term "**McKesson**" means defendant McKesson Corporation and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

6.      The term "**MSCD**" means defendant McKesson Specialty Care Distribution LLC and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

7.      The term "**MMS**" means defendant McKesson Medical-Surgical, Inc. and any employee, agent, representative, attorney, or other person acting or purporting to act on its behalf.

8.      The term "**Complaint**" means the *Complaint for (I) Payment of Goods Sold and Delivered, (II) Breach of Contract, (III) Account Stated, (IV) Unjust Enrichment (in the Alternative), (V) Turnover of Accounts Receivable, and (VI) Disallowance of Claims* [Adv. Dkt. No. 1] that Plaintiff filed with the United States Bankruptcy Court for the District of Delaware on April 15, 2024, thereby initiating this adversary proceeding.

9.      The term "**MPS Agreement**" means the *Member Purchase and Services Agreement between McKesson Corporation and Akorn, Inc.* dated March 14, 2018, a copy of which is attached to the Complaint as Exhibit A-1.

10.     The term "**Distribution Agreement**" means the *McKesson Medical-Surgical Inc. Distribution Agreement* dated January 21, 2008, as amended by that certain *Extension Letter* dated December 15, 2021, a copy of which is attached to the Complaint as Exhibit A-2.

11.     The term "**Products**" means any specialty pharmaceuticals, including prescription, consumer health, and animal health products, developed, manufactured, and marketed by any

4

Debtor or any Affiliate of any Debtor, including branded and generic products in alternative dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants, and nasal sprays.

12.　　The term "**communication**" means any correspondence, email, text message, social media post, contact, discussion, or any other kind of written or oral exchange or transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between or amongst two or more persons or entities, including but not limited to all telephone conversations, in-person meetings or conversations, internal or external discussions, or exchanges of a document or documents, whether directly or through "cc" or "bcc" copying.

13.　　The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a), and includes but is not limited to any writing, email, text message, blog, recording, photograph, computer data base, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, and whether an original or a draft, whatever its origin or location, and regardless of the form in which such information exists or is maintained.  A draft or nonidentical copy is a separate document within the meaning of this term.

14.　　The term "**electronically stored information**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and Local Rule 7026-3, and includes but is not limited to information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software.  This term is to be interpreted broadly to include all types of information, regardless of the storage media. Electronically stored information includes but is not limited to emails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs,

transaction logs, internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices, network access information and backup materials, TIF files, PDF files, native files, and the corresponding metadata that is ordinarily maintained in connection with any of the foregoing.

15.     The term "**identify**" when used with respect to a document means to provide, to the extent known, the type of document, the general subject matter, the date, and each author, addressee, and recipient.

16.     The term "**identify**" when used with respect to a person means to provide, to the extent known, the person's full name and present or last known address.

17.     The term "**person**" means any natural person or any business, legal, or governmental entity or association.

18.     The term "**concerning**" means referring to, relating to, describing, evidencing, or constituting.

19.     Any and all other terms are to be interpreted in their common, ordinary sense.

## REQUESTS

1.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS accepted.

2.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the

Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS did not reject.

3. Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS sold or distributed to any pharmacy, medical provider, or other end-customer.

4. Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date for which McKesson, MSCD, or MMS has not remitted payment.

5. Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends are or were unsalable.

6. Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends were subject to a recall issued on or about May 2, 2023.

7.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends should be or should have been repurchased or replaced by any Debtor or any Affiliate of any Debtor.

8.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date as to which McKesson, MSCD, or MMS contends it has the right of setoff.

9.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any costs that McKesson, MSCD, or MMS incurred in obtaining substitute pharmaceutical products for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

10.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any amounts alleged to be due to McKesson, MSCD, or MMS resulting from price reductions for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

11.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that any pharmacy, medical provider, or other end-customer of McKesson, MSCD, or MMS returned or exchanged.

12.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the inability of McKesson, MSCD, or MMS to sell any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

13.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the relabeling of any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

14.     Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the destruction by McKesson, MSCD, or MMS of any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

Dated: July 10, 2024                    SAUL EWING LLP

                                        /s/ Evan T. Miller
                                        _____
                                        Evan T. Miller (DE Bar No. 5364)
                                        Paige N. Topper (DE Bar No. 6470)
                                        1201 N. Market Street, Suite 2300
                                        P.O. Box 1266
                                        Wilmington, DE 19899
                                        telephone:  (302) 421-6800
                                        email:  evan.miller@saul.com
                                                  paige.topper@saul.com

                                        Michelle G. Novick (admitted pro hac vice)
                                        161 North Clark Street, Suite 4200
                                        Chicago, IL 60601
                                        telephone: (312) 876-7899
                                        email:  michelle.novick@saul.com

                                        Turner N. Falk (admitted pro hac vice)
                                        1500 Market Street, 38th Floor
                                        Philadelphia, PA 19102
                                        telephone: (215) 972-8415
                                        email:  turner.falk@saul.com

                                        Special Counsel to George Miller, Chapter 7
                                        Trustee of the bankruptcy estates of Akorn
                                        Holding Company LLC *et al.*