**EXHIBIT C**

**Interrogatory Responses**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC et al.,<br><br>      Debtors. | Chapter 7<br><br>CASE NO. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC et al.,<br><br>      Plaintiff,<br><br>   vs.<br><br>McKESSON CORPORATION, McKESSON SPECIALTY CARE DISTRIBUTION LLC, and McKESSON MEDICAL-SURGICAL, INC.,<br><br>      Defendants. | Adversary Proceeding<br>No. 24-50042 (KBO) |

**DEFENDANT McKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST**

**SET OF INTERROGATORIES**

Defendant McKesson Corporation ("McKesson") hereby responds to plaintiff George L. Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company, LLC, Akorn Intermediate Company, LLC, and Akorn Operating Company LLC ("Debtors"), first set of interrogatories as follows:

**GENERAL OBJECTIONS**

1.     McKesson objects to this discovery on the ground that it is premature. McKesson has not completed its investigation of the underlying facts, nor is the case even at issue. McKesson is in the process of conducting its investigation of the underlying facts.

2.      McKesson objects to this discovery to the extent it seeks McKesson's legal position on case issues on the ground the discovery is premature and seeks information protected by the attorney work product doctrine.

3.      McKesson objects to this discovery on the ground it is not tailored to avoid imposing undue burden or expense on McKesson.  The requests are massive in scope and potentially seek enormous volumes of documents and information.  The associated cost responding to these request would be undue and not proportional to the value of the discovery.

4.      McKesson objects to this discovery on the ground that the time specified to answer or produce documents is inadequate.

5.      McKesson objects to this discovery on the ground it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6.      McKesson objects to each request to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Under no circumstance does McKesson agree to produce protected information.

7.      McKesson objects to this discovery on the ground it seeks information that contains trade secrets, proprietary commercial information, or other highly confidential and competitively sensitive business information.

8.      McKesson objects to the "Definitions" and "Instructions" on the ground that they impose obligations not permitted by the Federal Rules of Civil Procedure.

/ / /

/ / /

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify each person who provided information used in, or who participated in, preparing the response to any of the Interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

McKesson incorporates the General Objections set forth above.   Since this interrogatory is derivative of requests 3-18, McKesson also incorporates its specific objections to each of these requests.  McKesson further objects to this request on the ground that it seeks information protected by the attorney work-product doctrine.

**INTERROGATORY NO. 2:**

Please identify all documents and electronically stored information used or relied upon, in whole or in part, in preparing the response to any of the Interrogatories.

**RESPONSE TO INTERROGATORY NO. 2:**

McKesson incorporates the General Objections set forth above.   Since this interrogatory is derivative of requests 3-18, McKesson also incorporates its specific objections to each of these requests.  McKesson further objects to this request on the ground that it seeks information protected by the attorney work-product doctrine.  McKesson further objects to "identify" on the ground it is vague and ambiguous and unduly burdensome, particularly since Plaintiff also seeks the production of the same documents.

**INTERROGATORY NO. 3:**

Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

accepted.

**RESPONSE TO INTERROGATORY NO. 3:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 4:**

If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

**RESPONSE TO INTERROGATORY NO. 4:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case.

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES**

McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature given that McKesson has not completed its investigation and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## INTERROGATORY NO. 5:

Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS did not reject.

## RESPONSE TO INTERROGATORY NO. 5:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case.

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 6:**

If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

**RESPONSE TO INTERROGATORY NO. 6:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature given that McKesson has not completed its investigation and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 7:**

Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS sold or distributed to any pharmacy, medical provider, or other end-customer.

**RESPONSE TO INTERROGATORY NO. 7:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that it seeks discovery of McKesson's downstream sales.  McKesson's downstream sales are not relevant and information related to its downstream sales are highly confidential and contain proprietary information.

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 8:**

If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

**RESPONSE TO INTERROGATORY NO. 8:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that it seeks discovery of McKesson's downstream sales.  McKesson's downstream sales are not relevant and information related to its downstream sales are highly confidential and contain proprietary information.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in

that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## INTERROGATORY NO. 9:

If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date are or were unsalable, please set forth such Products and all reasons why such Products are or were unsalable.

## RESPONSE TO INTERROGATORY NO. 9:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 10**:

If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date were subject to a recall issued on or about May 2, 2023, please set forth which Products were subject to such recall and all reasons for such recall.

