**EXHIBIT D**

**Requests for Production Responses**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 7 |
| AKORN HOLDING COMPANY LLC et al., | CASE NO. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| | |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC et al., | Adversary Proceeding No. 24-50042 (KBO) |
| Plaintiff, | |
| vs. | |
| McKESSON CORPORATION, McKESSON SPECIALTY CARE DISTRIBUTION LLC, and McKESSON MEDICAL-SURGICAL, INC., | |
| Defendants. | |

**DEFENDANT McKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST**

**SET OF REQUEST FOR PRODUCTION**

Defendant McKesson Corporation ("McKesson") hereby responds to plaintiff George L.

Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company, LLC, Akorn

Intermediate Company, LLC, and Akorn Operating Company LLC ("Debtors"), first set of

interrogatories as follows:

**GENERAL OBJECTIONS**

1.      McKesson objects to this discovery on the ground that it is premature.  McKesson

has not completed its investigation of the underlying facts, nor is the case even at issue.

McKesson is in the process of conducting its investigation of the underlying facts.

2.      McKesson objects to this discovery to the extent it seeks McKesson's legal position on case issues on the ground the discovery is premature and seeks information protected by the attorney work product doctrine.

3.      McKesson objects to this discovery on the ground it is not tailored to avoid imposing undue burden or expense on McKesson.  The requests are massive in scope and potentially seek enormous volumes of documents and information.  The associated cost responding to these requests would be undue and not proportional to the value of the discovery.

4.      McKesson objects to this discovery on the ground that the time specified to answer or produce documents is inadequate.

5.      McKesson objects to this discovery on the ground it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6.      McKesson objects to each request to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Under no circumstance does McKesson agree to produce protected information.

7.      McKesson objects to this discovery on the ground it seeks information that contains trade secrets, proprietary commercial information, or other highly confidential and competitively sensitive business information.

8.      McKesson objects to the "Definitions" and "Instructions" on the ground that they impose obligations permitted by the Federal Rules of Civil Procedure.

9.      McKesson specifically objects to the definition of "electronically stored information" on the ground it is overbroad, unduly burdensome, and not proportional to the

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUEST FOR PRODUCTION**

needs of the case.  McKesson objects to the production of electronically stored information in its native form.  This case does not warrant a search of McKesson's email system and related documents.

10.     McKesson also objects to identifying documents.  If through meet and confer, McKesson agrees to produce documents, it will not also identify the documents.  Such identification would be unduly burdensome and beyond McKesson's discovery obligations under the Federal Rules.

## RESPONSES TO REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS accepted.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 2:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS did not reject.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 3:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS sold or distributed to any pharmacy, medical provider, or other end-customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that it seeks discovery of McKesson's downstream sales. McKesson's downstream sales are not relevant and information related to its downstream sales are highly confidential and contain proprietary information.

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## REQUEST FOR PRODUCTION NO. 4:

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date for which McKesson, MSCD, or MMS has not remitted payment.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 5:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends are or were unsalable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## REQUEST FOR PRODUCTION NO. 6:

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends were subject to a recall issued on or about May 2, 2023.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 7:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends should be or should have been repurchased or replaced by any Debtor or any Affiliate of any Debtor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 8:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date as to which McKesson, MSCD, or MMS contends it has the right of setoff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing

undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 9:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any costs that McKesson, MSCD, or MMS incurred in obtaining substitute pharmaceutical products for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 10:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any amounts alleged to be due to McKesson, MSCD, or MMS resulting from price reductions for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUEST FOR PRODUCTION**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 11:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that any pharmacy, medical provider, or other end-customer of McKesson, MSCD, or MMS returned or

exchanged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 12:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the inability of McKesson, MSCD, or MMS to sell any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1,

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUEST FOR PRODUCTION**

2020 to the Petition Date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 13:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the relabeling of any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUEST FOR PRODUCTION**

Date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that "relabeling" is beyond the scope of the present lawsuit.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 14:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the destruction by McKesson, MSCD, or MMS of

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUEST FOR PRODUCTION**

any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUEST FOR PRODUCTION**

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

DATED:  August 9, 2024

BUCHALTER
A Professional Corporation

By:  _____
STEVEN H. WINICK
425 Market Street, Suite 2900
San Francisco, CA 94105
Tel:  415.227.0900/Fax:  415.227.0770
Email:  swinick@buchalter.com

Attorneys for Defendants
McKESSON CORPORATION, McKESSON
SPECIALTY CARE DISTRIBUTION LLC,
and McKESSON MEDICAL-SURGICAL,
INC.

