**EXHIBIT E**

**August 20, 2024 Letter**



Steven C. Reingold
Phone: (617) 912-0940
steven.reingold@saul.com
www.saul.com

August 20, 2024

**VIA EMAIL**

| | |
|---|---|
| Jeffrey K. Garfinkle, Esq. | Jason C. Powell, Esq. |
| Steven H. Winick, Esq. | The Powell Firm, LLC |
| Buchalter, a Professional Corporation | 1201 N. Market Street |
| 18400 Von Karman Avenue, Suite 800 | Wilmington, DE 19801 |
| Irvine, CA 92612 | |

    Re:   *George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC et al. v. McKesson Corporation et al.*
           Adv. Proc. No. 24-50042 (KBO)

Dear Messrs. Garfinkle, Winick, and Powell:

    On behalf of plaintiff George Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC ("**Plaintiff**"), we write pursuant to Rule 37 of the Federal Rules of Civil Procedure (the "**Rules**"), as the same is made applicable to the above-referenced adversary proceeding by Rule 7037 of the Federal Rules of Bankruptcy Procedure, and pursuant to Rule 7026-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, to address deficiencies in, and to request a meeting with you as counsel for defendants McKesson Corporation ("**McKesson**"), McKesson Specialty Care Distribution LLC ("**MSCD**"), and McKesson Medical-Surgical, Inc. ("**MMS**" and together with McKesson and MSCD, "**Defendants**") regarding, the following:

- *Defendant McKesson Corporation's Response to Plaintiff's First Set of Interrogatories* (the "**McKesson Interrogatory Responses**");

- *Defendant McKesson Specialty Care Distribution, LLC's Response to Plaintiff's First Set of Interrogatories* (the "**MSCD Interrogatory Responses**");

- *Defendant McKesson Medical-Surgical, Inc.'s Response to Plaintiff's First Set of Interrogatories* (the "**MMS Interrogatory Responses**" and, together with the

Jeffrey K. Garfinkle, Esq.
Steven H. Winick, Esq.
Jason C. Powell, Esq.
August 20, 2024
Page 2

> McKesson Interrogatory Responses and the MSCD Interrogatory Responses, the "**Interrogatory Responses**");

- *Defendant McKesson Corporation's Response to Plaintiff's First Set of Requests for Production of Documents* (the "**McKesson Requests for Production Responses**");

- *Defendant McKesson Specialty Care Distribution, LLC's Response to Plaintiff's First Set of Requests for Production of Documents* (the "**MSCD Requests for Production Responses**"); and

- *Defendant McKesson Medical-Surgical, Inc.'s Response to Plaintiff's First Set of Requests for Production of Documents* (the "**MMS Requests for Production Responses**" and, together with the McKesson Requests for Production Responses and the MSCD Requests for Production Responses, the "**Requests for Production Responses**").

By way of background, on July 10, 2024, Plaintiff served upon Defendants the following:

- *Plaintiff's First Set of Interrogatories to Defendant McKesson Corporation* (the "**McKesson Interrogatories**");

- *Plaintiff's First Set of Interrogatories to Defendant McKesson Specialty Care Distribution LLC* (the "**MSCD Interrogatories**");

- *Plaintiff's First Set of Interrogatories to Defendant McKesson Medical-Surgical, Inc.* (the "**MMS Interrogatories**" and, together with the McKesson Interrogatories and the MSCD Interrogatories, the "**Interrogatories**")*;*

- *Plaintiff's First Set of Requests for Production to Defendant McKesson Corporation* (the "**McKesson Requests for Production**");

- *Plaintiff's First Set of Requests for Production to Defendant McKesson Specialty Care Distribution LLC* (the "**MSCD Requests for Production**"); and

- *Plaintiff's First Set of Requests for Productions to Defendant McKesson Medical-Surgical, Inc*. (the "**MMS Requests for Production**" and, together with the McKesson Requests for Production and the MSCD Request for Production, the "**Requests for Production**").

