IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-11177 (KBO)<br><br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*<br><br>Plaintiff,<br><br>vs.<br><br>MCKESSON CORPORATION, MCKESSON SPECIALTY CARE DISTRIBUTION LLC, MCKESSON MEDICAL-SURGICAL, INC.<br><br>Defendants. | Adv. Proc. No. 24-50042 (KBO)<br><br>Related Adv. D.I. 19, 20, 28 |

**DECLARATION OF STEVEN WINICK IN SUPPORT OF MCKESSON'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

I, Steven Winick, declare as follows:

1. I am senior counsel at the Buchalter law firm and am legal counsel to defendants McKesson Corporation, McKesson Specialty Care Distribution LLC, and McKesson Medical-Surgical, Inc. (collectively, "McKesson"). I am competent to testify and have personal knowledge of the facts below.

2. McKesson considered the discovery requests by the Trustee to be grossly overbroad and unduly burdensome. McKesson objected to the requests and encouraged the Trustee to meet and confer. The parties did subsequently engage in a meet and confer process prior to the Trustee filing the motion. During the parties' meet and confer, I outlined the factual issues of the case (the

1

amount of outstanding invoices, the amount of inventory for recalled products, McKesson's costs to cover recalled products, McKesson's costs related to the recall, etc.). I had already provided summary calculations of each of these elements and proposed that McKesson would provide data to address the issues. I further explained that the data would generally come from McKesson's comprehensive database system.

3.  A significant dispute during the meet and confer was the Trustee's demand for communications. Not understanding the relevance of these requests but recognizing the significant burden of an electronic discovery search of communications from relevant custodians, I pressed the Trustee for the basis for their communications request. Counsel for the Trustee could not explain why communications was necessary. And, when I further pressed, counsel for the Trustee simply responded, "We need the communications because we don't know what we don't know."

4.  In an effort to reach a reasonable resolution, I proposed preparing a proposal of categories of information that we were willing to provide. A copy of that proposal is attached as Exhibit A.

5.  Counsel for the Trustee rejected that proposal and continued to demand broad discovery, including e-discovery of McKesson's communications.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED: October 17, 2024

*/s/ Steven Winick*

_____
Steven Winick

| | |
|---|---|
| **From:** | Winick, Steven H. |
| **To:** | Winick, Steven H. |
| **Subject:** | FW: George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC et al. v. McKesson Corporation et al., Adv. Proc. No. 24-50042 (KBO) |
| **Date:** | Thursday, October 17, 2024 2:07:44 PM |

**Steven H. Winick**
*Special Counsel*
San Francisco Office
**T** (415) 227-3573
**C** (650) 219-8413

**From:** Winick, Steven H.
**Sent:** Friday, September 13, 2024 4:39 PM
**To:** 'Reingold, Steven C.' <Steven.Reingold@saul.com>
**Cc:** Garfinkle, Jeffrey K. <jgarfinkle@Buchalter.com>; Jason Powell <JPowell@delawarefirm.com>; Miller, Evan T. <evan.miller@saul.com>; Novick, Michelle G. <Michelle.Novick@saul.com>; Topper, Paige <paige.topper@saul.com>
**Subject:** RE: George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC et al. v. McKesson Corporation et al., Adv. Proc. No. 24-50042 (KBO)

Dear Steven,

Further to our meet and confer, we are agreeable to producing the following within the next two weeks:

a. Documents that itemize at an invoice level the products McKesson purchased from Akorn that remain unpaid.

b. Documents that itemize McKesson's inventory of products that were subject to Akorn's recall.

c. Documents that itemize the products that customers returned to McKesson or which we credited to customers or third parties related to the recall.

d. Documents that detail our destruction costs.

e. Documents that detail our cover costs.

f. Documents that detail all other setoffs.

I previously provided to you summary numbers for these categories. Our document production will provide the support for these categories. Categories a-c will come from McKesson's SAP system. It will be large files of data that detail the referenced subjects.

In addition, we will identify a person responsible from McKesson who can speak to each of the subject areas listed above.

This production is without prejudice to the Trustee seeking additional documents following the production. We believe this will provide the Trustee with sufficient information to cross-check our calculations.

Please let me know if you would like to discuss this, or you have any comments or questions.

Thanks,

Steve Winick