# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MCKESSON CORPORATION, MCKESSON SPECIALTY CARE DISTRIBUTION LLC, MCKESSON MEDICAL-SURGICAL, INC.,<br><br>Defendants. | Adv. Proc. No. 24-50042 (KBO) |

**DECLARATION OF STEVEN C. REINGOLD IN SUPPORT OF
REPLY IN SUPPORT OF PLAINTIFF'S OF MOTION FOR ENTRY OF AN ORDER (I)
COMPELLING DEFENDANTS TO RESPOND TO INTERROGATORIES AND TO
PRODUCE DOCUMENTS, AND (II) GRANTING RELATED RELIEF**

I, Steven C. Reingold, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner at the law firm of Saul Ewing LLP, special counsel for George Miller, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "**Debtors**"). I respectfully submit this declaration in support of *Reply in Support of Plaintiff's Motion*

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

*for Entry of an Order (I) Compelling Defendants to Respond to Interrogatories and to Produce Documents, and (II) Granting Related Relief* (the "**Reply**"),[2] pursuant to which the Trustee seeks the entry of an order (a) compelling Defendants to respond substantively to the interrogatories that the Trustee propounded upon each of Defendants pursuant to Rule 33, (b) compelling Defendants to produce documents (including electronically stored information) in response to the requests for production that the Trustee propounded upon each of Defendants pursuant to Rule 34, and (c) requiring Defendants to pay the Trustee's reasonable attorneys' fees and costs incurred in making the Motion.

2. At the end of a drawn-out meet-and-confer process, it was agreed that Defendants would advise the Trustee of those documents that Defendants could readily produce that pertain to the amounts the Trustee contends are due and owing in respect of the invoices sent to Defendants, and those documents that Defendants could readily produce that pertain to the amounts that Defendants contend relate to their right of setoff arising from the recall of certain products, all being subject to the Trustee's right to seek additional documents. The Trustee also requested that Defendants produce Defendants' internal communications that relate to the amounts owed and to the setoff amounts; to that end, the Trustee asked Defendants to provide a list of custodians who do or may have such communications, along with a list of proposed search terms to be applied to their communications, so as to limit the number of documents to be produced. Given the passage of time, the Trustee asked Defendants to respond with their proposal during the early part of the week of September 9, 2024.

3. On Friday, September 13, 2024, Defendants provided their proposal as to what documents they would be willing to produce in response to the Interrogatories and the Requests

---

[2] All capitalized defined terms have the same meaning as in the Reply.

for Production; they also indicated that they would identify for a deposition an individual who can speak to the subject matter of those documents.  Defendants have not, however, supplemented any of the Interrogatory Responses or any of the Requests for Production Responses, nor have they produced a single document to the Trustee.

       4.      On Monday, September 16, 2024, the Trustee asked that Defendants provide the additional information that the Trustee requested so that Defendants' internal communications can be produced, which was the last email in the exchange as Defendants did not reply.  Attached hereto as **Exhibit A** is a copy of this email exchange, ending with my September 16, 2024 email to Defendants.

       5.      To date, Defendants have failed to respond, in writing or orally, to the Trustee's September 16, 2024 email.

       6.      To date, Defendants have failed to produce any of the documents they agreed to produce in their September 13, 2024 email.

       7.      To date, Defendants have never provided the Trustee with a list of custodians or a list of proposed search terms.

Dated: October 24, 2024                      */s/ Steven C. Reingold*
                                                 Steven C. Reingold