**RESPONSE TO INTERROGATORY NO. 10**:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual

and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that Debtors and Plaintiff initiated the recall. The reasons for the recall presumably are known by them.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 11:**

If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date should be or should have been repurchased or replaced by any Debtor or any Affiliate of any Debtor, please set forth such Products and all reasons why such Products should be or should have been repurchased or replaced.

**RESPONSE TO INTERROGATORY NO. 11:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES**

unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## INTERROGATORY NO. 12:

If McKesson, MSCD, or MMS contends that it has the right of setoff with respect to any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such Products and all reasons why McKesson, MSCD, or MMS contends it has the right of setoff with respect to such Products.

## RESPONSE TO INTERROGATORY NO. 12:

McKesson incorporates the General Objections set forth above.

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## INTERROGATORY NO. 13:

If McKesson, MSCD, or MMS contends that it incurred any costs in obtaining substitute pharmaceutical products for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such costs and the substitute pharmaceutical products to which they relate and all reasons why McKesson, MSCD, or MMS obtained such substitute pharmaceutical products.

**RESPONSE TO INTERROGATORY NO. 13:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 14:**

If McKesson, MSCD, or MMS contends that it is owed any amounts resulting from price reductions for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such amounts and the Products to which

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES**

they relate.

**RESPONSE TO INTERROGATORY NO. 14:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense. McKesson further objects to this request on the ground that "price reductions" is not relevant to the present lawsuit.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 15:**

If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES**

Distribution Agreement during the period of January 1, 2020 to the Petition Date were returned or exchanged by any pharmacy, medical provider, or other end-customer of McKesson, MSCD, or MMS, please set forth which Products were returned or exchanged and all reasons why such Products were returned or exchanged.

**RESPONSE TO INTERROGATORY NO. 15:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES**

**INTERROGATORY NO. 16:**

If McKesson, MSCD, or MMS contends that it was unable to sell any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS was unable to sell and all reasons why McKesson, MSCD, or MMS was unable to sell such Products.

**RESPONSE TO INTERROGATORY NO. 16:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES**

burden McKesson.

**INTERROGATORY NO. 17:**

If McKesson, MSCD, or MMS contends that it relabeled any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS relabeled and all reasons why McKesson, MSCD, or MMS relabeled such Products.

**RESPONSE TO INTERROGATORY NO. 17:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 18:**

If McKesson, MSCD, or MMS contends that it destroyed any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS destroyed and all reasons why McKesson, MSCD, or MMS destroyed such Products.

**RESPONSE TO INTERROGATORY NO. 18:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

DATED:  August 9, 2024                    BUCHALTER
                                          A Professional Corporation


                                   By:  _____
                                            STEVEN H. WINICK
                                          425 Market Street, Suite 2900
                                          San Francisco, CA 94105
                                        Tel:  415.227.0900/Fax:  415.227.0770
                                          Email:  swinick@buchalter.com

                                          Attorneys for Defendants
                                        McKESSON CORPORATION, McKESSON
                                        SPECIALTY CARE DISTRIBUTION LLC,
                                         and McKESSON MEDICAL-SURGICAL,
                                                      INC.

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 7 |
| AKORN HOLDING COMPANY LLC et al., | CASE NO. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| | |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC et al., | Adversary Proceeding No. 24-50042 (KBO) |
| Plaintiff, | |
| vs. | |
| McKESSON CORPORATION, McKESSON SPECIALTY CARE DISTRIBUTION LLC, and McKESSON MEDICAL-SURGICAL, INC., | |
| Defendants. | |

**DEFENDANT McKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE**

**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant McKesson Specialty Care Distribution LLC ("McKesson") hereby responds to

plaintiff George L. Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding

Company, LLC, Akorn Intermediate Company, LLC, and Akorn Operating Company LLC

("Debtors"), first set of interrogatories as follows:

**GENERAL OBJECTIONS**

1.      McKesson objects to this discovery on the ground that it is premature.  McKesson

has not completed its investigation of the underlying facts, nor is the case even at issue.

McKesson is in the process of conducting its investigation of the underlying facts.

1

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

2.      McKesson objects to this discovery to the extent it seeks McKesson's legal position on case issues on the ground the discovery is premature and seeks information protected by the attorney work product doctrine.

3.      McKesson objects to this discovery on the ground it is not tailored to avoid imposing undue burden or expense on McKesson.  The requests are massive in scope and potentially seek enormous volumes of documents and information.  The associated cost responding to these request would be undue and not proportional to the value of the discovery.

4.      McKesson objects to this discovery on the ground that the time specified to answer or produce documents is inadequate.