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC et al.,<br><br>      Debtors. | Chapter 7<br><br>CASE NO. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC et al.,<br><br>      Plaintiff,<br><br>  vs.<br><br>McKESSON CORPORATION, McKESSON SPECIALTY CARE DISTRIBUTION LLC, and McKESSON MEDICAL-SURGICAL, INC.,<br><br>      Defendants. | Adversary Proceeding<br>No. 24-50042 (KBO) |

**DEFENDANT McKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE**

**TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

      Defendant McKesson Specialty Care Distribution LLC ("McKesson") hereby responds to

plaintiff George L. Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding

Company, LLC, Akorn Intermediate Company, LLC, and Akorn Operating Company LLC

("Debtors"), first set of interrogatories as follows:

**GENERAL OBJECTIONS**

      1.     McKesson objects to this discovery on the ground that it is premature.  McKesson

has not completed its investigation of the underlying facts, nor is the case even at issue.

McKesson is in the process of conducting its investigation of the underlying facts.

2.      McKesson objects to this discovery to the extent it seeks McKesson's legal position on case issues on the ground the discovery is premature and seeks information protected by the attorney work product doctrine.

3.      McKesson objects to this discovery on the ground it is not tailored to avoid imposing undue burden or expense on McKesson.  The requests are massive in scope and potentially seek enormous volumes of documents and information.  The associated cost responding to these requests would be undue and not proportional to the value of the discovery.

4.      McKesson objects to this discovery on the ground that the time specified to answer or produce documents is inadequate.

5.      McKesson objects to this discovery on the ground it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6.      McKesson objects to each request to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Under no circumstance does McKesson agree to produce protected information.

7.      McKesson objects to this discovery on the ground it seeks information that contains trade secrets, proprietary commercial information, or other highly confidential and competitively sensitive business information.

8.      McKesson objects to the "Definitions" and "Instructions" on the ground that they impose obligations permitted by the Federal Rules of Civil Procedure.

9.      McKesson specifically objects to the definition of "electronically stored information" on the ground it is overbroad, unduly burdensome, and not proportional to the

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

needs of the case.  McKesson objects to the production of electronically stored information in its native form.  This case does not warrant a search of McKesson's email system and related documents.

10.    McKesson also objects to identifying documents.  If through meet and confer, McKesson agrees to produce documents, it will not also identify the documents.  Such identification would be unduly burdensome and beyond McKesson's discovery obligations under the Federal Rules.

## RESPONSES TO REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS accepted.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case.  McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 2:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS did not reject.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE**
**TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 3:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS sold or distributed to any pharmacy, medical provider, or other end-customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that it seeks discovery of McKesson's downstream sales. McKesson's downstream sales are not relevant and information related to its downstream sales are highly confidential and contain proprietary information.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 4:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date for which McKesson, MSCD, or MMS has not remitted payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## REQUEST FOR PRODUCTION NO. 5:

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends are or were unsalable.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 6:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends were subject to a recall issued on or about May 2, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 7:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends should be or should have been repurchased or replaced by any Debtor or any Affiliate of any Debtor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 8:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date as to which McKesson, MSCD, or MMS contends it has the right of setoff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 9:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any costs that McKesson, MSCD, or MMS incurred in obtaining substitute pharmaceutical products for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 10:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any amounts alleged to be due to McKesson, MSCD, or MMS resulting from price reductions for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 11:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that any pharmacy, medical provider, or other end-customer of McKesson, MSCD, or MMS returned or

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

exchanged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 12:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the inability of McKesson, MSCD, or MMS to sell any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1,

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

2020 to the Petition Date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 13:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the relabeling of any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE**
**TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

Date.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that "relabeling" is beyond the scope of the present lawsuit.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## REQUEST FOR PRODUCTION NO. 14:

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the destruction by McKesson, MSCD, or MMS of

16

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

DATED:  August 9, 2024
                                                      BUCHALTER
                                                      A Professional Corporation

By:  _____

                    STEVEN H. WINICK
                   425 Market Street, Suite 2900
                   San Francisco, CA 94105
                 Tel:  415.227.0900/Fax:  415.227.0770
                  Email:  swinick@buchalter.com

                   Attorneys for Defendants
               McKESSON CORPORATION, McKESSON
               SPECIALTY CARE DISTRIBUTION LLC,
               and McKESSON MEDICAL-SURGICAL,
                               INC.

**DEFENDANT MCKESSON SPECIALTY CARE DISTRIBUTION LLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC et al.,<br><br>           Debtors. | Chapter 7<br><br>CASE NO. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC et al.,<br><br>           Plaintiff,<br><br>      vs.<br><br>McKESSON CORPORATION, McKESSON SPECIALTY CARE DISTRIBUTION LLC, and McKESSON MEDICAL-SURGICAL, INC.,<br><br>           Defendants. | Adversary Proceeding<br>No. 24-50042 (KBO) |

## DEFENDANT McKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION

Defendant McKesson Medical-Surgical, Inc. ("McKesson") hereby responds to plaintiff

George L. Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company,

LLC, Akorn Intermediate Company, LLC, and Akorn Operating Company LLC ("Debtors"),

first set of interrogatories as follows:

## GENERAL OBJECTIONS

1.      McKesson objects to this discovery on the ground that it is premature.  McKesson

has not completed its investigation of the underlying facts, nor is the case even at issue.