Jeffrey K. Garfinkle, Esq.
Steven H. Winick, Esq.
Jason C. Powell, Esq.
August 20, 2024
Page 3

Defendants' responses to the Interrogatories and the Requests for Production were due by Friday, August 9. On that day, you emailed us and requested a ten-day extension of the response date. Later that day, Defendants served the Interrogatory Responses and the Requests for Production Responses.

On Monday, August 12, we informed you by email that we were not able to connect with Plaintiff until over the weekend after you had conveyed your request, such that we were not in a position to respond to that request until after Defendants had already served the Interrogatory Responses and the Requests for Production Responses. We also informed you that Plaintiff had agreed to provide Defendants until August 19 to respond to the Interrogatories and the Requests for Production. Based upon our having reviewed the Interrogatory Responses and the Requests for Production Responses, we asked you to confirm that Defendants would supplement the same by that date and that the responses would be substantive. We also asked you to advise us as to when you anticipated Defendants would begin to produce documents.

Unfortunately, you did not respond to our August 12 email, and Defendants neither supplemented the Interrogatory Responses and the Requests for Production Responses as required by Rule 26(e)(1)(A), nor began their document production, by August 19. As a result, Defendants are in default of their discovery obligations, and Plaintiff is unable to conduct the depositions of Defendants' Rule 30(b)(6) designees on September 9, 10, and 11 as noticed. We therefore ask that you provide us with your availability during the remainder of this week and during the week of August 26 to meet and confer regarding the deficiencies in the Interrogatory Responses and the Requests for Production Responses, and regarding dates for which the depositions of Defendants' Rule 30(b)(6) designees can be rescheduled.

**The Deficiencies in the Interrogatory Responses**

<u>The McKesson Interrogatory Responses</u>: The McKesson Interrogatories consist of two prefatory interrogatories (Interrogatory Nos. 1-2) that ask McKesson to identify who provided information used in, or who participated in, preparing any of the McKesson Interrogatory Responses, as well as the documents or electronically stored information ("**ESI**") used or relied upon in preparing the McKesson Interrogatory Responses. The remainder of the McKesson Interrogatories (Interrogatory Nos. 3-18) seek information relevant to Plaintiff's claims and to Defendants' defenses thereto, and information likely to lead to the discovery of admissible evidence.

In the McKesson Interrogatory Responses, McKesson fails to respond substantively to every single one of the McKesson Interrogatories. Rather, McKesson asserts numerous boilerplate general and specific objections without regard to whether any of those objections actually applies—including but not limited to the remarkable objection that "the time specified for

Jeffrey K. Garfinkle, Esq.
Steven H. Winick, Esq.
Jason C. Powell, Esq.
August 20, 2024
Page 4

production is inadequate" despite the fact that the introductory language to the McKesson Interrogatories expressly refers to the thirty-day period for responding set forth in Rule 33(b)(2), along with the objection that certain of the McKesson Interrogatories seek "the factual or legal basis for McKesson's position in this case," which ignores the purpose of discovery as well as the permissible scope of an interrogatory under Rule 33(a)(2)—and states that "[s]ubject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do [*sic*] not unduly burden McKesson." Further, in response to most of the McKesson Interrogatories (Interrogatory Nos. 4, 6, and 8-18), McKesson states that it "has not completed its investigation," which is surprising to say the least given what we understood to be efforts that have been undertaken over the course of many months, including efforts that were undertaken prior to the initiation of this adversary proceeding, to respond to Plaintiff's demands for payment.

To address the foregoing deficiencies, and in response to McKesson's repeated statements regarding its being "agreeable to meet and confer with Plaintiff," we ask that you provide us with your availability during the remainder of this week and during the week of August 26 to meet and confer.