5.      McKesson objects to this discovery on the ground it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6.      McKesson objects to each request to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Under no circumstance does McKesson agree to produce protected information.

7.      McKesson objects to this discovery on the ground it seeks information that contains trade secrets, proprietary commercial information, or other highly confidential and competitively sensitive business information.

8.      McKesson objects to the "Definitions" and "Instructions" on the ground that they impose obligations not permitted by the Federal Rules of Civil Procedure.

/ / /

/ / /

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify each person who provided information used in, or who participated in, preparing the response to any of the Interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

McKesson incorporates the General Objections set forth above.   Since this interrogatory is derivative of requests 3-18, McKesson also incorporates its specific objections to each of these requests.  McKesson further objects to this request on the ground that it seeks information protected by the attorney work-product doctrine.

**INTERROGATORY NO. 2:**

Please identify all documents and electronically stored information used or relied upon, in whole or in part, in preparing the response to any of the Interrogatories.

**RESPONSE TO INTERROGATORY NO. 2:**

McKesson incorporates the General Objections set forth above.   Since this interrogatory is derivative of requests 3-18, McKesson also incorporates its specific objections to each of these requests.  McKesson further objects to this request on the ground that it seeks information protected by the attorney work-product doctrine.  McKesson further objects to "identify" on the ground it is vague and ambiguous and unduly burdensome, particularly since Plaintiff also seeks the production of the same documents.

**INTERROGATORY NO. 3:**

Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

accepted.

**RESPONSE TO INTERROGATORY NO. 3**:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 4**:

If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

**RESPONSE TO INTERROGATORY NO. 4**:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature given that McKesson has not completed its investigation and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## INTERROGATORY NO. 5:

Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS did not reject.

## RESPONSE TO INTERROGATORY NO. 5:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 6:**

If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

**RESPONSE TO INTERROGATORY NO. 6:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature given that McKesson has not completed its investigation and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 7:**

Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS sold or distributed to any pharmacy, medical provider, or other end-customer.

**RESPONSE TO INTERROGATORY NO. 7:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that it seeks discovery of McKesson's downstream sales.  McKesson's downstream sales are not relevant and information related to its downstream sales are highly confidential and contain proprietary information.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 8:**

If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

**RESPONSE TO INTERROGATORY NO. 8:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that it seeks discovery of McKesson's downstream sales. McKesson's downstream sales are not relevant and information related to its downstream sales are highly confidential and contain proprietary information.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 9:**

If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date are or were unsalable, please set forth such Products and all reasons why such Products are or were unsalable.

**RESPONSE TO INTERROGATORY NO. 9:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in

that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 10:**

If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date were subject to a recall issued on or about May 2, 2023, please set forth which Products were subject to such recall and all reasons for such recall.

**RESPONSE TO INTERROGATORY NO. 10:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that Debtors and Plaintiff initiated the recall. The reasons for the recall presumably are known by them.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 11:**

If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date should be or should have been repurchased or replaced by any Debtor or any Affiliate of any Debtor, please set forth such Products and all reasons why such Products should be or should have been repurchased or replaced.

**RESPONSE TO INTERROGATORY NO. 11:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 12:**

If McKesson, MSCD, or MMS contends that it has the right of setoff with respect to any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such Products and all reasons why McKesson, MSCD, or MMS contends it has the right of setoff with respect to such Products.

**RESPONSE TO INTERROGATORY NO. 12:**

McKesson incorporates the General Objections set forth above.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 13:**

If McKesson, MSCD, or MMS contends that it incurred any costs in obtaining substitute pharmaceutical products for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such costs and the substitute pharmaceutical products to which they relate and all reasons why McKesson, MSCD, or MMS obtained such substitute pharmaceutical products.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**RESPONSE TO INTERROGATORY NO. 13:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 14:**

If McKesson, MSCD, or MMS contends that it is owed any amounts resulting from price reductions for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such amounts and the Products to which

14

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

they relate.

## RESPONSE TO INTERROGATORY NO. 14:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense. McKesson further objects to this request on the ground that "price reductions" is not relevant to the present lawsuit.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## INTERROGATORY NO. 15:

If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Distribution Agreement during the period of January 1, 2020 to the Petition Date were returned or exchanged by any pharmacy, medical provider, or other end-customer of McKesson, MSCD, or MMS, please set forth which Products were returned or exchanged and all reasons why such Products were returned or exchanged.