McKesson is in the process of conducting its investigation of the underlying facts.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO**
**PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

2.      McKesson objects to this discovery to the extent it seeks McKesson's legal position on case issues on the ground the discovery is premature and seeks information protected by the attorney work product doctrine.

3.      McKesson objects to this discovery on the ground it is not tailored to avoid imposing undue burden or expense on McKesson.  The requests are massive in scope and potentially seek enormous volumes of documents and information.  The associated cost responding to these requests would be undue and not proportional to the value of the discovery.

4.      McKesson objects to this discovery on the ground that the time specified to answer or produce documents is inadequate.

5.      McKesson objects to this discovery on the ground it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6.      McKesson objects to each request to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Under no circumstance does McKesson agree to produce protected information.

7.      McKesson objects to this discovery on the ground it seeks information that contains trade secrets, proprietary commercial information, or other highly confidential and competitively sensitive business information.

8.      McKesson objects to the "Definitions" and "Instructions" on the ground that they impose obligations permitted by the Federal Rules of Civil Procedure.

9.      McKesson specifically objects to the definition of "electronically stored information" on the ground it is overbroad, unduly burdensome, and not proportional to the

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

needs of the case. McKesson objects to the production of electronically stored information in its native form. This case does not warrant a search of McKesson's email system and related documents.

10.    McKesson also objects to identifying documents. If through meet and confer, McKesson agrees to produce documents, it will not also identify the documents. Such identification would be unduly burdensome and beyond McKesson's discovery obligations under the Federal Rules.

## RESPONSES TO REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS accepted.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 2:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS did not reject.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 3:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS sold or distributed to any pharmacy, medical provider, or other end-customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that it seeks discovery of McKesson's downstream sales.  McKesson's downstream sales are not relevant and information related to its downstream sales are highly confidential and contain proprietary information.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## REQUEST FOR PRODUCTION NO. 4:

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date for which McKesson, MSCD, or MMS has not remitted payment.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 5:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends are or were unsalable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## REQUEST FOR PRODUCTION NO. 6:

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends were subject to a recall issued on or about May 2, 2023.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 7:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that McKesson, MSCD, or MMS contends should be or should have been repurchased or replaced by any Debtor or any Affiliate of any Debtor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 8:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date as to which McKesson, MSCD, or MMS contends it has the right of setoff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to this request on the ground that the request seeks the factual and legal basis for McKesson's position in this case and that this information is both premature, in that McKesson has not completed its investigation, and protected from disclosure by the attorney work product doctrine.  McKesson objects to discovery seeking legal conclusions.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

## REQUEST FOR PRODUCTION NO. 9:

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any costs that McKesson, MSCD, or MMS incurred in obtaining substitute pharmaceutical products for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 10:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any amounts alleged to be due to McKesson, MSCD, or MMS resulting from price reductions for any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 11:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date that any pharmacy, medical provider, or other end-customer of McKesson, MSCD, or MMS returned or

exchanged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 12:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the inability of McKesson, MSCD, or MMS to sell any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1,

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

2020 to the Petition Date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 13:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the relabeling of any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

Date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that "relabeling" is beyond the scope of the present lawsuit.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents. To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

**REQUEST FOR PRODUCTION NO. 14:**

Please identify and produce all documents and electronically stored information, including but not limited to communications, concerning the destruction by McKesson, MSCD, or MMS of

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

any Products supplied by any Debtor or any Affiliate of any Debtor to McKesson, MSCD, or MMS pursuant to the MPS Agreement or the Distribution Agreement during the period of January 1, 2020 to the Petition Date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

McKesson incorporates the General Objections set forth above.

McKesson further objects to this request on the ground that this request is overbroad and unduly burdensome, seeks irrelevant documents, and is not proportional to the needs of the case. McKesson further objects to this request on the ground it is not narrowly tailored to avoid imposing undue burden or expense.

McKesson further objects to this request on the ground that that the time period for which it seeks information is overbroad, unduly burdensome, unreasonable, seeks irrelevant documents, and is not proportional to the needs of the case.

McKesson further objects to this request because the time specified for production is inadequate.

McKesson further objects to plaintiff's request that McKesson both produce and identify documents.  To the extent that McKesson agrees to produce documents, it would be duplicative and unduly burdensome to also identify the documents.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

Subject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do not unduly burden McKesson.

DATED:  August 9, 2024

BUCHALTER
A Professional Corporation


By:  _____
                STEVEN H. WINICK
            425 Market Street, Suite 2900
            San Francisco, CA 94105
        Tel:  415.227.0900/Fax:  415.227.0770
            Email:  swinick@buchalter.com

            Attorneys for Defendants
        McKESSON CORPORATION, McKESSON
        SPECIALTY CARE DISTRIBUTION LLC,
        and McKESSON MEDICAL-SURGICAL,
                        INC.

**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**