<u>The MSCD Interrogatory Responses and the MMS Interrogatory Responses</u>:  Similar to the McKesson Interrogatories, the MSCD Interrogatories and the MMS Interrogatories consist of two prefatory interrogatories (Interrogatory Nos. 1-2) that ask MSCD and MMS to identify who provided information used in, or who participated in, preparing any of the MSCD Interrogatory Responses and the MMS Interrogatory Responses, as well as the documents or ESI used or relied upon in preparing the MSCD Interrogatory Responses and the MMS Interrogatory Responses, with the remainder of the MSCD Interrogatories and the MMS Interrogatories (Interrogatory Nos. 3-18) seeking information relevant to Plaintiff's claims and to Defendants' defenses thereto, and information likely to lead to the discovery of admissible evidence.

The MSCD Interrogatory Responses and the MMS Interrogatory Responses are, with the exception of MSCD's and MMS's names being substituted for McKesson's where applicable, identical to the McKesson Interrogatory Responses, and are therefore deficient for the same reasons as are the McKesson Interrogatory Responses.  Rather than repeat the deficiencies, we refer you to the above discussion and request to meet and confer.

**The Deficiencies in the Requests for Production Responses**

<u>The McKesson Requests for Production Responses</u>:  The McKesson Requests for Production require McKesson to identify and produce documents and ESI in response to fourteen separate requests (Requests No. 1-14), each of which seeks documents and ESI relevant to

Jeffrey K. Garfinkle, Esq.
Steven H. Winick, Esq.
Jason C. Powell, Esq.
August 20, 2024
Page 5

Plaintiff's claims and to Defendants' defenses thereto, and documents and ESI likely to lead to the discovery of admissible evidence.

In the McKesson Requests for Production Responses, McKesson fails to respond substantively to every single one of the McKesson Requests for Production. As was the case with the McKesson Interrogatory Responses, McKesson asserts numerous boilerplate general and specific objections without regard to whether any of those objections actually applies—including once again the wholly improper objection that "the time specified for production is inadequate," this time despite the fact that the introductory language to the McKesson Requests for Production expressly refers to the thirty-day period for responding set forth in Rule 34(b)(2), and the objection in response to one of the McKesson Requests for Production (Request No. 8) that it seeks "the factual and legal basis for McKesson's position in this case"—and states once more that "[s]ubject to these objections, McKesson is agreeable to meet and confer with Plaintiff to discuss a narrowed request that is proportional to the needs of the case and that do [*sic*] not unduly burden McKesson." Further, in response to one of the McKesson Requests for Production (Request No. 8), McKesson states that it "has not completed its investigation," which is surprising for the reason noted above.

To address the foregoing deficiencies, and in response to McKesson's repeated statements regarding its being "agreeable to meet and confer with Plaintiff," we ask that you provide us with your availability during the remainder of this week and during the week of August 26 to meet and confer.

<u>The MSCD Requests for Production Responses and the MMS Requests for Production Responses</u>: The MSCD Requests for Production Responses and the MMS Requests for Production Responses are, with the exception of MSCD's and MMS's names being substituted for McKesson's where applicable, identical to the McKesson Requests for Production Responses, and are therefore deficient for the same reasons as are the McKesson Requests for Production Responses. Rather than repeat the deficiencies, we refer you to the above discussion and request to meet and confer.

If you decline our request to meet and confer, if Defendants refuse to supplement the Interrogatory Responses and the Requests for Production Responses fulsomely and appropriately, or if Defendants fail to begin producing the non-privileged documents and ESI in their possession, custody or control that are responsive to the Requests for Production, we will have no choice but to bring this matter to the attention of the Court. We reserve all of Plaintiff's rights and remedies under Rule 37 should that become necessary.

Jeffrey K. Garfinkle, Esq.
Steven H. Winick, Esq.
Jason C. Powell, Esq.
August 20, 2024
Page 6

Thank you for your time and attention to this matter.

Very truly yours,

/s/ Steven C. Reingold

Steven C. Reingold

cc: George Miller (via email)
Evan T. Miller, Esq. (via email)
Michelle G. Novick, Esq. (via email)
Paige N. Topper, Esq. (via email)