**RESPONSE TO INTERROGATORY NO. 15:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 16:**

If McKesson, MSCD, or MMS contends that it was unable to sell any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS was unable to sell and all reasons why McKesson, MSCD, or MMS was unable to sell such Products.

**RESPONSE TO INTERROGATORY NO. 16:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

burden McKesson.

**INTERROGATORY NO. 17:**

If McKesson, MSCD, or MMS contends that it relabeled any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS relabeled and all reasons why McKesson, MSCD, or MMS relabeled such Products.

**RESPONSE TO INTERROGATORY NO. 17:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 18:**

If McKesson, MSCD, or MMS contends that it destroyed any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS destroyed and all reasons why McKesson, MSCD, or MMS destroyed such Products.

**RESPONSE TO INTERROGATORY NO. 18:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

DATED:  August 9, 2024

BUCHALTER
A Professional Corporation

By:  _____
STEVEN H. WINICK
425 Market Street, Suite 2900
San Francisco, CA 94105
Tel:  415.227.0900/Fax:  415.227.0770
Email:  swinick@buchalter.com

Attorneys for Defendants
McKESSON CORPORATION, McKESSON
SPECIALTY CARE DISTRIBUTION LLC,
and McKESSON MEDICAL-SURGICAL,
INC.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC et al.,<br><br>       Debtors. | Chapter 7<br><br>CASE NO. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the<br>bankruptcy estates of Akorn Holding Company<br>LLC et al.,<br><br>       Plaintiff,<br><br>   vs.<br><br>McKesson CORPORATION, McKESSON<br>SPECIALTY CARE DISTRIBUTION LLC, and<br>McKESSON MEDICAL-SURGICAL, INC.,<br><br>       Defendants. | Adversary Proceeding<br>No. 24-50042 (KBO) |

## DEFENDANT McKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant McKesson Medical-Surgical, Inc. ("McKesson") hereby responds to plaintiff

George L. Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company,

LLC, Akorn Intermediate Company, LLC, and Akorn Operating Company LLC ("Debtors"),

first set of interrogatories as follows:

### GENERAL OBJECTIONS

1.    McKesson objects to this discovery on the ground that it is premature.  McKesson

has not completed its investigation of the underlying facts, nor is the case even at issue.

McKesson is in the process of conducting its investigation of the underlying facts.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

2.       McKesson objects to this discovery to the extent it seeks McKesson's legal position on case issues on the ground the discovery is premature and seeks information protected by the attorney work product doctrine.

3.       McKesson objects to this discovery on the ground it is not tailored to avoid imposing undue burden or expense on McKesson.  The requests are massive in scope and potentially seek enormous volumes of documents and information.  The associated cost responding to these request would be undue and not proportional to the value of the discovery.

4.       McKesson objects to this discovery on the ground that the time specified to answer or produce documents is inadequate.

5.       McKesson objects to this discovery on the ground it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6.       McKesson objects to each request to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Under no circumstance does McKesson agree to produce protected information.

7.       McKesson objects to this discovery on the ground it seeks information that contains trade secrets, proprietary commercial information, or other highly confidential and competitively sensitive business information.

8.       McKesson objects to the "Definitions" and "Instructions" on the ground that they impose obligations not permitted by the Federal Rules of Civil Procedure.

/ / /

/ / /

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify each person who provided information used in, or who participated in, preparing the response to any of the Interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

McKesson incorporates the General Objections set forth above. Since this interrogatory is derivative of requests 3-18, McKesson also incorporates its specific objections to each of these requests. McKesson further objects to this request on the ground that it seeks information protected by the attorney work-product doctrine.

**INTERROGATORY NO. 2:**

Please identify all documents and electronically stored information used or relied upon, in whole or in part, in preparing the response to any of the Interrogatories.

**RESPONSE TO INTERROGATORY NO. 2:**

McKesson incorporates the General Objections set forth above. Since this interrogatory is derivative of requests 3-18, McKesson also incorporates its specific objections to each of these requests. McKesson further objects to this request on the ground that it seeks information protected by the attorney work-product doctrine. McKesson further objects to "identify" on the ground it is vague and ambiguous and unduly burdensome, particularly since Plaintiff also seeks the production of the same documents.

**INTERROGATORY NO. 3:**

Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS

accepted.

**RESPONSE TO INTERROGATORY NO. 3:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 4:**

If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

**RESPONSE TO INTERROGATORY NO. 4:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature given that McKesson has not completed its investigation and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

### INTERROGATORY NO. 5:

Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS did not reject.

### RESPONSE TO INTERROGATORY NO. 5:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 6**:

If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

**RESPONSE TO INTERROGATORY NO. 6**:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature given that McKesson has not completed its investigation and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 7:**

Please set forth all Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS sold or distributed to any pharmacy, medical provider, or other end-customer.

**RESPONSE TO INTERROGATORY NO. 7:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that it seeks discovery of McKesson's downstream sales. McKesson's downstream sales are not relevant and information related to its downstream sales are highly confidential and contain proprietary information.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 8:**

If McKesson MSCD, or MMS has not remitted payment for any Products that are set forth in the response to the preceding Interrogatory, please set forth all reasons why McKesson, MSCD, or MMS has not remitted payment for such Products.

**RESPONSE TO INTERROGATORY NO. 8:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that it seeks discovery of McKesson's downstream sales. McKesson's downstream sales are not relevant and information related to its downstream sales are highly confidential and contain proprietary information.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 9:**

If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date are or were unsalable, please set forth such Products and all reasons why such Products are or were unsalable.

**RESPONSE TO INTERROGATORY NO. 9:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 10:**

If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date were subject to a recall issued on or about May 2, 2023, please set forth which Products were subject to such recall and all reasons for such recall.

**RESPONSE TO INTERROGATORY NO. 10:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that Debtors and Plaintiff initiated the recall.  The reasons for the recall presumably are known by them.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 11:**

If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date should be or should have been repurchased or replaced by any Debtor or any Affiliate of any Debtor, please set forth such Products and all reasons why such Products should be or should have been repurchased or replaced.

**RESPONSE TO INTERROGATORY NO. 11:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 12:**

If McKesson, MSCD, or MMS contends that it has the right of setoff with respect to any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such Products and all reasons why McKesson, MSCD, or MMS contends it has the right of setoff with respect to such Products.

**RESPONSE TO INTERROGATORY NO. 12:**

McKesson incorporates the General Objections set forth above.

12

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## INTERROGATORY NO. 13:

If McKesson, MSCD, or MMS contends that it incurred any costs in obtaining substitute pharmaceutical products for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such costs and the substitute pharmaceutical products to which they relate and all reasons why McKesson, MSCD, or MMS obtained such substitute pharmaceutical products.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**RESPONSE TO INTERROGATORY NO. 13:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 14:**

If McKesson, MSCD, or MMS contends that it is owed any amounts resulting from price reductions for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth such amounts and the Products to which

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

they relate.

**RESPONSE TO INTERROGATORY NO. 14:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense. McKesson further objects to this request on the ground that "price reductions" is not relevant to the present lawsuit.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 15:**

If McKesson, MSCD, or MMS contends that any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Distribution Agreement during the period of January 1, 2020 to the Petition Date were returned or exchanged by any pharmacy, medical provider, or other end-customer of McKesson, MSCD, or MMS, please set forth which Products were returned or exchanged and all reasons why such Products were returned or exchanged.

**RESPONSE TO INTERROGATORY NO. 15:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 16:**

If McKesson, MSCD, or MMS contends that it was unable to sell any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS was unable to sell and all reasons why McKesson, MSCD, or MMS was unable to sell such Products.

**RESPONSE TO INTERROGATORY NO. 16:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

burden McKesson.

**INTERROGATORY NO. 17:**

If McKesson, MSCD, or MMS contends that it relabeled any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS relabeled and all reasons why McKesson, MSCD, or MMS relabeled such Products.

**RESPONSE TO INTERROGATORY NO. 17:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**INTERROGATORY NO. 18:**

If McKesson, MSCD, or MMS contends that it destroyed any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date, please set forth which Products McKesson, MSCD, or MMS destroyed and all reasons why McKesson, MSCD, or MMS destroyed such Products.

**RESPONSE TO INTERROGATORY NO. 18:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine. McKesson objects to discovery seeking legal conclusions.

McKesson further objects to this request on the ground that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

BN 84011378v1

19

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

DATED:  August 9, 2024

BUCHALTER
A Professional Corporation

By:  _____
STEVEN H. WINICK
425 Market Street, Suite 2900
San Francisco, CA 94105
Tel:  415.227.0900/Fax:  415.227.0770
Email:  swinick@buchalter.com

Attorneys for Defendants
McKESSON CORPORATION, McKESSON
SPECIALTY CARE DISTRIBUTION LLC,
and McKESSON MEDICAL-SURGICAL,
INC.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**